UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT G. HILL III, individually as a Beneficiary of the Margaret Hunt Trust Estate, derivatively on behalf of the Margaret Hunt Trust Estate, individually as a beneficiary of the Haroldson Lafayette Hunt, Jr. Trust Estate, and derivatively on behalf of the Haroldson  Lafayette Hunt, Jr. Trust Estate, | § § § § § § § § § | |
| | § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 07-CV-02020-O |
| TOM HUNT, *et al.*, | § § | |
| Defendants. | § § | |

**MARGARET TRUST DEFENDANTS' BRIEF IN SUPPORT OF THEIR
RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

David J. Beck
Murray Fogler
BECK, REDDEN & SECREST, LLP
One Houston Center
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone:  713-951-3700
Telecopier:  713-951-3720

George W. Bramblett, Jr.
Carrie L. Huff
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: 214-651-5000
Telecopier: 214-651-5940

Attorneys For Defendants Brett Ringle, as Trustee
of the Margaret Hunt Trust Estate, John W. Creecy,
as Trustee of the Haroldson L. Hunt, Jr. Trust
Estate, and William L. Schilling, Individually and
as a Member of the Advisory Boards of the
Margaret Hunt Trust Estate and the Haroldson L.
Hunt, Jr. Trust Estate, and Nominal Defendants
Margaret Hunt Trust Estate and Haroldson L. Hunt,
Jr. Trust Estate

# TABLE OF CONTENTS

I.    INTRODUCTION AND SUMMARY OF ARGUMENTS ................................................ 1

II.   BACKGROUND FACTS ............................................................................................ 3

  A.    The Claims Upon Which Hill III Seeks Summary Judgment Are
        at Issue in the Previously-Filed Probate Court Suit. ................................................ 3

  B.    Hill III Has Been Provided Substantial Accounting and Other
        Financial Information Relating to the Margaret Trust. .............................................. 5

  C.    Hill III Has Not Asserted Any Individual Claims Against Ringle. ........................ 7

III.  ARGUMENTS AND AUTHORITIES .......................................................................... 7

  A.    The Court Should Dismiss or Abstain from this Case. ............................................ 7

    1.    The Probate Court has exclusive jurisdiction. ............................................ 7

    2.    Hill III lacks standing to raise his claims. .................................................... 9

    3.    The Court should abstain under the circumstances of this case ................ 10

  B.    Hill III Is Not Entitled to Summary Judgment on His Claim
        for an Accounting. .................................................................................................... 11

    1.    Summary judgment standards. ..................................................................... 12

    2.    The terms of the Margaret Trust Instrument foreclose Hill III's
          claim (if the disclaimer is invalid). ............................................................ 12

    3.    Hill III (if the disclaimer is invalid) has failed to prove that he
          is entitled to the findings necessary for a Court-ordered accounting ....... 13

      a.    Hill III lacks an interest in the Margaret Trust sufficient to
            entitle him to an accounting. ........................................................... 14

      b.    Hill III's claims against the Trustee do not give him a
            sufficient interest in the Trust to compel an accounting. .............. 15

    4.    The record reflects that substantial accounting and other financial
          information has already been provided to Hill III, precluding
          entry of summary judgment. ........................................................................ 16

C.      Alternatively, the Court Should Place Reasonable Limitations
        On Any Further Accounting That It Orders..........................................................17

D.      Ringle Should Not Be Required To Pay For Any Ordered Accounting..............18

E.      The Court Should Strike the Morrison Declaration and
        Portions of the Hill Declaration. ..........................................................................19

IV.     CONCLUSION...........................................................................................................20

# TABLE OF AUTHORITIES

Cases                                                                                                    Page

*Alpert v. Riley*, Civ. Action No. H-04-CV-3774,
Memorandum Opinion and Order Staying Case (S.D. Tex. Sept. 9, 2005) ................................ 10

*Alpert v. Riley*, Civ. Action No. H-04-CV-3774,
2008 WL 304742 (S.D. Tex. Jan. 31, 2008) ............................................................................ 10

*Beaty v. Bales*,
677 S.W.2d 750 (Tex. App.-San Antonio 1984, writ ref'd n.r.e.)................................................ 18

*Cote v. Bank One, Texas, N.A.*, No. 4:03-CV-296-A,
2003 WL 23194260 (N.D. Tex. Aug. 1, 2003)........................................................................... 10

*Cassity v. Pitts*,
995 F.2d 1009 (10th Cir. 1993) ................................................................................................. 10

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986).................................................................................................................... 12

*Cobell v. Norton*,
428 F.3d 1070 (D.C. Cir. 2005) ................................................................................................. 18

*In re Cochonour*, No. 06-60031,
2008 WL 2345104 (Bankr. S.D. Ill. June 5, 2008).................................................................... 9

*Coury v. Moss*,
529 F.3d 579 (5th Cir. 2008) ..................................................................................................... 12

*Davis v. Davis*,
734 S.W.2d 707 (Tex. App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.)................................... 10

*Galindo v. Precision Am. Corp.*,
754 F.2d 1212 (5th Cir. 1985) ................................................................................................... 19

*Gates v. Tex. Dep't of Protective & Regulatory Servs.*,
537 F.3d 404 (5th Cir. 2008) ..................................................................................................... 12

*Interfirst Bank-Houston, N.A. v. Quintana Petrol. Corp.*,
699 S.W.2d 864 (Tex. App.-Houston [1st Dist.] 1985, writ ref'd n.r.e.) ....................................... 8

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936).............................................................................................................. 10-11

*Lefkowitz v. Bank of New York*,
528 F.3d 102 (2d Cir. 2007)........................................................................... 9

*PPG Indus., Inc. v. Cont'l Oil Co.*,
478 F.2d 674 (5th Cir. 1973) .......................................................................... 8

*Princess Lida of Thurn & Taxis v. Thompson*,
305 U.S. 456 (1939)........................................................................................ 8

*Rice v. Rice Found.*,
610 F.2d 471 (7th Cir. 1979) ........................................................................ 11

*Selseth v. Darwit*,
536 F. Supp. 2d 883 (N.D. Ill. 2008) .............................................................. 9

*United States v. Molina-Gazca*,
571 F.3d 470 (5th Cir. 2009) ........................................................................ 15

*Whitmore v. Arkansas*,
495 U.S. 149 (1990)...................................................................................... 10

<u>Rules</u>

Fed. R. Civ. P. 56(c) ..................................................................................... 12

<u>Statutes</u>

Tex. Prob. Code § 2(e) .................................................................................... 8

Tex. Prop. Code § 111.004(7)........................................................................ 16

Tex. Prop. Code § 111.006 ............................................................................ 13

Tex. Prop. Code § 111.0035(b)...................................................................... 12

Tex. Prop. Code § 111.0035(b)(4) ................................................................. 12

Tex. Prop. Code § 111.0035(c)...................................................................... 12

Tex. Prop. Code § 113.151 ...................................................................... 15, 18

Tex. Prop. Code § 113.151(a) ....................................................................... 13

Tex. Prop. Code § 113.151(b)................................................................... 15, 16

The Margaret Trust Defendants[1] file this Brief in Support of Their Response to the Plaintiff's Motion for Partial Summary Judgment of Plaintiff Albert G. Hill III ("Hill III") [Dkt. #286].[2]

## I.    INTRODUCTION AND SUMMARY OF ARGUMENTS

Before the Court should consider the merits of Hill III's Motion for Partial Summary Judgment, it should consider two fundamental questions: Why now, and why this Court?

The timing of Hill III's Motion is curious.

The new Trustee Defendants have not even answered the suit, having filed a Motion to Dismiss for lack of jurisdiction which remains pending. Does Hill III believe he is entitled to leapfrog that motion in order to gain consideration of his substantive claims before the Court rules on whether the case should even be brought here? He puts the cart before the proverbial horse.

The Trust Defendants request that the Court rule on their Motion to Dismiss first. Not only was it filed first, it is fully briefed and ripe for determination. Granting the Motion to Dismiss moots Hill III's Motion for Partial Summary Judgment. If the Court denies the Motion to Dismiss, it can then determine if it should grant any relief to Hill III.

The issues belong in the Probate Court.

Hill III's Motion seeks a declaration that he is a beneficiary of the Margaret Trust. This very issue is the subject of a prior case pending in the Probate Court. With all respect for this

---

[1]    The Margaret Trust Defendants are Brett Ringle, Trustee of the Margaret Hunt Trust Estate ("Margaret Trust") (the "Trust" and "Trustee"), William L. Schilling, an Advisory Board member of the Margaret Trust, and the Margaret Trust, a nominal Defendant. For medical reasons and due to a recent surgery, Brett Ringle resigned as Trustee of the Margaret Trust effective July 1, 2009, but he remains a member of the Trust's Advisory Board. Margaret Keliher, a current Advisory Board member, has assumed the Trustee position of the Margaret Trust at this time.

[2]    Plaintiff's Motion for Partial Summary Judgment [Dkt. #286] is referred to herein as the "Motion." Citations to Plaintiff's Brief in Support of the Motion [Dkt. #287] are in the form "Pl. Br. ___" and citations to Plaintiff's accompanying Appendix [Dkt. #286-2, 286-3, & 286-4] are in the form "Pl. App. ___."

Court, jurisdiction over this issue attached in the Probate Court to the exclusion of all other courts.  The Motion to Dismiss makes this point.

A recent ruling by the Probate Court sheds further light on the timing of Hill III's Motion.  The Probate Court granted summary judgment against Hill III on whether he is a beneficiary of the Hassie Trust.  If the disclaimer by Albert Hill, Jr. ("Hill Jr.") is invalid, the Probate Court's ruling would have the same application to the Margaret Trust.  Unhappy with the result he has received from the Probate Court, Hill III has run to this Court hoping for a contrary outcome.  To rule on Hill III's Motion would condone forum shopping of the basest kind.

The Margaret Trust Defendants take no position on the merits of Hill III's claim. Whether Hill Jr.'s disclaimer is valid or not is a matter between Hill Jr. and his son, Hill III.  The Trust Defendants' concern focuses exclusively on jurisdiction, as detailed in their Motion to Dismiss.

Hill III's second request for summary relief—for an accounting—suffers from the same problems.  First, it, too, is premature.  Until the Probate Court determines whether Hill III is a beneficiary of the Margaret Trust, no court should be deciding whether he is entitled to an accounting.  Second, once Hill III's status vis-à-vis the Margaret Trust is determined, the Probate Court is in the best position to determine the need for, and set the scope of, any accounting. Once again, this Court should defer to the Probate Court.

While the Margaret Trust Defendants are not taking a position as to whether Hill III is a beneficiary, there are several other points to consider as to his claim for an accounting.  First, Hill III's claim requires the Court to find that he has an interest in the Margaret Trust sufficient to entitle him to an accounting (even if the disclaimer is invalid) — a finding that is not warranted in this case, particularly in light of the Probate Court's recent ruling in the Hassie

Trust case.  Second, Hill III's Motion inaccurately sets out the record regarding Hill III's access

to information about the Margaret Trust.  In fact, he has been provided substantial information,

both before this suit was filed and after.  Third, Hill III's Motion seeks to impose the cost of an

accounting on Brett Ringle.  No pleading supports such relief.  More importantly, however, the

terms of the Trust do not permit a beneficiary to impose such a cost directly on the Trustee.

The Margaret Trust Defendants ask the Court to defer ruling on Hill III's Motion until the

pending Motion to Dismiss has been decided.  Alternatively, Hill III's Motion should be denied.

## II.    BACKGROUND FACTS

### A.    The Claims Upon Which Hill III Seeks Summary Judgment Are at Issue in the Previously-Filed Probate Court Suit.

Hill III is the son of Defendant Hill Jr.[3]  Hill Jr. is a current beneficiary of the Margaret

Trust, having received a share of Margaret's interest in the Trust after she died in 2007.[4]  In

2005, Hill Jr. purported to disclaim part of his interests in the Margaret Trust, but he later

purported to rescind the disclaimer in October 2007.[5]

The former Trustee (Tom Hunt), confronted with the competing claims of both Hill Jr.

and Hill III as to beneficiary interests under the Margaret Trust, promptly interpleaded the

dispute with the Probate Court No. 2 of Dallas County, Texas (the "Probate Court") in an action

filed in October 2007 (before this suit was filed by Hill III in November 2007).  The Trustee also

asked the Probate Court for instructions as to what information, if any, needed to be provided to

Hill III.[6]

---

[3]    Pl. App. 1.

[4]    Pl. App. 2.

[5]    Pl. App. 2, 11.

[6]    *See* Trustee's Orig. Answ., Req. for Instrs. and Cross-Claims filed in Margaret Trust Probate Court suit; First Amended pleading thereto; and Second Amended pleading thereto submitted in the accompanying Appendix of Non-Confidential Exhibits ("App.") at Ex. B at 8 (App. 11); Ex. C at 9 (App. 22); and Ex. E at 12-13 (App. 45-46), respectively.  *See also* Hill III's own claim for declaratory judgment in the Probate Court regarding the disclaimer

During the pendency of the Probate Court suit, distributions have been made from the Margaret Trust, and the Trustee has interpleaded the disputed portion of those distributions. The Probate Court recognized that the "funds interpleaded by the Trustee . . . are subject to dispute in this action between rival claimants to certain of the beneficial interests of the [Margaret Trust]."[7] Currently, the Probate Court has accepted jurisdiction over two such disputed distributions—the first, made in December 2008, is in the registry of the Probate Court, and the second, made in April 2009, is to be placed in an escrow account pursuant to the Probate Court's order.[8]

On June 30, 2009, the Probate Court also entered an "Order Sustaining Motion for Division of Trust."[9] The Probate Court held that, by operation of law, the assets and liabilities of the Margaret Trust were divided into separate shares of a single trust upon the death of Margaret.[10] At no point did the beneficiaries become common beneficiaries of the entire Margaret Trust, and "the interests and powers of a beneficiary with respect to his or her share extended and continues to extend only to that beneficiary's respective share and not to any share held for any other beneficiary."[11] The Probate Court specified that the disputed share of Hill Jr. is "subject to a later determination of whether the . . . disclaimers are valid."[12]

The dispute regarding the validity of the disclaimer is before the Probate Court. Discovery is proceeding in the Probate Court, including the upcoming deposition of Lyda Hill

---

issue, Ex. F at 6 (App. 62).

[7]    *See* Order dated Jan. 7, 2009 entered in the Margaret Trust Probate Court suit at Ex. D (App. 30-33).

[8]    *See* Order dated Jan. 7, 2009 and Order dated May 12, 2009 entered in the Margaret Trust Probate Court suit at Ex. D (App. 30-33) and Ex. H (App. 75-76), respectively.

[9]    *See* Order dated June 30, 2009 entered in the Margaret Trust Probate Court suit sustaining Trustee's Motion for Division of Trust at Ex. I (App. 77-82).

[10]    *Id*. at 2 (App. 78).

[11]    *Id*. at 4 (App. 80). In addition, the Probate Court ordered that, upon the Trustee's receipt of a favorable letter ruling from the IRS or thirty days after notification of division from the Trustee, the Margaret Trust will divide into separate individual trusts rather than individual shares of a single trust. *Id*.

[12]    *Id*.

scheduled for September 25, 2009.[13]  It is also ironic that Hill III's own responses to requests for disclosure in the Probate Court list a host of witnesses with alleged knowledge regarding the disclaimer dispute[14] — in contrast to the position in his Motion that there are no fact questions and he is entitled to judgment as a matter of law.

**B.    Hill III Has Been Provided Substantial Accounting and Other Financial Information Relating to the Margaret Trust.**

As to his claim for an accounting, Hill III repeats that he has been "stonewalled" from receiving Trust information.  But Hill III does not acknowledge the substantial information relating to the Margaret Trust that he received long before discovery recently commenced in this suit.  Hill III requested an accounting under the Texas Trust Code for the Margaret Trust in the summer of 2007—before his status as a beneficiary of the Margaret Trust was placed in dispute (that is, before his father purported to rescind his disclaimer of interests in the Margaret Trust in October 2007).  Tom Hunt, as the former Trustee of the Margaret Trust, provided Hill III and/or his counsel with substantial financial information regarding the Margaret Trust, including:

(1)    audited financial statements for the periods ending December 31, 2006 and 2005;

(2)     unaudited tax basis financial statements for the period ending June 30, 2007;

(3)    the general ledger which showed day-to-day transactions;

(4)    an oil and gas reserve report dated January 1, 2007 which showed a listing of oil and gas leases held by the Margaret Trust;

(5)    the cash balance of funds as of July 3, 2007;

(6)    check register report for the period from January 1, 2006 to December 31, 2006;

(7)    information regarding taxes payable as of December 31, 2006;

(8)    a deposit listing for the period from January 1, 2006 to December 31, 2006;

---

[13]    *See* Hill III's notice to take deposition of Lyda Hill at Ex. L (App. 120-122).

[14]    *See* Ex. J at App. 83-100; Ex. K at App. 101-119.

(9)    a detailed accounts payable trial balance for the period from January 1, 2006 to December 31, 2006;

(10)   a detailed accounts receivable trial balance for the period from January 1, 2006 to December 31, 2006;

(11)   a trial balance as of May 31, 2007;

(12)   a listing of stock investments; and

(13)   a weekly stock report.[15]

As set forth in the pending Motion to Dismiss, when Hill III's father purported to rescind his disclaimer of interests in October 2007, Tom Hunt promptly sought instructions from the Probate Court to ascertain the beneficiaries of the Margaret Trust and to determine what additional information, if any, needed to be provided to Hill III.[16]

Contrary to Hill III's inaccurate and incomplete assertions, the record shows that Hill III also has received substantial information regarding the Margaret Trust through discovery in this litigation. The Trust information produced to Hill III is too voluminous to separately list or file with this Response. However, by way of example, the Trustee has produced financial statements of the Trust for 2004 through 2008, audited by the Trust's independent accounting firm, KPMG.[17] These audited financial statements consist of balance sheets and related statements of operations (income, costs and expenses), trust equity and cash flows.[18] In addition, the Trustee has produced the annual statement of earnings available for distribution audited by KPMG

---

[15]    Ex. P at App. 146-173.

[16]    *See* Trust Defendants' Mtn. to Dismiss [Dkt. #211] at 4-6; *see also* Trust Defendants' Opp. to Plaintiff's App. for TRO [Dkt. #203] at 6-7, 9-10 and Trust Defendants' Sur-Reply to Plaintiff's App. for TRO [Dkt. #229] at 2-3 (discussing appropriateness of interpleader action in Probate Court to resolve beneficiary dispute).

[17]    Hill III agreed to limit document production in this suit starting from January 1, 2005, unless specifically stated otherwise. [Dkt. #263 at 10].

[18]    Copies of the Margaret Trust's audited financial statements for years-ended 2004 to 2008 are included in the accompanying Confidential Appendix of Exhibits ("Conf. App.") filed herewith. Exs. V-Y at Conf. App. 212-255.

pursuant to Article IV, Section 4 of the Trust Instrument.[19]  Moreover, KPMG has produced its

own files relating to audits of financial statements of the Margaret Trust.[20]

## C.    Hill III Has Not Asserted Any Individual Claims Against Ringle.

On April 8, 2009, Defendant Ringle was substituted in this case for Tom Hunt (who had

passed away) in his capacity as Trustee of the Margaret Trust.  [Dkt. #181.]  Thus, as Hill III's

counsel has acknowledged, any claims for damages asserted in the Original Petition are not

asserted against Ringle, the substituted Trustee.[21]  Moreover, despite his avowed intention to file

an amended complaint by June 22, 2009 [Dkt. #231 at 4], Hill III still has not filed an amended

complaint, and has asked the Court to extend the Court-ordered deadline for amended pleadings.

[Dkt. # 251]  Thus, the only claims currently pending against Defendant Ringle in this litigation

are claims that were filed against Hunt solely in his capacity as Trustee of the Margaret Trust.

Although Hill III has filed no individual claims against Hill III, his Motion improperly seeks to

hold Ringle individually liable for the cost of an accounting.[22]

## III.    ARGUMENTS AND AUTHORITIES

## A.    The Court Should Dismiss or Abstain from this Case.

### 1.    The Probate Court has exclusive jurisdiction.

The Trustee has previously filed a Motion to Dismiss this case for lack of jurisdiction

and, alternatively, to abstain ("Motion to Dismiss").  [Dkt. #211.]  The basis for this Motion to

Dismiss is the Texas Probate Court's previously-acquired jurisdiction over the administration of

and *res* of the Margaret Trust, including the interpleaded funds.  Several distinct and independent

doctrines call for dismissal, as outlined in the Motion to Dismiss.    The Margaret Trust

---

[19]    *See* Exs. Z-CC at Conf. App. 256-267.

[20]    *See* transmittal letters from KPMG's counsel to Hill III's counsel at Ex. Q at App. 174-176.

[21]    *See* excerpts of transcript of hearing on March 26, 2009, at Ex. O at 31 (App. 145).

[22]    *See* Pl. Br. 17.

Defendants incorporate the prior Motion to Dismiss by reference but, in the interests of expediency, briefly reiterate the doctrines requiring dismissal or abstention in this case.

First, the Probate Court has already assumed *in rem* jurisdiction over the interpleaded funds and over the Margaret Trust. *See Interfirst Bank-Houston, N.A. v. Quintana Petrol. Corp.*, 699 S.W.2d 864, 878 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (proceedings regarding the administration of a trust are *quasi in rem*); Tex. Prob. Code § 2(e) (all actions pertaining to the administration of a decedent's estate are considered a single, *in rem* proceeding for purposes of jurisdiction). The Probate Court's previously-acquired *in rem* and *quasi in rem* jurisdiction forecloses any other court from exercising jurisdiction over the same property. *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) (reaffirming "the principle applicable to both federal and state courts that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other"); *PPG Indus., Inc. v. Cont'l Oil Co.*, 478 F.2d 674, 677 (5th Cir. 1973) (noting that the rule in *Princess Lida* is a "virtually mechanical in rem rule"). In *Princess Lida*, trustees of a trust (in which Lida and her sons were beneficiaries) brought an accounting action in Pennsylvania state court. Thereafter, Lida and a son filed suit in district court alleging that the trustees had mismanaged trust funds and seeking a removal of the trustees and a restoration of corpus. 305 U.S. at 458-60. The Supreme Court held that the earlier accounting action was *quasi in rem* and that the district court could not proceed. *Id.* at 465-68. The *Princess Lida* rule is applicable here, and Hill III's Motion should be denied.

Second, the probate exception bars this Court's exercise of jurisdiction over this matter. First, the only federal claim at issue—Hill III's Civil RICO claim—is barred under the probate exception. The Probate Court has not issued a final decree of distribution or discharged the

personal representatives.  Hill III has alleged that the ongoing administration of the Margaret Estate and the Hassie Estate operates as a RICO enterprise.  By implicating the administration of the Estates—an issue within the Probate Court's jurisdiction in determining whether to discharge the personal representatives and under what conditions—Hill III has placed this case squarely within the probate exception.  *Selseth v. Darwit*, 536 F. Supp. 2d 883, 887 (N.D. Ill. 2008) (holding that the probate exception applied to foreclose federal court's jurisdiction where estate was alleged to be a RICO "enterprise"); *see also Lefkowitz v. Bank of New York*, 528 F.3d 102, 107 (2d Cir. 2007) (a plaintiff may not "mask in claims for federal relief . . . complaints about the maladministration" of an estate subject to probate proceedings).[23]  Moreover, the very focus of Hill III's Motion—the Margaret Trust disclaimer issue—is currently before the Probate Court in Cause Number 07-2210-P2-A, *In re: Margaret Hunt Trust Estate*.  This, too, places this case within the probate exception to federal jurisdiction.  *In re Cochonour*, No. 06-60031, 2008 WL 2345104, at *1 (Bankr. S.D. Ill. June 5, 2008) (holding that probate exception precluded court from reaching question of disclaimer validity where issue was already pending in probate court).

### 2.    Hill III lacks standing to raise his claims.

To the extent Hill III is arguing that he is entitled to an accounting even if the disclaimer is invalid, he lacks standing to seek such an accounting (or to complain about any injury to any of the shares of the Margaret Trust).  If the disclaimer is invalid, Hill III stands no real chance of holding a beneficial interest in any share of the Margaret Trust.  Hill III's "common disaster scenarios"[24] —under which he argues that he *might* one day hold an interest in the Trust shares *if* the current beneficiary dies before the Trust terminates *and* that beneficiary does not exercise his

---

[23]    Given the significant state-law issues in this case and the concurrent state-court proceedings, the exercise of the Court's supplemental jurisdiction over the state-law issues is unwarranted once the RICO claim is dismissed.

[24]    Pl. Br. 15.

**TRUSTEE DEFENDANTS' BRIEF IN SUPPORT OF THEIR
RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**          **Page 9**

power of appointment to transfer the interest to someone other than Hill III *and* Hill III is entitled to inherit the beneficiary's interest under intestacy laws—do not provide the type of concrete injury sufficient to support standing. *Cote v. Bank One, Texas, N.A.*, No. 4:03-CV-296-A, 2003 WL 23194260, at *4 (N.D. Tex. Aug. 1, 2003) (dismissing, for lack of standing, claims related to a trust where claims were raised by party who stood to inherit trust interest under primary beneficiary's will); *Davis v. Davis*, 734 S.W.2d 707, 709-10 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (holding that plaintiff lacked standing to sue to protect trust interest that he would have inherited if his child had died intestate); *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (noting that a hypothetical, conjectural, or speculative injury is insufficient to confer standing).[25] *See also infra* at §III.3.a.

### 3. The Court should abstain under the circumstances of this case.

Even if the Court had jurisdiction over this case, and even if Hill III had standing to seek the requested accounting, the Court should abstain from exercising jurisdiction over this case, at least until the pending Probate Court proceedings are resolved. The Court has discretion to stay this case—or even dismiss it—in the interest of judicial economy, efficiency of administration, and comity to the Probate Court. *See Alpert v. Riley*, Civ. Action No. H-04-CV-3774, Memorandum and Order Staying Case, at 5 (S.D. Tex. Sept. 9, 2005) (Rosenthal, J.) (attached at App. 177 - 187), *and*, 2008 WL 304742, at *1 (S.D. Tex. Jan. 31, 2008) (federal suit stayed during period many of the same issues were litigated in Texas probate case); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (noting district court's inherent power "to control the disposition

---

[25]    The Tenth Circuit's decision in *Cassity v. Pitts*, 995 F.2d 1009 (10th Cir. 1993) is directly on point. There, the court affirmed the district court's dismissal of claims for fraud and RICO violations where the claims "would require the trial court to construe the trust and define the duties, obligations and responsibilities of Trustees." *Id.* at 1012. The court rejected the beneficiaries' attempts to characterize the federal lawsuit as *in personam*, noting that the trust agreement and a related settlement agreement "are the benchmarks by which the conduct of Trustees must be measured." *Id.* Thus, the court determined that, because the state court had jurisdiction over the trust in a *quasi in rem* proceeding, the district court did not. *Id.*

of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

Moreover, "[d]iscretionary abstention in probate-related matters is suggested not only by the strong state interest in such matters generally but also by special circumstances in particular cases. Where the state courts are already familiar with the litigation before the district court and the federal suit is intertwined with state court proceedings, the district court may properly decline to exercise its jurisdiction." *Rice v. Rice Found.*, 610 F.2d 471, 477-78 (7th Cir. 1979). And, as explained in the pending Motion to Dismiss, abstention is also warranted under the *Colorado River* abstention doctrine, because the Probate Court has already assumed jurisdiction over the res, abstention would avoid piecemeal litigation, the Probate Court acquired jurisdiction first, federal law provides no rules of decisions on the merits of the claims at issue in this Motion (and only a single claim—one subject to dismissal—involves federal law at all), and the Probate Court proceedings are adequate to protect Hill III's rights.

**B.    Hill III Is Not Entitled to Summary Judgment on His Claim for an Accounting.**

If the Court reaches the merits of Hill III's motion for summary judgment on his claim for an accounting, the Court should deny the Motion.[26] Hill III argues that he is entitled to an accounting, even without the disclaimer, because he claims some remote, if-everyone-but-him-dies chance of inheriting an interest in shares of the Margaret Trust. Such a speculative, remote possibility of an interest is insufficient to entitle Hill III to an accounting, for several reasons. First, the settlors of the Trust expressed their intent in the Trust Instrument to prohibit claims against the Trustee, and Texas law recognizes such an exclusion for persons in Hill III's position

---

[26]    The Trustee does not take a position on the validity or invalidity of the disputed disclaimer. The Trustee has already interpleaded the disputed interest (including the disputed distributions) in the Probate Court, and has asked the Probate Court for a declaration establishing who the beneficiaries of the Trust are in light of the purported disclaimer and the purported rescission. *See* Trustee's pleadings filed in Probate Court at Ex. B at 8 (App. 11), Ex. C at 9 (App. 22) and Ex. E at 12-13 (App. 45-46).

(without the disclaimer). Second, even if the Trust terms did not eliminate Hill III's claim, his alleged interest is insufficient under Texas law to require an accounting. Finally, the record reflects that substantial accounting information already has been provided to Hill III which, at a minimum, creates a genuine issue of material fact as to whether additional accounting information must be provided. Thus, Hill III's Motion should be denied.

### 1.    Summary judgment standards.

Summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists when a reasonable jury could return a verdict for the non-moving party. *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 417 (5th Cir. 2008). In reviewing the Motion, the Court views the facts in the light most favorable to the Margaret Trust Defendants and draws all reasonable inferences in their favor. *Coury v. Moss*, 529 F.3d 579, 584 (5th Cir. 2008).

### 2.    The terms of the Margaret Trust Instrument foreclose Hill III's claim (if the disclaimer is invalid).

Under Texas Property Code § 111.0035(b), "[t]he terms of a trust prevail over any provision" of Texas trust law, with limited exceptions. One such exception is that the trust may not limit the trustee's duty to respond to a demand for accounting under § 113.151 "*if the demand is from a beneficiary who, at the time of the demand (i) is entitled or permitted to receive distributions from the trust; or (ii) would receive a distribution from the trust if the trust terminated at the time of the demand*." Tex. Prop. Code § 111.0035(b)(4) (emphasis added); *see also* Tex. Prop. Code § 111.0035(c). Hill III does not argue—nor could he—that he fits within

either of these two categories of beneficiaries (without the disclaimer).[27]   The settlors' intent is clearly expressed in the Margaret Trust Instrument: "[N]o beneficiary shall ever be entitled to . . . maintain suits, in courts of law or equity, against said estate, its Trustees, or its property, or business operations of any kind . . . ."[28]   Because the terms of the Margaret Trust Instrument expressly prohibit Hill III's suit, and because Hill III (without the disclaimer) is undisputedly not within one of the two classes who could be entitled to an accounting irrespective of the Trust's terms,[29] Plaintiff's claim for an accounting fails.

### 3. Hill III (if the disclaimer is invalid) has failed to prove that he is entitled to the findings necessary for a Court-ordered accounting.

Even if the terms of the Trust did not bar Hill III's claim, he nevertheless would not be entitled to an accounting under Texas law because he does not hold a sufficient interest in the Margaret Trust (setting aside the disclaimer issue).  The Texas law upon which Hill III relies permits a Court to order an accounting "on finding that the nature of the beneficiary's interest in the trust or the effect of the administration of the trust on the beneficiary's interest is sufficient to require an accounting by the trustee."  Tex. Prop. Code § 113.151(a).  In this case, such a finding is unwarranted.

---

[27]    Again, the Trustee is not taking a position as to the validity of the disputed disclaimer, but is responding to Plaintiff's argument that, even without the disclaimer, he is entitled to an accounting.

[28]    Pl. App. 27.  In addition, the Trust Instrument specifies that "[t]he death . . . of the Beneficiary hereunder . . . shall not . . . entitle her heirs or assigns or representatives to take any action in the Courts of law or equity against the Estate, its Trustees or property."  Pl. App. 26.

[29]    Application of accounting requirements that did not exist at the time of the creation of the Trust could conceivably pose a retroactivity problem, but this question need not be resolved for present purposes, because Plaintiff's claim for an accounting fails even under the law upon which he relies.  *See* Tex. Prop. Code § 111.006 (subtitle applies to trusts created on or after January 1, 1984, and to transactions occurring on or after January 1, 1984 for trusts created before that date).

### a.    Hill III lacks an interest in the Margaret Trust sufficient to entitle him to an accounting.

Hill III asks the Court to find that he is a beneficiary with a sufficient interest in the Trust to warrant an accounting (even if the disclaimer is invalid) because, "under a number of 'common disaster' scenarios, [Hill III] and his family are remainder beneficiaries of the entire MHTE." Pl. Br. at 15. Such end-of-the-world theories do not create grounds for the Court to find that Hill III's claimed remote interest—one that will never vest—is sufficient to entitle him to an accounting. Indeed, the Texas Probate Court, in the Hassie Trust case, has already rejected Hill III's argument that he is a beneficiary or interested person based on the possibility that he might inherit his father's (or one of the other beneficiaries') Trust interest.[30] The Probate Court held that—contrary to Hill III's arguments in that case and in this one—Hill III is neither a beneficiary nor an interested person under such circumstances.[31]

The evidence demonstrates that Hill III likely will never hold a beneficial interest in the Margaret Trust (if the disclaimer is invalid)—the current beneficiaries' powers of appointment foreclose any such possibility. Hill III states that, "upon Al Jr.'s death, his current beneficial interest in the MHTE passes to his heirs." Not true. This assertion ignores both the Trust's termination in 2028 (meaning the Trust may terminate before Hill Jr. dies) and the current beneficiaries' powers of appointment.[32] Hill Jr. has already manifested his intent to exercise his power of appointment in favor of people other than Hill III, if he dies before the Trust terminates.[33] Under practical considerations, any remote potential interest that Hill III might

---

[30]    *See* Ex. N (App. 142) (Order dated August 18, 2009 entered in the Hassie Trust Probate Court suit sustaining the Trustee's Motion for Summary Judgment as to Petitioner's lack of standing); [*see also* Dkt. # 280, Notice of Probate Court Summary Judgment Order].

[31]    *See* Dkt. #280.

[32]    *See* Pl. App. 26 ("*Unless disposed of otherwise*" a beneficiary's interest in the Margaret Trust passes to heirs under the laws of descent and distribution).

[33]    *See* Ex. A to the First Amended Orig. Answ. of Hill Jr. filed June 16, 2009 in the Margaret Trust Probate Court

claim is simply too far removed to support a finding that Hill III's interest in the Margaret Trust is "sufficient to require an accounting by the trustee."

Hill III insists that if he has *any* potential interest in the Trust, or if he is a remote contingent beneficiary under any "common disaster" theory, he is entitled to an accounting.[34] This argument ignores the Property Code's specific requirement that a Court cannot order an accounting without first finding that a beneficiary or interested person has an interest sufficient to warrant the accounting. Tex. Prop. Code § 113.151. In fact, Hill III's reasoning—that any remote, speculative beneficiaries or interested persons are entitled to an accounting—cannot be correct because it renders the "sufficient interest" language in the Texas Property Code as mere surplusage. *See United States v. Molina-Gazca*, 571 F.3d 470, 474 (5th Cir. 2009) ("When interpreting a statute, it is necessary to give meaning to all its words and to render none superfluous." (quotations and alterations omitted)).

> **b.** **Hill III's claims against the Trustee do not give him a sufficient interest in the Trust to compel an accounting.**

Hill III also appears to argue that, because he raises claims against the Trustee, he is an "interested person" entitled to an accounting.[35] The same finding required in an accounting sought by a beneficiary is also required before a court may order an accounting based on a suit by an interested person: "The court may require the trustee to deliver a written statement of account to the interested person on finding that the nature of the interest in the trust of, the claim against the trust by, or the effect of the administration of the trust on the interested person is sufficient to require an accounting by the trustee." Tex. Prop. Code § 113.151(b). As previously

---

suit at Ex. M at Ex. A p.1 (App. 127). Hill Jr.'s will is notarized, and is therefore self-authenticating under Federal Rule of Evidence 902(8).

[34]   Pl. Br. 16.

[35]   Pl. Br. 16.

noted, the Probate Court has already ruled, in the Hassie suit, that Hill III's arguments regarding

his potential interest in the Trusts do not make him an "interested person" under Texas law [*see*

Dkt. #280].  Except for the disputed disclaimer, Hill III stands in the same position with respect

to the Margaret Trust as to the Hassie Trust—he is not an "interested person" at all—much less

an "interested person" with an interest sufficient to demand an accounting.  Tex. Prop. Code §

111.004(7) (defining "interested person").[36]

### 4. The record reflects that substantial accounting and other financial information has already been provided to Hill III, precluding entry of summary judgment.

The "facts" upon which Hill III bases his Motion are inaccurate and, in many respects,

irrelevant.  For instance, Hill III complains about discovery disputes that are irrelevant to the

current Motion and are separately briefed.[37]  Hill III's repeated allegations of supposed

misconduct likewise are irrelevant and have been previously addressed in other briefing.[38]

Hill III's Motion also presents an inaccurate and incomplete description of the accounting

and other financial information that has already been provided to him.  Indeed, Hill III's Motion

does not acknowledge any of the detailed information that was provided to him by the former

---

[36]    To the extent Hill III is attempting to suggest by this circular argument that the Court should find that the nature of the "claims against the trust by" Hill III are sufficient to warrant an accounting, Hill III's argument must be rejected.  *See* Tex. Prop. Code § 113.151(b) ("The court may require the trustee to deliver a written statement of account to the interested person on finding that the nature of the interest in the trust of, the claim against the trust by, or the effect of the administration of the trust on the interested person is sufficient to require an accounting by the trustee.").  First, because Hill III is not an interested person, this argument is irrelevant.  Second, Hill III confuses his claims against the Trustee in an individual capacity—he raised some against Tom Hunt, though he has not asserted individual claims against the substituted Trustee—with claims against the Trust itself.  But Plaintiff cannot create an interest sufficient to warrant an accounting simply by raising claims against the Trustee.  Under Plaintiff's logic, any person—no matter whether he stands to benefit or not—is entitled to an accounting of any trust for which he alleges trustee misconduct.  That is not the law.  Plaintiff's allegation that the Trustees have mismanaged the Trust cannot independently vest him with an interest in the Trust sufficient to warrant an accounting.

[37]    *See* Resp. of Trust Defendants and Non-Party HH Services, LLC to Plaintiff's Mot. to Compel [Dkt. #278].

[38]    *See*, *e.g.*, Trust Defendants' Opposition to Plaintiff's App. for TRO at 18-19 [Dkt. #203]; Trust Defendants' Sur-Reply in Opposition to Plaintiff's App. for TRO at 8-13 [Dkt. #229].

Trustee.[39]  Nor does Hill III reference the Trust's audited financial statements or the auditor's underlying files that have been produced to him during discovery.[40]  In light of the substantial information already provided to Hill III, at a minimum, genuine issues of material fact exist as to whether any additional accounting must be provided to him.  Accordingly, Hill III is not entitled to summary judgment on his accounting claim.

**C.    Alternatively, the Court Should Place Reasonable Limitations On Any Further Accounting That It Orders.**

Hill III is not entitled to an accounting at this time.  If, however, the Court concludes otherwise, any further accounting ordered should be narrowly-tailored in light of the substantial volume of Trust information already provided to Hill III.  Further, Hill III's Motion does not specify the time period for which he seeks an accounting.  The Margaret Trust was established in 1935, and has undergone a succession of Trustees.  An accounting of the Trust for the past 74 years would be unproductive, time-consuming, and wasteful.  Moreover, Hill III's allegations of "misdeeds" begin with Margaret's death in 2007 and the sale of HPC in 2008.[41]  Any ordered accounting going farther back in time would be a waste of resources with little or no benefit to anyone.  And, as explained above, Hill III has already received substantial financial information related to the Trust from 2007 (after Margaret died but before the Trustee received notice that Hill, Jr. was rescinding the disclaimer).  In addition, Hill III has already received Trust financial statements audited by a major accounting firm (KPMG).  There is no reason to order an accounting dating earlier than 2007, at the earliest, and in light of the substantial information that has been provided to him since 2007, no additional accounting should be necessary.

---

[39]    *See supra* § 2.B.

[40]    *See* Exs. V-Y at Conf. App. 212-255 (Trust's audited financial statements) and Ex. Q at App. 174-176 (production of KPMG's files).

[41]    *See, e.g.*, Pl. Orig. Pet. at 15 ("Margaret's death presented . . . Defendants the opportunity to pursue their plan . . . .").

In addition, the operation of this Trust is not conducive to certain accounting requirements of the later-adopted accounting provisions of the Texas Property Code. Specifically, although the accounting provisions call for "receipts of principal and income shown separately," the 1935 Trust Instrument requires a calculation of "net profits" for purposes of determining earnings available for distributions.[42]    The Trust's auditors have analyzed the Trust's financial statements and made the calculation under the standard set forth in the Trust Instrument.  In such a case, any court-ordered accounting should be according to the accounting methods contemplated in the Trust Instrument.  *See Beaty v. Bales*, 677 S.W.2d 750, 754 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.) ("The trust is entitled to that construction which the maker intended.  We therefore conclude that the accounting of record sufficiently complies with statutory requirements." (citation omitted)).

**D.    Ringle Should Not Be Required To Pay For Any Ordered Accounting.**

Even if Hill III were somehow entitled to summary judgment on his claim for an accounting, he cannot get judgment ordering Ringle to pay for the accounting, for a host of distinct reasons.  First, Hill III has no claim for such relief—indeed, Hill III has not raised a single claim against Ringle individually.  Hill III cannot get summary judgment on a claim that he has never raised.  Second, Hill III has no authority for such relief—he cites a single, out-of-context line from a D.C. Circuit case to support his argument that Ringle should be ordered to pay for the accounting.  *See Cobell v. Norton*, 428 F.3d 1070, 1075 (D.C. Cir. 2005).  But Texas law does not provide for such relief, and Hill III has pointed to nothing in Texas Property Code § 113.151—the provision under which he seeks the accounting—to suggest otherwise.  Third, the majority of Hill III's grievances go to alleged conduct by Hunt, the former Trustee.  Even if the

---

[42]    Pl. App. 27.

law were as Hill III suggests, Hunt's conduct would be irrelevant to a determination of whether Ringle is responsible to pay for the requested accounting. Finally, imposing the costs of an accounting on Ringle would violate the terms of the Trust, which provides that the "trustee . . . shall not be . . . liable for any act . . . unless such act shall constitute a legal tort or breach of contract."[43] Hill III has not moved for summary judgment on any tort or breach of contract claim against Ringle (nor has he pled such a claim against Ringle) and, consequently, Ringle cannot be required under the terms of the Trust to pay for an accounting.

**E.    The Court Should Strike the Morrison Declaration and Portions of the Hill Declaration.**

Hill III again purports to rely on a previously-submitted Declaration of Lucian Morrison to support his Motion.[44] The Margaret Trust Defendants incorporate by reference their previous Motion to Strike Declaration of Lucian L. Morrison and Brief in Support [Dkt. # 227]. For the reasons set forth therein, the Court should strike the objected-to portions of the Morrison Declaration, including paragraph 8 (the paragraph cited in Hill III's Motion for Summary Judgment). In addition, the Margaret Trust Defendants object to and move to strike paragraph 9 of the Declaration of Albert G. Hill III.[45] Hill III purports to testify as to his "status as a beneficiary of MHTE," and such testimony is an impermissible conclusion of law. *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) ("[u]nsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." (internal quotations omitted)). Accordingly, this testimony should be stricken.

---

[43]    Pl. App. 24.

[44]    Pl. Br. at 14; Pl. App. 66-95.

[45]    Pl. App. 2.

# IV.    CONCLUSION

The Margaret Trust Defendants request that the Court deny Hill III's Motion for Partial Summary Judgment in its entirety on jurisdictional and abstention grounds.  In the alternative, the Margaret Trust Defendants respectfully request that the Court deny Hill III's Motion to the extent it seeks summary judgment on his claim for an accounting.  The Margaret Trust Defendants request such other and further relief to which they may be justly entitled.

Respectfully submitted,

/s/ George W. Bramblett, Jr.
George W. Bramblett, Jr.
State Bar No. 02867000
Carrie L. Huff
State Bar No. 10180610
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone:        214-651-5000
Telecopier:       214-651-5940

David J. Beck
State Bar No. 02006000
Murray Fogler
State Bar No. 07207300
BECK, REDDEN & SECREST, LLP
One Houston Center
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone:        713-951-3700
Telecopier:       713-951-3720

Attorneys For Defendants Brett Ringle, as Trustee of the Margaret Hunt Trust Estate, John W. Creecy, as Trustee of the Haroldson L. Hunt, Jr. Trust Estate, and William L. Schilling, Individually and as a Member of the Advisory Boards of the Margaret Hunt Trust Estate and the Haroldson L. Hunt, Jr. Trust Estate, and Nominal Defendants Margaret Hunt Trust Estate and Haroldson L. Hunt, Jr. Trust Estate

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served via the Court's ECF system on this 23rd day of September, 2009.

Dean D. Hunt
Matt Raley
Baker & Hostetler LLP
1000 Louisiana, Suite 2000
Houston, Texas  77002-5018

Mark A. Cymrot
Elizabeth A. Scully
Baker & Hostetler LLP
Washington Square, Suite 1100
1040 Connecticut Ave., N.W.
Washington, DC 20036-5304

Justin M. Campbell III
Robin L. Harrison
Suzanne E. Goss
Kenneth J. Fair
Campbell Harrison & Dagley L.L.P.
4000 Two Houston Center
909 Fannin Street, Suite 4000
Houston, Texas 77010
ATTORNEYS FOR PLAINTIFF
ALBERT G. HILL III

Michael P. Lynn
Jeremy A. Fielding
Lynn Tillotson Pinker & Cox, LLP
2100 Ross Avenue, Suite 2700
Dallas TX  75201
ATTORNEYS FOR DEFENDANT
ALBERT G. HILL, JR.

B. Patrick Shaw
WOODWARD & SHAW, PC
4849 Greenville Ave., Suite 1111
Dallas, Texas  75206
ATTORNEYS FOR DEFENDANT WILLIAM
HUBERT HUNT, EXECUTOR OF THE ESTATE OF
TOM HUNT, DECEASED

Harry M. Reasoner
Vinson & Elkins, LLP
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760

William D. Sims, Jr.
Vinson & Elkins, LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
ATTORNEYS FOR DEFENDANT
IVAN IRWIN, JR.

Donald E. Godwin
Bruce W. Bowman, Jr.
Robert J. McGuire
Godwin Ronquillo PC
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
ATTORNEYS FOR DEFENDANT
ALINDA H. WIKERT

Frank Ikard
Ikard & Golden, P.C.
400 West 15th Street, Suite 975
Austin, Texas 78701
ATTORNEYS FOR DEFENDANT
LYDA HILL

Stewart H. Thomas
Tom M. Dees
Thomas & Dees, PLLC
300 Crescent Court, Suite 1000
Dallas, Texas 75201
ATTORNEYS FOR DEFENDANTS
HEATHER V. WASBURNE and
ELISA M. SUMMERS

Murray Fogler
BECK, REDDEN & SECREST, LLP
One Houston Center
1221 McKinney Street, Suite 4500
Houston, Texas 77010
ATTORNEYS FOR TRUST DEFENDANTS


/s/ George W. Bramblett, Jr.