IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT G. HILL, III, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-2020-O |
| | § | |
| TOM HUNT, ET AL., | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Application for Temporary Restraining Order Enjoining Distribution of Assets and Preliminary Injunction to Appoint Neutral Receiver and Enjoin Distributions from the Trusts Without the Supervision of a Neutral Receiver (Doc. 188) filed April 28, 2009 ("Application"), as well as the relevant responses, replies, briefs, and appendices thereto.

Plaintiff asks for a temporary restraining order and preliminary injunction: (1) enjoining Defendants Brett Ringle and John Creecy (Trustees of the Margaret and Hassie Trusts, respectively) ("Trustees") from "unilaterally overseeing or prematurely distributing" assets of the trusts, and (2) appointing an "independent receiver for the two Trusts." Brief in Support (Doc. 189) at 1.

The Court addresses the request for appointment of a receiver first.

I.   Appointment of Receiver for the Trusts

Since this Application was filed, the Court has dismissed Plaintiff's claims for appointment of a receiver for each of the trusts. *See*, Order dated 12/5/2009 (Doc. 386) (dismissing Plaintiff's claims for appointment of a receiver for the Margaret Trust and Hassie Trust for lack of subject matter jurisdiction). The Court lacks jurisdiction to appoint a trust

receiver.[1] Accordingly, Plaintiff's request is denied.

II. Enjoining Trustees

Plaintiff also asks for a temporary restraining order, and thereafter, a preliminary injunction, enjoining the Trustees from unilaterally overseeing the trusts or distributing trust assets. Preliminary injunctive relief may be granted only if the movant establishes four requirements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if preliminary relief is not granted; (3) the threatened injury to the plaintiff outweighs the threatened injury to defendants; and (4) the public interest is not disserved by the granting of preliminary relief. *DFW Metro Line Servs. v. Sw. Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990).

Plaintiff has not met this burden because, for example, he has not shown a substantial threat of irreparable injury. An injury is not irreparable where money damages would provide adequate compensation. *Id.* Accordingly, Plaintiff's request is denied.

III. Conclusion

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Application (Doc. 188).

Additionally, Trust Defendants' Motion to Strike Declaration of Lucian L. Morrison (Doc. 227), and Plaintiff's Motion for Leave to File Supplemental Evidence in Support of Plaintiff's Application for Preliminary Injunction (Doc. 254) are each **DENIED** as **moot**.

**SO ORDERED** on this **7th** day of **December, 2009**.

*[signature]*

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**

---

[1] Conversely, the Court has subject matter jurisdiction to grant an "injunction compelling or restraining action" by a defendant. *Penn Gen. Cas. Co.*, 294 U.S. 189, 195 (1935).