IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT G. HILL, III, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-2020-O |
| | § | |
| TOM HUNT, ET AL., | § | |
|     Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Albert G. Hill III's Motion for Partial Summary Judgment (Doc. 286) (the "Motion" or "Mtn.") filed September 3, 2009.

Having considered the Motion, related briefing, and the applicable law, the Court finds that it should be and is hereby **DENIED**.

I.  Background

This case involves causes of actions arising out of management of the Margaret Hunt Trust Estate ("Margaret Trust") and Haroldson Lafayette Hunt, Jr. Trust Estate ("Hassie Trust"). *See* Doc. No. 1 (3:07-CV-2020-O) (N.D. Tex. Dec. 3, 2007). These trusts were created by H.L. Hunt, a wealthy Texas oilman, for his two eldest children, Margaret Hunt Hill ("Margaret") and Haroldson Lafayette Hunt, Jr. *Id.* This summary judgment motion involves the Margaret Trust only.

Defendants Albert G. Hill, Jr. ("Al Jr."), Alinda Wikert ("Alinda"), and Lyda Hill ("Lyda") are Margaret's three children. Plaintiff Albert G. Hill, III ("Plaintiff" or "Al III"), and Defendants Heather Washburne and Elisa Summers are Al Jr.'s three children. *Id.* As explained below, each of these individuals either hold an interest (whether vested or contingent, current or

1

remainder), or have disclaimed an interest in the Margaret Trust.

Tom Hunt, who was alive at the time this action commenced, was Trustee of the Margaret Trust and was sued both in his individual capacity and in his capacity as Trustee of the Margaret Trust. Following Tom Hunt's death, William Schilling was substituted in his capacity as personal representative of the Estate of Tom Hunt for the claims asserted against Tom Hunt individually. *See*, Order dated April 8, 2009 (Doc. 181). Likewise, Brett Ringle was substituted in his capacity as Trustee of the Margaret Trust for those claims asserted against Tom Hunt in his capacity as Trustee of the Margaret Trust.

On November 8, 2007, Plaintiff initiated this suit in the 14th Judicial District of Dallas County alleging violations of the federal Racketeer Influenced & Corrupt Organizations Act ("RICO"), fraud, breach of fiduciary duty, aiding and abetting, and civil conspiracy. Doc. 1. Defendants removed this action to federal court on December 3, 2007 on the basis that Plaintiff's RICO claims present a federal question. *Id.*

On September 3, 2009, Plaintiff moved for partial summary judgment. *See generally*, Mtn. Plaintiff asks for a partial summary judgment: (1) declaring him to be a current beneficiary of the Margaret Trust; and (2) ordering an accounting of the Margaret Trust pursuant to Texas Property Code § 113.151. Pl's Br. (Doc. 287) at 1.

The relevant defendants have filed four separate responses urging various reasons why summary judgment should be denied. *See*, Docs. 305, 307, 308, 377, and related briefs and appendices.

As a preliminary matter, each response contends either that this Court has no jurisdiction over the issues presented or should abstain from exercising jurisdiction. The Court disagrees for

the reasons stated in the December 5, 2009 Order (Doc. 386). Defendants' remaining contentions are as follows:

Defendants Lyda and Alinda filed a joint response contending: (1) Plaintiff "does not have a sufficient interest to entitle him to an accounting or any other information regarding [Lyda and Alinda's respective] separate share[s] of the MHTE"[1] (Def. Br. (Doc. 306) at 11); and additionally (2) an accounting cannot be granted at the summary judgment stage because under Texas Trust Code § 113.151, a threshold fact determination must first be made regarding the sufficiency of Plaintiff's interest in the trust to warrant an accounting. *Id.* at 13–15.

Defendants Victoria Hill Washburne and Elisa Margaret Hill Summers join Lyda and Alinda in contending that the fact issue of whether Plaintiff's interest is sufficient to warrant an accounting prevents summary judgment. *See generally*, Doc. 307.

Defendants Margaret Hunt Trust Estate, Brett Ringle as Trustee of the Margaret Hunt Trust Estate, and William Schilling as executor of Tom Hunt's Estate filed a joint response contending: (1) if Al Jr.'s interest disclaimer is invalid, then Plaintiff lacks standing to request an accounting; (2) if the disclaimer is invalid, the terms of the trust agreement prohibit Plaintiff's claim; (3) if the disclaimer is invalid, Plaintiff has failed to show that he holds a sufficient interest in the trust to require an accounting; (4) since some information regarding the trust's financial affairs has already been provided to Plaintiff, a fact issue exists as to whether he is

---

[1] Lyda and Alinda rely on the state probate court judge's June 30, 2009 order providing that the assets and liabilities of the Margaret Trust were divided as a matter of law into three separate shares of a single trust upon Margaret Hunt Hill's death. The order further states that, "the interests and powers of a beneficiary with respect to his or her share extend...only to that beneficiary's respective share and not to any share held for any other beneficiary." Def. Br. (Doc. 306) at App.024.


entitled to additional information; (5) alternatively, any accounting ordered should be limited in scope; (6) Trustee Ringle should not be required to personally pay for any ordered accounting; and (7) the Court should strike portions of Plaintiff's summary judgment evidence. *See generally,* Def. Br. (Doc. 309).

Finally, Defendant Albert G. Hill, Jr. contends summary judgment is not appropriate because a fact issue exists as to whether: (1) he lacked mental capacity to execute the disclaimer of his interest in the trust; and (2) the disclaimer is ineffective for failure to comply with filing requirements imposed by the statute he contends governs. *See generally,* Def. Br. (Doc. 378)

Plaintiff responds that Al Jr. has offered "no credible, competent evidence" to support his contentions. Pl. Resp. (Doc. 394) at 1.

The issues have been briefed by the parties and this matter is ripe for determination.

II.     Legal Standard

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's

attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. To carry this burden, the "opponent must do more than simply show. . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249. Neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

III. Analysis

Plaintiff has moved for a partial summary judgment on his status as a beneficiary of the Margaret Trust and for an accounting of the Margaret Trust. He asks the Court to declare that he is a current beneficiary and order a statutory accounting. Plaintiff's entitlement to an accounting

5

hinges on the existence and nature of his interest in the trust. *See*, Tex. Prop. Code § 113.151 (an accounting may be ordered if plaintiff's interest in the trust is sufficient to require such). The Court first addresses whether Plaintiff is entitled to summary judgment declaring his status as a current income beneficiary of the trust.

### A.     Status as a Beneficiary

Plaintiff contends that he is a current beneficiary of the Margaret Trust. Plaintiff's paternal grandmother, Margaret Hunt Hill, held the current beneficial interest in the Margaret Trust until her death in June of 2007. At her death and according to the Trust Agreement, Margaret's interest passed under the laws of descent and distribution. Margaret was unmarried at the time of her death and had three children, Defendants Lyda, Alinda, and Al Jr.

Under the laws of descent and distribution, Margaret's interest would have normally passed in equal shares to each of her three children. However, Texas law allows a beneficiary to disclaim an inherited interest. Tex. Prop. Code § 112.010. If such a disclaimer is validly executed, the disclaimed interest passes as if the disclaiming beneficiary predeceased the interest transfer.[2] *Id.*

In this case, Defendant Al Hill, Jr. was one of Margaret's three children and was alive at the time of her death. Therefore, absent a valid disclaimer of his interest, he would have inherited one-third of Margaret's interest in the trust. The undisputed evidence shows, however, that on March 22, 2005, Al Jr. signed a document entitled, "Disclaimer, Margaret Hunt Trust Estate" (the "disclaimer"). In the disclaimer, Al Jr. unequivocally and irrevocably disclaims

---

[2]It is undisputed that Alinda validly disclaimed her interest in the Margaret Trust, and her interest passed to her children. *See*, Def. Br. (Doc. 306) at 11–13; Bowman Decl. (Doc. 306) at App. 011.

various interests he held in the Margaret Trust, including 75% of his income interest. *See*, App. to Al Jr.'s Br. at 004–006 (Doc. 379).[3] If Al Jr.'s disclaimer is valid, then the disclaimed interest passes as if he predeceased Margaret.

Al Jr. has three children, including Plaintiff Al Hill, III. If the disclaimer is valid, then upon Margaret's death, Plaintiff Al Hill, III and his two siblings each inherited a one-third interest in Defendant Al Hill, Jr.'s disclaimed interest. In such a situation, Al III is a current income beneficiary of the Margaret Trust as a matter of law. If a genuine issue of material fact exists as to whether the disclaimer is valid, however, then a genuine issue of material fact also exists as to whether Plaintiff is a current income beneficiary of the Margaret Trust.

Al Jr. contends that there is a genuine fact issue as to whether his disclaimer is valid. Al Jr. contends summary judgment should not be granted for two independent reasons: (1) a fact issue exists as to whether, on March 22, 2005, Al Jr. was mentally competent to execute a valid disclaimer, and (2) regardless of Al Jr.'s mental capacity, the disclaimer is invalid because it was not timely filed as required by the Texas Probate Code.[4] *See generally*, Def. Br. (Doc. 378). For the reasons stated below, the Court agrees that Al Jr. has raised a fact issue as to whether the disclaimer is valid. Therefore, a fact issue exists as to whether Plaintiff is a current income beneficiary of the trust, precluding summary judgment on the issue.

---

[3]The parties seem to agree that Al Hill, Jr. also signed a second disclaimer, bearing the same title and signature date, and also stating that Al Jr. was disclaiming various interests in the trust. The date this second document was *actually* signed is in dispute, however. Defendant Al Jr. claims it was signed on March 22, 2005, and Plaintiff Al III claims it was in fact signed in 2007 but was fraudulently back–dated to bear the 2005 date. *See*, Doc. 378 at 2–3.

[4]For the first time, Al Jr. contends that the Texas Probate Code, and not the Texas Trust Code, controls. Def. Br. (Doc. 378) at 12–16. Because the Court finds a fact issue as to Al Jr.'s mental capacity, it does not reach this issue.

1.      Relevant Issue

The law presumes that a party signing a document has the requisite legal capacity to execute the document. *Bradshaw v. Naumann*, 528 S.W.2d 869, 873 (Tex. Civ. App.—Austin 1975, writ dism'd); *see also, Turner v. Hendon*, 269 S.W.3d 243, 247 (Tex. App.—El Paso 2008, pet. denied). "Absent proof and determination of mental incapacity, a person who signs a document is presumed to have read and understood the document." *Dubree v. Blackwell*, 67 S.W.3d 268, 289 (Tex. App.—Amarillo 2001, no pet.). A party seeking to set aside the document bears the burden to show the signatory lacked mental capacity at the time he signed the document. *Bradshaw*, 528 S.W.2d at 873. A party lacks mental capacity to execute a document if he "did not have sufficient mind and memory to understand the nature and effect of [his] act" at the time the document was signed. *Turner*, 269 S.W.3d at 251.

Defendant Al Jr. contends that he was mentally incompetent at the time he signed the interest disclaimer and the disclaimer is therefore invalid. If Defendant has raised a genuine issue of material fact as to whether his disclaimer is valid, then summary judgment should not be granted as to Plaintiff's status as a current income beneficiary. The Court now examines whether Al Jr. has presented evidence on which a reasonable jury could find he lacked "sufficient mind and memory to understand the nature and effect" of the disclaimer at the time it was signed. *Turner*, 269 S.W.3d at 251.

2.      Summary Judgment Evidence

Al Jr. has supported his contention with his own affidavit and affidavits or other evidence from three different doctors, two family members, one employee, and his nurse and caregiver. *See generally*, App. to Al Jr.'s Br. (Doc. 379).

As the catalyst for his mental incapacity, Al Jr. points to a "terrible accident" in late November 2003 that resulted in head trauma, spine injuries, a broken neck, and paralysis of "all four limbs". *Id.* at App. 002, 039. Al Jr. attaches an affidavit from psychiatrist Dr. Mark Blotcky citing the "high dosages of powerful medications" he received in the years following the accident, "including narcotics and other medications that influence brain function." *Id.* at App. 039. Additionally, an affidavit from Dr. Christian Renna, who began treating Al Jr. in November of 2005, lists ten different daily dosages of various medications that Al Jr. was prescribed sometime between 2003 and 2006. However, Al Jr. does not provide evidence of what, if any, medication he was under at the particular time he signed the disclaimer on March 22, 2005 or what specific effects the drugs had on his mental capacity. Dr. Renna opines that Al Jr. lacked the mental capacity in March 2005 to understand how events in the present would affect the future. *Id.* at App. 042.

The affidavit of Heather Hill Washburne, Al Jr.'s daughter, states that "during this [March 2005] period of time, [Al Hill, Jr.] suffered from poor judgment, inattentiveness, abnormal or cloudy thinking, and memory problems." *Id.* at App. 054. "In addition, during this same period of time, [he] was not mentally sharp, was fatigued, and had poor mental stamina." *Id.* at App. 054.

Following his accident, Vickie Dudley has served as Al Jr.'s primary caregiver and nurse. Vickie's affidavit states, "for the two and a half years following [Al] Jr.'s accident, he lived in a near-constant state of confusion. He was irritable, and suffered from poor memory. He could not, for example, read a long passage in a book, let alone understand tax planning or the business in which he was involved." *Id.* at App. 051. Vickie specifically states that in "March of 2005,

9

Hill, Jr." had poor judgment, cloudy thinking, and memory problems. *Id.*

Various affidavits also discuss stem cell and other treatments in Germany that Al Jr. began receiving in 2006. *Id.* at App. 002, 039. Al Jr. has produced evidence that his "mental sharpness and memory retention" showed "remarkable improvement" beginning in late 2006. *Id.* at App. 057; *see also*, *Id.* at App. 004

Plaintiff Al Hill III responds with a great deal of evidence that Al Jr. was not mentally incompetent on March 22, 2005. First, Al III contends that the opinions of Drs. Blotcky and Renna are no evidence of mental incapacity on the relevant date because Al Jr. has failed to show that the opinions are based on sufficient facts or data and are the product of reliable application of scientific principles or methods. Pl. Br. (Doc. 396) at 4. It is undisputed that neither Dr. Blotcky or Dr. Renna met Al Jr. until at least 7 months after the March 22, 2005 disclaimer was signed and a full two years after Al Jr.'s November 2003 accident.

Al III also contends that Al Jr.'s medical records show no genuine issue of fact exists as to his mental incapacity in March of 2005. *See*, (Pl. Br. (Doc. 396) at 7–12. Al Jr. attaches numerous medical records and updates spanning from 2004 to 2006 as evidence. While the records thoroughly detail Al Jr.'s physical complaints, treatment, and progress, none suggest cognitive or comprehension impairment, either from his injuries or medication, or otherwise raise a fact issue as to Al Jr.'s mental capacity at the relevant time. Moreover, several of the records affirmatively note Al Jr.'s sound mental condition.[5] Al III additionally points to Al Jr.'s

---

[5]*See, e.g.,* Doc. 395 at App. 001–002 (April 2004 discharge note of Dr. Lance Bruce documenting Al Jr.'s "independent ...comprehension and expression, social interaction, problem solving and memory"); *Id.* at App. 003–005 (May 2004 patient note from Dr. Keith Tansey documenting Al Jr.'s neurologic examination results: "Mental Status: Alert and oriented with normal language and attention as well as memory"); *Id.* at App. 012–13 (September 2004

10

involvement in specific and involved business activities and decisions beginning in 2004 as evidence that he possessed mental capacity at the requisite time. *Id.* at 13–17.

### 3. Law and Analysis

A party lacks mental capacity to execute a document if he "did not have sufficient mind and memory to understand the nature and effect of [his] act" at the time he signed the document. *Turner*, 269 S.W.3d at 251; *Brito v. Slack*, 25 S.W.2d 881 (Tex. Civ. App.—El Paso 1930) ("The test of the mental capacity to do an act must be of the time the act is done"). Standing alone, old age, physical illness or disability, and lack of memory do not deprive an individual of mental capacity. *Crow v. Childress*, 169 S.W. 927, 932 (Tex. Civ. App—Dallas 1914); *Gray v. Allen*, 243 S.W. 684, 687 (Tex. Civ. App.—San Antonio 1922).

While Defendant Al Jr. has provided affidavits of medical professionals, "the requisite proof regarding mental capacity is within the common knowledge and experience of laypersons and therefore, expert medical testimony is not required." *Decker v. Decker*, 192 S.W.3d 648, 652 (Tex. App.—Fort Worth 2006).

Applying the appropriate summary judgment standard, the Court believes that a close issue exists as to whether Defendant has raised a reasonable, genuine issue of fact as to his mental incapacity on March 22, 2005. Affidavits containing vague, circular, or conclusory statements generally fail to show the existence of a genuine issue of material fact. *Little*, 37 F.3d at 1075. However, when viewing all of the evidence in the light most favorable to the non-movant, and resolving all reasonable inferences in his favor, the Court finds that Al Jr. has

---

progress note stating that Al Jr. "works from his home approximately four hours a day running his business" and "is not having side effects from medication.")

11

presented some evidence on which a reasonable jury could find he was mentally incapacitated at the time he signed the March 22, 2005 interest disclaimer. The affidavits and other evidence provided from fact witnesses suggest an impairment in Al Jr.'s judgment, memory, and ability to process information. Additionally, evidence has been presented of a number of medications prescribed to Al Jr. that may have altered his mental capacity. Taking all of the evidence presented in the light most favorable to the non-movant, a fact issue exists as to Al Jr.'s mental capacity. Al Jr. has therefore raised a fact issue as to whether his disclaimer is valid, and whether Plaintiff holds a current interest in the Margaret Trust. Accordingly, summary judgment on this issue is denied.[6]

### B. Entitlement to an Accounting

Plaintiff next asks for summary judgment ordering an accounting of the Margaret Trust under Texas Property Code § 113.151.

As a preliminary matter, certain defendants contend that the terms of the Margaret Trust Agreement foreclose Al III's claim for an accounting. *See,* Def. Br. (Doc. 309) at 12–13. The Trust Agreement prohibits a beneficiary from maintaining suits against the trust and its trustees. *See,* Mtn. (Doc. 286) at App. 0027. Generally, the terms of a trust prevail over Texas trust law.

---

[6]Plaintiff's reply also contends that regardless of whether a fact issue exists as to Al Jr.'s mental capacity on Marcy 22, 2005, the disclaimer is enforceable as a matter of law because Al III has subsequently ratified the disclaimer during periods of time that he admits capacity. Pl. Br. (Doc. 396) at 17–22. Plaintiff points to Al Jr.'s actions as late as September 2007 as evidencing ratification. *Id.* at 22. A "court can decline to consider an argument raised for the first time in a reply brief." *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F.Supp.2d 545, 551 (N.D. Tex. 2006). Plaintiff does not raise ratification in his original motion, but mentions it only summarily, in a footnote, and with no supporting evidence identified. *See*, Pl. Br. (Doc. 287) at 13 fn.56. Because Plaintiff substantively raises the issue of ratification for the first time in his reply brief (*see,* Pl. Reply Br. (Doc. 396) at 17–22), the Court declines to consider the argument in this motion.

Tex. Prop. Code § 111.0035(b). However, the terms of an irrevocable trust may not limit a trustee's duty to provide an accounting under Section 113.151 "if the demand is from a beneficiary who, at the time of the demand: (i) is entitled or permitted to receive distributions from the trust; or (ii) would receive a distribution from the trust if the trust terminated at the time of the demand." *Id.* For the purposes of this motion, the Court assumes, without deciding, that Plaintiff's suit is not prohibited by the Trust Agreement.

Property Code § 113.151(a) provides that a "beneficiary"[7] may seek to have a court order a trustee to deliver an accounting upon "finding that the nature of the beneficiary's interest in the trust...is sufficient to require an accounting by the trustee." Similarly, subsection (b) provides that an "interested person"[8] may also seek such an accounting. The Court first examines the nature of Al III's interest in the Margaret Trust.

As already explained, a fact issue exists as to whether Plaintiff is a current income beneficiary of the trust on the basis of Al Jr.'s disclaimer. This underlying fact issue must be resolved in Plaintiff's favor before this interest may serve as the basis for a court-ordered accounting. However, the Court assumes, without deciding, that as a matter of law Plaintiff Al Hill III is a "beneficiary" of the Margaret Trust because, under the terms of the Trust Agreement, he holds a contingent remainder interest in the trust as defined by the Texas Trust Code. *See*,

---

[7] A beneficiary is "a person for whose benefit property is held in trust, regardless of the nature of the interest." Tex. Prop. Code § 111.004(2). An "interest" is "any interest, whether legal or equitable or both, present or future, vested or contingent, defeasible or indefeasible." Tex. Prop. Code § 111.004(6).

[8] An "interested person" is a "trustee, beneficiary, or any other person having an interest in or a claim against the trust or any person who is affected by the administration of the trust. Whether a person...is an interested person may vary from time to time and must be determined according to the particular purposes of [the] proceeding." Tex. Prop. Code § 111.004(7).

Tex. Prop. Code §§ 111.004(2), 111.004(6), 113.151(a). Even if Plaintiff holds such a contingent interest and has standing to *seek* an accounting, the Court finds that, based on the facts of this case, the contingent interest is insufficient to *require* an accounting by the trustee. Likewise, to the extent that Plaintiff is merely an "interested person" in the trust, and based on the facts of this case, his interest is insufficient to require an accounting of the trust. *See, Id.* at §§ 111.004(7); 113.151(b). Summary judgment ordering an accounting is accordingly denied.

V.  Conclusion

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's motion for summary judgment (Doc. #286).

**SO ORDERED** on this **29th** day of **December, 2009**.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**