IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT G. HILL, III, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-2020-O |
| | § | |
| TOM HUNT, ET AL., | § | |
|     Defendants. | § | |

SUPPLEMENTAL MEMORANDUM OPINION AND ORDER

Before the Court is the supplemental briefing ordered on December 5, 2009. *See generally*, Order dated 12/05/2009 (Doc. 386). Having considered the underlying motion to dismiss (Doc. #211), related briefing, supplemental briefing, and the applicable law, the Court finds as follows:

I.    Background

The Court decided the Trustee Defendants' Motion to Dismiss (Doc. 211) on December 5, 2009, but reserved ruling on two issues presented in the motion: (1) whether the case should be dismissed because Plaintiff All Hill III lacks standing under the Texas Trust Code, and (2) whether nominal defendants the Margaret Trust and Hassie Trust should be dismissed because they are not proper parties under Texas law. *See generally*, Order dated 12/05/2009 (Doc. 386).

As ordered by the Court, the parties have submitted supplemental briefing on these issues, which are ripe for determination.

II.    Analysis

    **A.    Joinder of Trusts as Nominal Defendants**

First, the Court addresses whether the Margaret Trust and Hassie Trust, originally joined

as nominal defendants, should be dismissed from the case. In addition to suing the trustees of the Margaret Trust and Hassie Trust in their respective capacities as Trustee, Plaintiff has named the Margaret Trust and the Hassie Trust as nominal defendants "solely for purposes of the derivative claims asserted." Notice of Removal (Doc. 1), Plaintiff's Original Petition at 6. The Trust Defendants ask the Court to dismiss the Margaret Trust and the Hassie Trust because, under Texas law, trusts are not legal entities and can neither sue or be sued. *Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 570–71 (Tex. 2006); *see also*, *In re Bradley*, 501 F.3d 421, 433 (5th Cir. 2007) (citing *Malooly* for the proposition "that suits against a trust must be brought against its legal representative, the trustee, and not against the trust itself as a separate legal entity"). Rather, under Texas law, a suit against a trust must be brought against the trustee of the trust in his representative capacity. *Malooly* at 570.

In his supplemental briefing, Plaintiff states that he "shall not contest the removal of the Margaret. . . Trust and the [Hassie] Trust. . .as nominal defendants to this suit." Pl. Supp. Br. (Doc. 399) at 1. "Plaintiff can now agree with Defendants that the most expedient resolution of the issues . . .does not require joinder of the Margaret Trust or the Hassie Trust at this time." *Id.* at 2.

The Court interprets Plaintiff's statements as an agreement to dismiss the Margaret Trust and the Hassie Trust from this suit, and accordingly orders them dismissed. The Court now turns to the issue of whether Plaintiff has standing to bring this suit.

**B.     Plaintiff's Standing to Sue**

Defendants next argue that Plaintiff has no standing to sue regarding the Hassie Trust, and likewise has no standing to sue regarding the Margaret Trust unless his father's irrevocable

2

Margaret Trust interest disclaimer is found to be valid.[1]  Mtn. (Doc. 211) at 11–12.

1.  Plaintiff's Standing Under Texas Law

The Texas Trust Code supplies the law to apply to determine whether a person has standing to bring suit related to a trust.  Under the Texas Trust Code, a subtitle to the Texas Property Code, only an "interested person" may bring an action related to a trust.  Tex. Prop. Code § 115.011(a).  An "interested person" is defined as "a trustee, beneficiary, or any other person having an interest in or a claim against the trust or any person who is affected by the administration of the trust.  Whether a person, excluding a trustee or named beneficiary, is an interested person may vary from time to time and must be determined according to the particular purposes of and matter involved in any proceeding."  Tex. Prop. Code § 111.004(7).  A "beneficiary" is "a person for whose benefit property is held in trust, regardless of the nature of the interest."  Tex. Prop. Code § 111.004(2).  An "interest" is "any interest, whether legal or equitable or both, present or future, vested or contingent, defeasible or indefeasible."  Tex. Prop. Code § 111.004(6).  Applying this law to the facts of this case, and as further explained below, the Court determines that Plaintiff has standing to maintain suit regarding both the Margaret

---

[1]Regarding Plaintiff's interest in the Margaret Trust, Plaintiff additionally enjoys standing because, until proven otherwise, the law presumes that he holds a vested current income interest in the Margaret Trust. *See generally,* Order dated 12/29/2009 (discussing the circumstances surrounding and dispute over Plaintiff's current interest in the Margaret Trust). As the facts of this case reveal, Defendant Al Hill Jr.'s signed an irrevocable partial disclaimer of his current income interest in the Margaret Trust on March 22, 2005. *See, id.* at 6. One third of the disclaimed interest passed to Al III. *Id.* at 7. Al Jr. has since contested the validity of his interest disclaimer. *Id.* The law presumes the disclaimer was validly executed, and the burden rests with Al Jr. to prove its invalidity. *Id.* Accordingly, unless and until Al Jr. meets his burden, the law presumes that Al III has standing to bring suit as a current income beneficiary of the Margaret Trust. The balance of this order addresses Plaintiff's standing as to the Hassie Trust, and similarly, Plaintiff's standing as to the Margaret Trust in the event Al Jr.'s partial disclaimer is shown to be invalid.

Trust and the Hassie Trust.

It is uncontested that Plaintiff has as least some interest in both the Margaret Trust and the Hassie Trust, even if his interest is merely a contingent remainder interest. *See*, *e.g.*, Pl. Supp. Br. (Doc. 399) at 6 ("No party claims that Al III has no interest."). Defendants repeatedly argue that Plaintiff's interest is remote, contingent, and, given the contentious relationship between Plaintiff and Defendants, highly unlikely to vest. Lyda's Supp. Br. (Doc. 414) at 5 ("Plaintiff is truly a very remote and a very contingent beneficiary of either of the Hunt Trusts."); Alinda's Supp. Br. (Doc. 417) at 2–3 (stating only that Plaintiff has no present interest without addressing future interests). A contingent remainder interest is an "interest" under section 111.004(6), and makes Plaintiff an "interested person" as defined by section 111.004(7). Because Plaintiff is an interested person, he is permitted to bring suit under section 115.011(a). Defendants' request that Plaintiff's suit be dismissed for lack of standing is accordingly denied.

Additionally, and because Plaintiff has an "interest" in the trusts according to Texas law, he has standing under Article III of the United States Constitution. Plaintiff has alleged an injury-in-fact to his interest, has shown the necessary nexus between the injury and relief sought, and has shown that any misconduct giving rise to the injury may be redressed in this suit. *See,* Pl. Supp. Br. (Doc. 399) at 3–7.

Defendants present varying reasons why, notwithstanding the statutory language examined above, the Court should find Plaintiff has no standing. The Court examines these reasons in turn.

### 2. State Court Order Re: Standing

First, Defendants rely heavily on a recent order in the pending state court case finding

that Plaintiff lacks standing to bring suit regarding the Hassie Trust. *See,* Trust Defendants' Notice of Summary Judgment Order in Related Probate Court Proceedings (Doc. 280). The state court order makes this finding summarily in a one-page order that contains no legal analysis. *See, Id.* at Doc. 280-2. Accordingly, the state court order is not helpful to this Court's decision on the issue. While the doctrine of *res judicata* can bind a federal court to the judgment of a state court, Defendants have not raised this defense. Further, to the extent their arguments may be construed as attempting to raise *res judicata*, Defendants have not proved the defense. *Res judicata* requires a "previous final judgment on the merits." *Smith v. Waste Mgmt., Inc.*, 407 F.3d 381, 386 (5th Cir. 2005). The record before this Court does not show that the state court has entered a final judgment.

### 3.   State Court Order Dividing The Trusts

Next, certain defendants rely on two additional state court orders to support their contention that Plaintiff lacks standing. Specifically, Defendants Lyda, Alinda, and Al Jr. rely on a state court order holding that, by operation of law, the Margaret Trust was divided into separate shares of a single trust upon the death of Margaret Hunt Hill. *See*, Lyda's Supp. Br. (Doc. 414) at 4; Hill Jr.'s Supp. Br. (Doc. 416) at 1; Alinda's Supp. Br. at 2–3; *see also,* Trust Defendants' Notice of Orders Entered in Related Probate Court Proceedings (Doc. 253). The state court order states that the assets and liabilities of the Margaret Trust were "divided by operation of law into separate shares of a single trust effective as of the date of death of Margaret Hunt Hill." Doc. 253-2 at 4. The order further specifies that following Margaret's death, "the interests and powers of a beneficiary with respect to his or her share extended and continues to extend only to that beneficiary's respective share and not to any share held for any other

beneficiary." Doc. 253-2 at 6. The order states that the division of the trust into separate shares is effective only upon the happening of one of two events.[2] *Id.* at 4. This Court's review of the record before it does not reveal whether either of these events have occurred.

Assuming the state court's orders are binding on this Court, this Court fails to see how, practically speaking, the division restricts the scope of this Plaintiff's suit, at least until damages, if any, are assessed. By the terms of the state court order, each share of the Margaret Trust, as divided, is funded with a "fractional share of each and every asset and liability of the" Margaret Trust. *Id.* at 7. If, then, this Court were to order, for example, an accounting of Plaintiff's interest in the Margaret Trust, it seems an accounting of the entire Margaret Trust would first be necessary before determining Plaintiff's fractional share. This argument is denied.

Defendants make the same argument related to the Hassie Trust and rely on a similar state court order regarding the division of the Hassie Trust upon the death of Haroldson L. Hunt, Jr. *See,* Doc. 253-3. For the same reasons stated above, the Court disagrees.

### 4.   Remainder Interest vs. Possibility of Inheritance

Additionally, Defendants claim that Plaintiff's contingent remainder interest is insufficient to confer standing because a "possibility of inheritance does not create a present interest or right of title in property." Trustee Def. Mtn. (Doc. 211) at 11 (citing *Davis v. Davis*, 734 S.W.2d 707, 709–10 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). The Court agrees that a mere "possibility of inheritance" does not confer standing. For example, an interest in a trust that a party expects to inherit under a person's will is a mere expectancy and is

---

[2]The events are: (1) the issuance of a private letter ruling by the Internal Revenue Service or (2) thirty-one days after statutory notice is provided by the trustee. *Id.*

insufficient to confer standing. *Cote v. Bank One, Texas, NA.*, No. 4:03-CV-296-A, 2003 WL 23194260, at *4 (N.D. Tex. Aug. 1, 2003). However, this Plaintiff does not rely on a mere possibility or expectancy of inheriting an interest under a will in the future: he alleges that, under the terms of the Trust Agreement, he *currently* holds at least a contingent remainder interest in both the Margaret and Hassie Trusts. Therefore, this ground of dismissal is denied.

V.   Conclusion

For the foregoing reasons, the Court hereby **DISMISSES** the Margaret Hunt Trust Estate and the Haroldson Lafayette Hunt, Jr. Trust Estate from this case. The clerk of the court is directed to terminate these nominal defendants on the docket.

The Court **DENIES** the motion to dismiss (Doc. 211) to the extent it contests Plaintiff's standing.

**SO ORDERED** on this **30th** day of **December, 2009**.

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**