IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT G. HILL, III, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-2020-O |
| | § | |
| TOM HUNT, ET AL., | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Lyda Hill's Motion to Dismiss for Plaintiff's Failure to State a Claim and, Alternatively, for Plaintiff to Submit a RICO Case Statement (Doc. 294) ("Motion" or "Mtn.") filed September 18, 2009.  Having considered the Motion, related briefing, and the applicable law, the Court finds as follows.

I.   Background

This case involves causes of action arising out of management of the Margaret Hunt Trust Estate ("Margaret Trust") and Haroldson Lafayette Hunt, Jr. Trust Estate ("Hassie Trust"). *See*, Doc. No. 1 (3:07-CV-2020-O) (N.D. Tex. Dec. 3, 2007).  These trusts were created by H.L. Hunt, a wealthy Texas oilman, for his two eldest children, Margaret Hunt Hill ("Margaret") and Haroldson Lafayette Hunt, Jr.  *Id.*

Defendants Albert G. Hill, Jr. ("Al Jr."), Alinda Wikert ("Alinda"), and Lyda Hill ("Lyda") are Margaret's three children.  Plaintiff Albert G. Hill, III ("Plaintiff" or "Al III"), and Defendants Heather Washburne and Elisa Summers are Al Jr.'s three children. *Id.*  Each of these individuals either hold an interest (whether vested or contingent, current or remainder), or have

disclaimed an interest in the Margaret Trust.[1]

Tom Hunt, who was alive at the time this action commenced, was Trustee of the Margaret Trust and was sued both in his individual capacity and in his capacity as Trustee of the Margaret Trust. Following Tom Hunt's death, William Schilling was substituted in his capacity as personal representative of the Estate of Tom Hunt for the claims asserted against Tom Hunt individually. *See*, Order dated April 8, 2009 (Doc. 181). Likewise, Brett Ringle was substituted in his capacity as Trustee of the Margaret Trust for those claims asserted against Tom Hunt in his capacity as Trustee of the Margaret Trust.

On November 8, 2007, Plaintiff initiated this suit in the 14th Judicial District of Dallas County alleging violations of the federal Racketeer Influenced & Corrupt Organizations Act ("RICO"), fraud, breach of fiduciary duty, aiding and abetting, and civil conspiracy. Notice of Removal (Doc. 1). Defendants removed this action to federal court on December 3, 2007 on the basis that Plaintiff's RICO claims present a federal question. *Id.*

On September 18, 2009, Lyda filed the instant Motion to Dismiss. Lyda argues that Plaintiff's complaint fails to state a claim on which relief can be granted, and should therefore be dismissed under Federal Rule of Civil Procedure 12(b)(6). *See generally*, Lyda's Br. (Doc. 295). Alternatively, she contends that judgment on the pleadings should be entered in her favor under Federal Rule of Civil Procedure 12(c). Lyda contends that two defects warrant dismissal and/or judgment in her favor: 1.) Plaintiff's failure to meet general pleading standards required by Rule 8(a)(2); and 2.) Plaintiff's failure to plead his allegations of fraud against Lyda with the

---

[1] It is undisputed that Alinda validly disclaimed her interest in the Margaret Trust, and her interest passed to her children. *See*, Doc. 306 at 11–13; Bowman Decl. (Doc. 306) at App. 011.

2

particularity required by Rule 9(b). *Id.* In the alternative, Lyda asks that the Court order Plaintiff to prepare a RICO case statement. *Id.* at 15.

II.     Preliminary Matter

As a preliminary matter, Plaintiff contends that Lyda has waived her 12(b)(6) argument. Plaintiff's Response (Doc. 324) ("Pl. Resp.") at 4. The Court agrees. A defendant's 12(b)(6) defense is waived if the defendant files an answer before presenting the defense. *See*, FED. R. CIV. P. 12(b) ("A motion asserting [a 12(b)(6) failure to state a claim defense] must be made before pleading if a responsive pleading is allowed."). Lyda answered in state court before this case was removed to federal court. *See,* Notice of Removal (Doc. 1). Lyda's state court answer does not assert Plaintiff's failure to state a claim upon which relief can be granted. *See*, Lyda Hill Original Answer and Plea in Abatement (attached to Notice of Removal (Doc. 1)). She has therefore waived this argument. Accordingly, the Court will only consider Lyda's remaining arguments.

III.    Legal Standard

After the pleadings close, a defendant may assert the plaintiff's failure to state a claim upon which relief can be granted in a motion for judgment on the pleadings under Rule 12(c). FED. R. CIV. P. 12(c); 12(h)(2). The standard for deciding an assertion of failure to state a claim is the same whether asserted under Rule 12(b)(6) or 12(c). *Guidry v. Am. Pub. Life Ins.*, 512 F.3d 177, 180 (5th Cir. 2007).

In reviewing for failure to state a claim, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to

3

accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949–50 (2009). When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

Additionally, the Court cannot look beyond the pleadings. *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, documents that a defendant attaches to its motion are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Id.*

### A. Judgment on the Pleadings for Failure to State a Claim Under 8(a)

To defeat a motion to dismiss for failure to state a claim, Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 557).

### B. Motion to Dismiss For Failure to State a Claim Under Rule 9(b)

The Federal Rules of Civil Procedure impose a higher pleading requirement when a party

4

alleges fraud or mistake. *Compare*, FED. R. CIV. P. 9(b) *to* FED. R. CIV. P. 8(a). Specifically, the "party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In the Fifth Circuit, pleading fraud with particularity requires "time, place and contents of the false representations, as well as the identify of the person making the misrepresentation and what [the person] obtained thereby." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997).

With these legal standards in mind, the Court first addresses whether Plaintiff has met the general pleading requirements imposed by Rule 8(a) in his allegations against Lyda.

IV.   Analysis

   A.   **General Pleading Requirements: Rule 8(a)**

First, the Court addresses whether Plaintiff's claims against Lyda meet the general pleading requirements imposed by Rule 8(a). Plaintiff alleges four causes of action against Lyda: (1) violations of RICO by engaging in mail fraud and wire fraud; (2) civil conspiracy; (3) aiding and abetting breaches of fiduciary duty; and (4) aiding and abetting fraud. *See generally*, Plaintiff's Original Petition (attachment to Notice of Removal (Doc. 1)) ("Pl. Pet."); *see also*, Mtn. at 6.

After reviewing the allegations against Lyda in Plaintiff's Original Complaint (see, Doc. 1), and applying the operative standards, the Court is of the opinion that Plaintiff has met the general pleading requirements imposed by Rule 8(a). That is, Plaintiff has pled enough facts for the Court to reasonably infer that Lyda is liable for engaging in mail fraud and wire fraud, civil conspiracy, aiding and abetting breaches of fiduciary duty, and, assuming Texas law recognizes

5

such a cause of action on these facts, aiding and abetting fraud.[2]

The Court now turns to the issue of whether Plaintiff has met the heightened standards for pleading fraud under Rule 9(b).

### B.     Pleading Fraud With Particularity: Rule 9(b)

As outlined above, the Federal Rules of Civil Procedure impose a heightened pleading requirement to support claims sounding in fraud. Three of Plaintiff's four claims against Lyda rest on an allegation of fraud, specifically: 1.) violations of RICO by engaging in mail fraud and wire fraud; 2.) civil conspiracy to commit fraud; 3.) and aiding and abetting fraud. Plaintiff must therefore meet the fraud particularity requirement to survive judgment on the pleadings.

After reviewing the allegations against Lyda in Plaintiff's Original Complaint, and applying the appropriate standard outlined previously, the Court is of the opinion that Plaintiff has not met the particularity requirements for alleging fraud imposed by Rule 9(b). That is, Plaintiff has failed to sufficiently identify the "time, place and contents of the false representations" made, adopted, or otherwise imputed on Lyda.[3]  *Williams*, 112 F.3d at 177.

---

[2] Lyda contends that Plaintiff's claim against her for aiding and abetting fraud should be dismissed because no Texas case recognizes such a claim as distinct from a claim for conspiracy to commit fraud. Mtn. at 12 (citing *O'Kane v. Coleman*, No. 14-06-00657-CV, 2008 WL 2579832 (Tex. App.—Houston [14th Dist. 2008, no pet.). In this case, Plaintiff has asserted claims against Lyda for both aiding and abetting fraud and conspiracy to commit fraud. A federal district court in this Court's division recently dismissed a claim for aiding and abetting fraud where a claim for conspiracy to commit fraud was also alleged. *See, Highland Crusader Offshore Partners, L.P. v. Lifecare Holdings, Inc.*, No. 3:08-CV-0102-B, 2008 WL 392527, at *14 (N.D. Tex. 2008). Under Federal Rule of Civil Procedure 12(i), the Court defers ruling on this issue until trial.

[3] It is worth noting that Rule 9(b) allows mental state to be alleged generally, including mental conditions such as malice, knowledge, and intent. FED. R. CIV. P. 9(b).

Plaintiff's lengthy complaint makes specific allegations of fraud against several other defendants, and generally alleges fraudulent acts by "defendants." The Court's review of the pleadings, however, leaves the Court unsatisfied that fraud has been sufficiently pled as to Lyda. For example, to support the RICO claim, Plaintiff's petition generally states that Defendants used the mail and wires to defraud and mislead Plaintiff. Pl. Pet. at ¶¶ 102–104. However, the petition does not identify any particular mail or wire communication(s), Lyda's relationship to the communication(s), when or how the communication was made, or why the communication was fraudulent. To support the claim for conspiracy to commit fraud, Plaintiff generally states that "Defendants have committed unlawful and overt acts in furtherance of the conspiracy including . . approving or otherwise acquiescing in the wrongful conduct described above." Pl. Pet. ¶ 162. However, Plaintiff does not identify what "unlawful and overt acts" Lyda has committed in furtherance of a conspiracy to commit fraud, or how her acts have furthered a conspiracy to commit fraud.

Plaintiff's response to Lyda's motion to dismiss predictably states that Plaintiff's petition satisfies Rule 9(b). *See generally,* Pl. Resp. In addition, Plaintiff's response provides more specific factual allegations against Lyda than does his original complaint. *Compare*, Pl. Resp. *with* Pl. Pet. In deciding the present motion, however, the Court may not look beyond the pleadings. *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999). Accordingly, the Court has not considered the additional facts raised in Plaintiff's response.

Plaintiff's response notes that his petition is forty-five pages in length and contains over 200 paragraphs. Pl. Resp. at 1. As the 5th Circuit has stated, however, "a complaint can be long-winded, even prolix, without pleading with particularity. Indeed, such a garrulous style is

7

not an uncommon mask for an absence of detail." *Williams*, 112 F.3d at 178. In his response, Plaintiff fails to identify facts plead in his original petition which meet the particularity requirement of Rule 9(b) in his efforts to plead the fraud necessary to support his claims against Lyda for RICO violations, conspiracy to commit fraud, or aiding and abetting fraud.

### C.   Request for RICO Case Statement

In the event her motion to dismiss is denied, Plaintiff requests a RICO case statement. Over the course of this litigation, this Court has denied without prejudice similar requests from other defendants. *See*, Order dated March 31, 2009 (Doc. 174); Order dated December 5, 2009 (Doc. 386) at 28. The Court is of the opinion that submission of a RICO case statement at this point in the litigation would be helpful. Further, the Court has the power to order a RICO case statement *sua sponte*. *See, Skidmore Energy, Inc. v. KPMG*, No. 3:03-CV-2138-B, 2004 U.S. Dist. LEXIS 28396, at *25 (N.D. Tex. Dec. 28, 2004) (Order requiring RICO case statement issued *sua sponte*). Accordingly, the Court will enter a separate order consistent with this opinion.

### V.   Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Lyda's Motion to Dismiss (Doc. 294) because Plaintiff has not satisfied the requirements of Rule 9(b) in his claims against Lyda for RICO violations, conspiracy to commit fraud, or aiding and abetting fraud.

Before dismissing a claim based on insufficient pleadings, a district court should first grant leave to amend, unless the defect is incurable or the plaintiff has already been afforded an adequate opportunity to amend. *Andrade Enter., Inc.*, 2003 WL 22736538 at *2. In this case,

8

the defect does not appear incurable, and Plaintiff has not yet been afforded an opportunity to amend. Additionally, Plaintiff has requested an opportunity to amend. *See*, Pl. Resp. at 20–21. Accordingly, Plaintiff is **ORDERED** to file an Amended Complaint before 5:00 p.m. on January 19, 2010.

    **SO ORDERED** on this **4th** day of **January, 2010.**

                                          _____
                                          Reed O'Connor
                                          **UNITED STATES DISTRICT JUDGE**