## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ALBERT G. HILL, III, Individually, as a Beneficiary of the Margaret Hunt Trust Estate, Derivatively on Behalf of the Margaret Hunt Trust Estate, individually, As a Beneficiary of the Haroldson Lafayette Hunt Jr. Trust Estate, and Derivatively on Behalf of the Haroldson Lafayette Hunt, Jr. Trust Estate,** | § § § § § § § § § | |
| | § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **C.A. No. 3:07-CV-02020-O** |
| **TOM HUNT, et al.,** | § § | |
| **Defendants.** | § | |

---

## DEFENDANT ALBERT G. HILL, JR.'S BRIEF IN SUPPORT
## OF MOTION FOR PARTIAL SUMMARY JUDGMENT
## ON THE EFFECTIVENESS OF HIS DISCLAIMER

---

Michael P. Lynn, P.C.
  State Bar No. 12738500
Richard A. Smith
  State Bar No. 24027990
Kent D. Krabill
  State Bar No. 24060115
LYNN TILLOTSON PINKER & COX, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone:    214.981.3800
Facsimile:    214.981.3839

**ATTORNEYS FOR DEFENDANT
ALBERT G. HILL, JR.**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .............................................................................................. iii

SUMMARY ....................................................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 2

    1.    H.L. Hunt and Lyda Hunt Establish the MHTE for the Initial Benefit of
Their Daughter, Margaret Hunt Hill. ............................................................. 2

    2.    Hill, Jr. Executes a Disclaimer Before His Mother's Death, But Rescinds It
Before It Was Ever Filed in the Probate Court. ............................................ 4

ARGUMENT AND AUTHORITIES ................................................................................. 6

    1.    Hill, Jr.'s Disclaimer Never Became Irrevocable Because It Was Not Filed as
Required by the Terms of the Trust and the Texas Probate Code. ............... 6

        A.    The MHTE Requires Margaret's Interest in the Trust to Pass and
Vest in Accordance With the "Laws of Descent and Distribution"
Contained in the Probate Code. ............................................................... 6

        B.    The Probate Code's "Laws of Descent and Distribution" Require
Any Disclaimer to Be Filed or It Will Be Fully Revocable. ................... 9

        C.    Hill, Jr. Validly Rescinded the Unfiled Disclaimer. ............................... 11

    2.    Hill, Jr. Did Not Create a "Second Disclaimer" in 2007 Because No Such
Disclaimer Was Notarized as Required by Statute. ..................................... 12

    3.    Even If Hill, Jr. Actually Had Created a "Second Disclaimer" in 2007, Any
Such Instrument Was Still Revocable Because It Was Not Filed. ............... 14

    4.    Even If Hill, Jr. "Ratified" His Disclaimer in 2007, the Instrument
Remained Fully Revocable Because It Still Was Not Filed. ....................... 14

PRAYER ........................................................................................................................... 15

CERTIFICATE OF SERVICE ........................................................................................ 16

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*Hamilton v. Butler*,
    397 S.W.2d 932 (Tex. Civ. App.–Eastland 1965, writ ref'd n.r.e.)........................................ 6, 7

*In re Estate of Boren*,
    268 S.W.3d 841 (Tex. App.–Texarkana 2008, pet. denied) ......................................... 11, 13, 14

*Jones v. LaFargue*,
    758 S.W.2d 320 (Tex. App.–Houston 1988, writ denied) ........................................................ 7

*Paschall v. Bank of Am., N.A.*,
    260 S.W.3d 707 (Tex. App.–Dallas 2008, no pet.)................................................................... 6

**<u>Statutes</u>**

TEX. CIV. PRAC. & REM. CODE § 121.001 ................................................................................... 12

TEX. CIV. PRAC. & REM. CODE § 121.004 ................................................................................... 12

TEX. PROB. CODE § 37A ........................................................................................ 9, 12, 13, 14

TEX. PROP. CODE § 111.0035................................................................................................... 6, 7

TEX. PROP. CODE §112.010...................................................................................................... 7, 12

**<u>Rules</u>**

FED. R. CIV. P. 56....................................................................................................................... 5

## SUMMARY

Albert G. Hill, Jr. ("Hill, Jr.") files this Brief in Support of Motion for Partial Summary Judgment on the Effectiveness of His Disclaimer. As set forth below, the Court should grant summary judgment because:

- Hill, Jr.'s Partial Disclaimer of Interest in the Margaret Hunt Trust Estate ("MHTE" or "Trust") never became irrevocable because it was not filed as required by the terms of the Trust and the Texas Probate Code.

- Because it was not filed in compliance with the Probate Code, Hill, Jr. validly rescinded the Disclaimer in October 2007.

- Hill, Jr. did not create a "second Disclaimer" in 2007 because no such disclaimer was ever notarized in 2007, as required by Texas law.

- Even if Hill, Jr. had created second Disclaimer in 2007, it remained fully revocable because no such Disclaimer was ever filed before being rescinded by Hill, Jr.

- Likewise, even if Hill, Jr. "ratified" his Disclaimer by agreeing to update its recitals in 2007, such ratification would not have prevented Hill, Jr. from rescinding the Disclaimer because it still was not filed.

The foundation of Hill III's claims in this case rests upon his status as a current beneficiary of the MHTE due to the legal effect of Hill, Jr.'s Disclaimer. If he has no current right to any interest in the MHTE, then he cannot validly assert most of his claims. By this motion, Hill Jr. seeks to establish that the Disclaimer on which Hill III relies for his claimed beneficiary status is not effective under the terms of the Trust and applicable Texas law, which mandate that any disclaimer of interest must be filed with the state probate court. Because Hill, Jr.'s Disclaimer was clearly and unequivocally rescinded long before Hill III ever filed it with the probate court, Hill III has no claim to be a current beneficiary of the MHTE, and therefore has no claim against Hill, Jr. (or any of the other Defendants) that depends on his status as a current beneficiary. Accordingly, Hill, Jr. is entitled to summary judgment defeating Hill III's Count 17, his request for a declaratory

judgment that he is "a direct and vested beneficiary of the MHTE."[1]   The summary judgment requested herein would also dramatically limit or even eliminate Hill III's ability to pursue his remaining claims against Hill, Jr.–including RICO (Count 1), civil conspiracy (Count 7), aiding and abetting breach of fiduciary duty and fraud (Counts 8 and 9) – because Hill III would not have standing to pursue those claims based on any assertion that he is a current beneficiary of the MHTE, and could not claim damages based on that alleged status.

The subject matter of this motion substantially overlaps with a motion for partial summary judgment that is currently pending before Probate Court No. 2 of Dallas County, Texas.   The probate court has not yet completed its hearing of that motion, and it is unclear when it may issue a ruling on that motion.   The intent of the present motion is not to forum shop or to duplicate effort. But while the summary judgment motion is pending in the state probate court, Hill, Jr. must also defend his interests before this Court, particularly now that Hill III's motion for summary judgment is once again pending.   To establish the law and the facts supporting the requested partial summary judgment, Hill, Jr. would show the Court as follows.

## STATEMENT OF FACTS

1.    **H.L. Hunt and Lyda Hunt Establish the MHTE for the Initial Benefit of Their Daughter, Margaret Hunt Hill.**

The origins of this dispute reach back nearly 75 years to the founding of the Margaret Hunt Trust Estate in December 1935.[2]   The MHTE was established by H.L. Hunt – the legendary Texas oil baron and one of the wealthiest people in the world at the time – and his wife, Lyda

---

[1] *See* Plaintiff's Original Petition and Jury Demand at, ¶¶ 202-05.

[2] Apx. 001 (MHTE at 1).  The admissibility of the MHTE is established by the Business Records Affidavit of Brett Ringle, Trustee of the Margaret Hunt Trust Estate, originally filed in the state probate court proceedings.  *See* Apx. 021 (Ringle Affidavit at ¶ 3).  The terms of the Trust are not disputed, and a copy of the Trust instrument is also attached as Exhibit 1 to Plaintiff's Original Petition and Jury Demand (Doc. #1).

Hunt, for the initial benefit of their daughter, Margaret.[3]  The Trust was designed to outlast the life of its beneficiary, however, since it provided that the beneficiary would only have the right "to receive distribution of net earnings awarded her by the Trustee with the consent of the Advisory Board," and "shall have no right to the corpus of the Trust property . . . ."[4]  No distribution from the corpus itself was permitted before the scheduled termination of the trust, which was not set to occur until 21 years after Margaret's death.[5]  Accordingly, the Trust also made provision for the passing of Margaret's interest to successor beneficiaries:

> At the time of the death of the Beneficiary, her equitable interest in said Trust Estate, unless disposed of otherwise by said Beneficiary, **shall pass to and vest in her heirs in accordance with the laws of descent and distribution then in force**, applicable to the equitable interest of such Beneficiary in said Trust Estate. (The term "Beneficiary" applies not only to Margaret Hunt but to all her successors to beneficial interests under this trust).[6]

Thus, the Settlors, H.L. and Lyda Hunt, clearly set forth that, unless Margaret Hunt otherwise disposed of her equitable interest in the MHTE, that interest must pass and vest <u>only</u> under the "laws of descent and distribution" in effect at the time of Margaret's death.

In 1938, Margaret married Albert G. Hill.  They had three children: Lyda Hill, Albert G. Hill, Jr., and Alinda Hill Wikert.  Margaret passed away on June 14, 2007, at the age of 91,[7] and her Last Will and Testament was filed with the Probate Court No. 2 of Dallas County, Texas and admitted to probate on July 2, 2007.[8]  Plaintiff concedes that Margaret never exercised any

---

[3] Apx. 001 (MHTE at 1); *see also* Plaintiff's Original Petition and Jury Demand at ¶ 15 (Doc. #1).

[4] Apx. 006 (MHTE at Art. III, § 1).

[5] Apx. 007 (MHTE at Art. IV, § 3).

[6] Apx. 006 (MHTE. at Art. III, § 3) (emphasis added).

[7] *See* Plaintiff's Original Petition and Jury Demand at ¶ 51 (Doc. #1).

[8] Apx. 042-51 (file-stamped copy of Last Will and Testament of Margaret Hunt Hill); Apx. 052-65 (file-stamped Notice of Application for Probate of Will).

power of appointment over her interest in the Trust.[9]  Margaret's interest in the MHTE would therefore "pass to and vest in her heirs" as provided by "the laws of descent and distribution then in force" at the time of her death.[10]

## 2.    Hill, Jr. Executes a Disclaimer Before His Mother's Death, But Rescinds It Before It Was Ever Filed in the Probate Court.

On November 21, 2003 – three and a half years before the death of Margaret Hunt Hill – Al Hill, Jr. suffered a traumatic accident that caused fractures to his cervical and thoracic spinal column, head trauma, and paralysis.[11]  As a result of that accident, Hill, Jr. spent five months in an intensive care unit and rehabilitation facility.  He continued his treatment at home with extensive rehabilitation therapy.  In the midst of those difficulties, Hill, Jr. signed multiple originals of a document purporting to disclaim a portion of his beneficial interest in the MHTE (the "Disclaimer") in March 2005.[12]  The original copies of the Disclaimer were notarized by Hill, Jr.'s assistant, Joyce Waller, also in 2005.[13]

Shortly after Margaret Hunt Hill's death, the Trustee of the MHTE, Tom Hunt, requested that Hill, Jr. agree to have certain of the language in the Disclaimer's recitals updated.[14]  To that end, attorney Ivan Irwin brought Hill, Jr. new copies of the Disclaimer's recital pages.[15]  The

---

[9] See Plaintiff's Brief in Support of His Motion for Partial Summary Judgment on His Status as a Beneficiary and For an Accounting of the Margaret Hunt Trust Estate at 5 (Doc. #287).

[10] Apx. 006 (MHTE at Art. III, § 3).

[11] See generally Albert G. Hill, Jr.'s Brief in Support of Response to Plaintiff's Motion for Summary Judgment (Doc. #378) and supporting Appendix (Doc. #379).  The resolution of the present motion does not depend in any way on the issues regarding Hill, Jr.'s mental capacity, in 2005 or otherwise, but instead depends only on the undisputed facts related to the filing of the Disclaimer after the death of Margaret Hunt Hill.

[12] See Apx. 069-70, 071-73 (Hill, Jr. depo. at 43-44, 83-85); Apx. 098-100 (original version of Disclaimer).

[13] See Apx. 102-05 (Waller depo. at 211-14); see also Apx. 128-31 (Disclaimer).  The Court is obviously aware of the dispute over whether Ms. Waller signed one of the four original copies of the Disclaimer for Hill, Jr.  This motion does not depend, in any way, on whether it was Hill, Jr. or Ms. Waller who signed the fourth copy of the Disclaimer.

[14] See Apx. 109-11 (Irwin depo. at 57-59); Apx. 083-86 (Hill, Jr. depo. at 321-24).

[15] See Apx. 087-89 (Hill, Jr. depo. at 326-28).

---

new recital pages were largely identical to the previous recitals, with the primary exception being that the original version had described a "general power of appointment" under the MHTE and the update described it simply as a "power of appointment."[16] The actual disclaimer language – that is, the portion of the document titled "Disclaimers" and identifying what exactly was being disclaimed – remained completely unchanged from its original language.[17] With Hill, Jr.'s approval, the March 2005 signature pages from his Disclaimer were removed from the originals of the Disclaimer and attached to the updated recital pages.[18] Hill, Jr. did not sign the updated Disclaimer or have it notarized in 2007,[19] nor did he file it with the court where Margaret's estate was being probated.[20]

By October 2007, Hill, Jr. determined that he had not fully and completely understood the legal effects of the Disclaimer when he signed it in March 2005.[21] On October 9, 2007, Hill, Jr. sent a letter (the "Rescission Letter") to Tom Hunt, the Trustee of the Margaret Hill Trust Estate, disaffirming and rescinding the earlier Disclaimer.[22] Crucially, no copy or version of the Disclaimer had ever been filed with the state probate court prior to the time Hill, Jr. disaffirmed and rescinded it.[23] Nearly five months later, Hill III himself filed a copy of the Disclaimer with

---

[16] See Apx. 110-12 (Irwin depo. at 58-60, 99-100); Apx. 067-68 (Hill, Jr. depo. at 16-17).

[17] Compare Apx. 098-100 (original Disclaimer) with Apx. 128-31 (updated Disclaimer, attached to Hill III's Notice of Filing of Disclaimers).

[18] See Apx. 110-11 (Irwin depo. at 58-59); Apx. 88-89 (Hill, Jr. depo. at 327-28).

[19] See Apx. 110, 113 (Irwin depo. at 58, 99); Apx. 87-88 (Hill, Jr. depo. at 326-27).

[20] See Apx. 123 (Affidavit of Michael P. Lynn at ¶ 4).

[21] See Apx. 132 (Rescission Letter). The fact that Hill, Jr. executed the Rescission Letter and sent it to Tom Hunt is not disputed. To the contrary, its execution is one of the facts on which Hill III bases his lawsuit. See, e.g., Plaintiff's Original Petition at ¶¶ 71, 163 & 204 (Doc. #1); RICO Case Statement at 20 (Doc. #483). The admissibility of the Rescission letter has been previously established through the affidavit of Hill, Jr. (Doc. #379 at App. 002, ¶ 8) and the declaration of Hill III (Doc. #286-3 at ¶ 8 & Exhibit C thereto). In short, the fact of the Rescission letter is not disputed, though the parties obviously contest its effect.

[22] See Apx. 132 (Rescission Letter).

[23] See Apx. 123 (Affidavit of Michael P. Lynn at ¶ 4).

---

the probate court, in a belated attempt to enforce it despite the Rescission Letter.[24]  In his Notice

of Filing of Disclaimers, Hill III expressly stated that he was filing both the original and updated

Disclaimer "[p]ursuant to Section 37A of the Probate Code . . . ."[25]

## ARGUMENT AND AUTHORITIES

Summary judgment is appropriate if the record, viewed in a light most favorable to the

non-moving party, contains no genuine questions of material fact and demonstrates that the

moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  Because there is

no factual dispute regarding the filing of the Disclaimer, the issue for this Court to determine is

the purely legal question of whether the Disclaimer ever became irrevocable before Hill, Jr.

rescinded it on October 9, 2007.  As set forth below, the applicable law and the terms of the

Trust are both clear on that issue, making it appropriate for the Court to enter summary judgment

that the Disclaimer is void because Hill, Jr. validly rescinded it before it ever became

irrevocable.

1.    **Hill, Jr.'s Disclaimer Never Became Irrevocable Because It Was Not Filed as Required by the Terms of the Trust and the Texas Probate Code.**

A.    **The MHTE Requires Margaret's Interest in the Trust to Pass and Vest in Accordance With the "Laws of Descent and Distribution" Contained in the Probate Code.**

The first analytical step in determining the effectiveness of Hill, Jr.'s Disclaimer is

recognizing that the intent of the settlor, as set forth in the terms of the trust agreement,

determine how the trust is to be governed.  *See, e.g., Paschall v. Bank of Am., N.A.*, 260 S.W.3d

707, 710 (Tex. App.–Dallas 2008, no pet.) ("In interpreting an unambiguous trust instrument, we

examine the four corners of the instrument to determine the settlor's intent. . . . When, as here,

---

[24] *See* Apx. 125-31 (certified copy of Notice of Filing of Disclaimers, filed on March 4, 2008).

[25] *See* Apx. 125 (certified copy of Notice of Filing of Disclaimers)

the language is unambiguous and expresses the settlor's intent, we need not construe the instrument because it speaks for itself."); TEX. PROP. CODE § 111.0035(b) ("[T]he terms of the trust prevail over any provision of this subtitle, except [certain matters not at issue in this case].").   In this case, the MHTE incorporates the provisions of the Texas Probate Code for determining how Margaret Hunt Hill's interest in the Trust passes to and vest in her heirs.  The MHTE expressly provides:

> At the time of the death of the Beneficiary, her equitable interest in said Trust Estate, unless disposed of otherwise by said Beneficiary, **shall pass to and vest in her heirs in accordance with the laws of descent and distribution then in force**, applicable to the equitable interest of such Beneficiary in said Trust Estate. (The term "Beneficiary" applies not only to Margaret Hunt but to all her successors to beneficial interests under this trust).[26]

The "laws of descent and distribution then in force" are contained in Chapter 2 of the Texas Probate Code, which is, tellingly, titled "Descent and Distribution."[27]  Case law recognizes that "Chapter 2 of the Probate Code contains the law of descent and distribution in Texas." *Hamilton v. Butler*, 397 S.W.2d 932, 933 (Tex. Civ. App.–Eastland 1965, writ ref'd n.r.e.); *see also Jones v. LaFargue*, 758 S.W.2d 320, 325 (Tex. App.–Houston 1988, writ denied) ("Where there is no valid will, the Texas laws of descent and distribution, set forth in the Texas Probate Code, apply.").   In fact, all of the laws of descent and distribution have been consolidated in Chapter 2 of the Probate Code.  *Hamilton*, 397 S.W.2d at 934 ("With this legislative history in mind, it appears that, in 1955, the Legislature . . . placed *all* laws of descent and distribution in the Probate Code, beginning with Chapter 2.") (emphasis added).   Under Texas law, there is no other source of "the laws of descent and distribution" other than the Texas Probate Code.

---

[26] *See* Apx. 006 (MHTE at Art. III, § 3) (emphasis added).

[27] *See* Apx. 133 (Table of Contents for Chapter 2 of the Texas Probate Code).

The Texas Legislature has, of course, also enacted the Texas Trust Code.  But there is no authority for labeling any provision of the Trust Code as a "law of descent and distribution," since those laws are exclusively contained in the Probate Code.  *See Hamilton*, 397 S.W.2d at 394.  But just as importantly, the general provisions of the Trust Code – including section 112.010 regarding disclaimers of trust interests – do not apply when they conflict with the specific terms of a trust.[28]  *See* TEX. PROP. CODE § 111.0035(b) (providing that, with certain inapplicable exceptions, "[t]he terms of a trust prevail over any provision" of the Trust Code).  Indeed "the provisions of the Trust Code are default rules that apply *absent* contrary provision in the governing instrument."  *Id.* at Commentary.  In effect, the Trust Code functions as a "gap-filler" that provides default guidance when a settlor does not express his or her intent, not an enactment that otherwise trumps the settlor's intent as expressed by the terms of the trust.

Hill III fully understands this, despite his counsel's protests to the contrary.  In fact, Hill III, through his counsel, has already made a critical admission to this Court in his own briefing that Margaret's interest in the MHTE can pass to him only according to "the laws of descent and distribution":

> Margaret was unmarried at her death.  Her will makes no disposition of her inter vivos Trust interest.  As a result, by the terms of the MHTE Trust Agreement, ownership of that interest passed to her heirs **under the laws of descent and distribution**:
>
> > At the time of death of the Beneficiary, her equitable interest in said Trust Estate, unless disposed of otherwise by said Beneficiary, shall pass to and vest in her heirs in accordance with the laws of

---

[28] When the MHTE was created in 1935, it would have been impossible for H.L. Hunt and Lyda Hunt to have intended their daughter's interest in the MHTE to pass in accordance with the terms of the Trust Code, because the Legislature did not even begin to enact the provisions of the Trust Code until 1943.  By contrast, the legislative origins of the Probate Code, including the "laws of descent and distribution," date back to the 19th century.  But in any event, H.L. and Lyda Hunt clearly expressed their intent to incorporate any changes to the laws of decent and distribution that may have occurred after the MHTE was established, and those changes would include § 37A of the Probate Code.

descent and distribution then in force, applicable to the equitable interest of such Beneficiary in such Trust Estate.

As a result of that transfer of ownership, her successors stood in her shoes as beneficiaries of the MHTE: . . . .[29]

Hill III also filed his father's Disclaimer in state court "[p]ursuant to Section 37A of the Probate Code," thereby admitting that the Probate Code, not the Trust Code, controls his claim to be a beneficiary of the MHTE.

In sum, the law is clear that the terms of the trust prevail, and the MHTE is clear that Margaret's equitable interest must pass in accordance with the laws of descent and distribution, and Hill III has already conceded that very point. Therefore, Chapter 2 of the Texas Probate Code must govern the passing of Margaret's equitable interest in the MHTE and its vesting in her heirs.[30]

### B.    The Probate Code's "Laws of Descent and Distribution" Require Any Disclaimer to Be Filed or It Will Be Fully Revocable.

By giving effect to "the laws of descent and distribution then in force" as embodied in Chapter 2 of the Probate Code, the MHTE expressly incorporates section 37A of the Probate Code. Section 37A sets forth the Texas Legislature's detailed requirements for any person seeking to make an irrevocable disclaimer of interest. Section 37A makes it perfectly clear that compliance with its provisions is mandatory, stating that "Any person . . . who may be entitled to receive any property as a beneficiary and who intends to effect disclaimer irrevocably . . . of the

---

[29] Plaintiff's Brief in Support of His Motion for Partial Summary Judgment as a Beneficiary and for an Accounting of the Margaret Hunt Trust Estate at 5 (Doc. #287) (emphasis added).

[30] Numerous parties, including Hill, Jr., have mistakenly assumed at one time or another that the Trust Code applies to the Disclaimer, simply because the MHTE is a trust. The parties' mistaken beliefs, however, cannot override the express terms of the MHTE and its requirement that the beneficiary's interest pass according to Texas' "laws of descent and distribution."

whole or any part of such property **shall evidence same as herein provided**." TEX. PROB. CODE § 37A(a) (emphasis added).[31]

The Probate Code is also quite clear in its requirement that any disclaimer must actually be filed with the court where the decedent's will has been probated:

> [A] written memorandum of disclaimer disclaiming a present interest shall be filed not later than nine months after the death of the decedent and a written memorandum of disclaimer disclaiming a future interest may be filed not later than nine months after the event determining that the taker of the property or interest is finally ascertained and his interest is indefeasibly vested. . . . **The written memorandum of disclaimer <u>shall be filed</u> in the probate court in which the decedent's will has been probated or in which proceedings have been commenced for the administration of the decedent's estate** or which has before it an application for either of the same . . .

*Id.* § 37A(h) (emphasis added). Section 37A goes on to provide that if the disclaimer is filed as required by the statute, it becomes irrevocable. *Id.* § 37A(k) ("Any disclaimer filed and served under this section shall be irrevocable."). In short, unless a disclaimer is actually filed, it will not be irrevocable.

As a matter of law, any Disclaimer by Hill, Jr. would remain fully revocable unless and until it was filed with the state probate court following the death of Margaret Hunt Hill. That result is completely consistent with the Texas Legislature's determination that any disclaimer under the Probate Code must actually be filed in the public record, not just signed and stored in a cupboard. In enacting that filing requirement, the Legislature made a policy decision that no such disclaimer would become binding until it was filed, precisely so that there would be no dispute over the effectiveness of a purported disclaimer and the disclaiming party's intent. Once filed, the disclaimer's intent is made clear and is proclaimed to all the world, including all

---

[31] Section 37A was amended and reorganized in 2007, with an effective date of September 1, 2007. Although there are some substantive differences between the current statute and the version in effect at the time Margaret Hill's will was admitted to probate, none of those differences affect the analysis or outcome of the present motion. For the sake of simplicity, this motion cites to and quotes from the current version of the statute.

possible heirs, making it less likely that disputes like the one in this case will arise.  That policy

goal is obviously not furthered by Hill III's efforts to lay claim to status as a current beneficiary

of the MHTE based on his father's unfiled Disclaimer.

Furthermore, Hill III himself has even recognized that the Disclaimer would not in any

event be effective unless it was filed with the probate court, since he (belatedly) filed both the

original and the updated Disclaimer with that court on March 4, 2008.[32]  In that filing, Hill III

explained under precisely what law he was filing those documents:

> **Pursuant to Section 37A of the Probate Code**, please take notice that on this day  Respondent Al G. Hill, III ("Respondent") filed the attached Disclaimers in the above styled action.  Attached as Exhibit "A" is a Disclaimer by Al G. Hill, Jr., dated March 22, 2005, regarding the Margaret Hunt Trust Estate.  Out of an abundance of caution, Respondent also files as Exhibit "B" a second Disclaimer regarding the Margaret Hunt Trust Estate which was fraudulently back-dated to March 22, 2005, by Respondents Tom Hunt and Al G. Hill, Jr.[33]

Thus, Hill III's own words and conduct have resulted in an admission that the section 37 A of the

Probate Code applies to the "passing of and vesting in" the equitable interest of the MHTE, and

that section 37A required the Disclaimer to be filed if it was to ever be given effect.  In light of

the express intent of the Settlors, the clear filing requirement of section 37A, and Hill III's own

conduct in attempting to comply with section 37A's filing requirement, there can be no question

that Hill, Jr.'s Disclaimer was required to be filed before it could become a valid disclaimer

under Texas law.

### C.     Hill, Jr. Validly Rescinded the Unfiled Disclaimer.

The Probate Code is clear that a disclaimer is fully and freely revocable until it is filed in

the appropriate court.  Case law affirms that a disclaimer that is not filed in accordance with

section 37A may, in fact, be revoked.  *In re Estate of Boren*, 268 S.W.3d 841, 849 (Tex. App.–

---

[32] *See* Apx. 125-31 (certified copy of Notice of Filing of Disclaimers; filed March 4, 2008) (emphasis added).

[33] *Id.*

Texarkana 2008, pet. denied).   In *Boren*, the Texarkana Court of Appeals reversed a probate

court's ruling that a decedent's relatives had validly disclaimed their inheritance via

unambiguous instrument that met all of the substantive requirements of section 37A *except* that

they had not been filed among the papers of the probate court.   *Id.* at 848-49.   The court of

appeals agreed with the relatives that the failure to file rendered the disclaimer revocable,

holding that "**until the disclaimers had been properly filed, they remained revocable**." *Id.* at

849 (emphasis added).   Because the relatives revoked their disclaimers before they were actually

filed with the probate court, the court of appeals held that the disclaimers were of no effect:

> Under the statute, once the proper filing and service of the disclaimer occurs, *alea jacta est* ("the die is cast"); it then becomes irrevocable.   Because Richard and Jeanetta revoked their disclaimers before the disclaimers signed by them had been properly filed, they were effectively revoked.   Accordingly, despite the fact that the form of the disclaimers was sufficient to satisfy the statute, irrespective of the intention they held to disclaim inheritance under Sarah at the time they were signed, and regardless of their expressed desires to heal the rift within the family, they were no longer operative after the revocation occurred.

*Id.* at 850 (footnote omitted).

Just as in *Boren*, Hill, Jr.'s Disclaimer was revocable because it was never filed before

Hill, Jr. rescinded and disaffirmed it.   Accordingly, Hill, Jr.'s October 9, 2007 Rescission Letter

was valid and effective, denying any effect to the prior Disclaimer.   Because there is no genuine

issue of material fact regarding the effective rescission of the Disclaimer, and because the

Disclaimer is the only basis Hill III claims for his alleged status as a current beneficiary of the

MHTE, the Court should grant summary judgment that Hill, Jr. validly rescinded his Disclaimer

and that Hill III is therefore not a current beneficiary of the MHTE.

**2.      Hill, Jr. Did Not Create a "Second Disclaimer" in 2007 Because No Such Disclaimer Was Notarized as Required by Statute.**

Hill III also claims that Hill, Jr. created a second disclaimer in June 2007.   According to

Hill III, that second Disclaimer was allegedly created when Hill, Jr. agreed to have the original

document modified and allowed his original signature pages from March 2005 to be attached to the updated version of the Disclaimer.[34]  Contrary to Hill III's argument however, there is no possibility that the 2007 update – no matter how Hill III seeks to characterize it – ever amounted to the creation of a second disclaimer.  That is so because Texas law requires – under both the Probate Code and the Trust Code – that any actual disclaimer must be contained in a written memorandum and "acknowledged before a notary public or other person authorized to take acknowledgments of conveyances of real estate . . . ."  TEX. PROB. CODE § 37A(g); TEX. PROP. CODE § 112.010(c-2)(1).  No matter what else the 2007 update may have been, it was not notarized when the updated document was created in 2007, as would have been required by law for the document to be effective as an independent disclaimer.

For a written instrument to be properly "acknowledged" under Texas law, the person who executed the document must personally appear before the notary or other officer to confirm its execution, and the notary must then "(1) make a certificate of the acknowledgment; (2) sign the certificate; and (3) seal the certificate with the seal of office."  TEX. CIV. PRAC. & REM. CODE § 121.004(a) & (b); see also id. § 121.001(a) (providing that a notary public is one of the persons authorized to take acknowledgments of written instruments).   None of those statutory requirements were fulfilled when the Disclaimer was updated in 2007.  It is undisputed that the update was accomplished by transferring the 2005 signature pages, including the 2005 notarizations, onto updated copies of the Disclaimer,[35] and therefore no new acknowledgment occurred in 2007.  Because the 2007 update was not "acknowledged before a notary public" at that time, it could not have legally constituted a "second disclaimer," and the Court should grant

---

[34] See, e.g., RICO Case Statement at 17-18 (Doc. #483).

[35] See Apx. 110, 113 (Irwin depo. at 58, 99); Apx. 087-89 (Hill, Jr. depo. at 326-28).

summary judgment against Hill III to the extent that he continues to claim that the 2007 update resulted in the creation of an independently effective second disclaimer.

3.      **Even If Hill, Jr. Actually Had Created a "Second Disclaimer" in 2007, Any Such Instrument Was Still Revocable Because It Was Not Filed.**

Even if the Court were to accept Hill III's argument that the act of updating the Disclaimer in June 2007 actually resulted in the creation of a second Disclaimer, Hill III would still not be able to claim the status of a current beneficiary of the MHTE because that supposed second Disclaimer was not filed before Hill, Jr. sent his Rescission Letter to Tom Hunt on October 9, 2007. As explained above, the terms of the MHTE and the Probate Code it incorporates actually require *any* version of the Disclaimer to be filed with the probate court before it would become irrevocable. *See* TEX. PROB. CODE § 37A(h) & (k); *Boren*, 268 S.W.3d at 849-50. Hill, Jr.'s Rescission Letter unambiguously stated that he was "disaffirming and rescinding the *__disclaimers__* of any future income, future corpus and power of appointment interests in the Margaret Hunt Trust Estate."[36] Hill, Jr. promptly followed that action with a cross-claim filed in the probate court for a declaratory judgment that he had disaffirmed and rescinded the Disclaimer.[37] Thus, Hill, Jr. unambiguously rescinded any and all versions of his Disclaimer long before any of them were ever filed with the probate court. Hill III therefore cannot rely on any "second Disclaimer" as the basis for his claim to be a current beneficiary of the MHTE, and the Court should grant summary judgment to that effect.

4.      **Even If Hill, Jr. "Ratified" His Disclaimer in 2007, the Instrument Remained Fully Revocable Because It Still Was Not Filed.**

Hill III has also suggested that Hill, Jr. and the Trustees supposedly "ratified" the Disclaimer by having it updated in June 2007, or through various other alleged acts of ratification

---

[36] *See* Apx. 132 (Rescission Letter) (emphasis added).

[37] *See* Apx. 134-42 (Original Answer and Cross-Claims of Albert G. Hill, Jr., filed 10/17/07).

that occurred after the Disclaimer was originally executed. While Hill, Jr. disputes that he ratified

the Disclaimer, the merits of that argument are irrelevant because a disclaimer still must actually be

filed with the court where the decedent's estate is being administered before it will become

irrevocable. *See* TEX. PROB. CODE § 37A(h) & (k); *Boren*, 268 S.W.3d at 849-50. "Ratification"

is not a substitute for the filing that is required by the Probate Code. Thus, even if Hill Jr. agreed

or assented to the existence of the Disclaimer – which Hill, Jr. disputes – that intent still would not

give effect to the document unless and until he were to file it with the probate court. Indeed, it

would be completely contrary to the statutory requirements if a properly executed and notarized

disclaimer must be filed in probate court pursuant to the section 37A of the Probate Code, while

another disclaimer that was purportedly "created" only by a theory of ratification could become

valid and irrevocable without the required filing. Yet that absurd conclusion would actually be true

if the Court were to accept Hill III's ratification argument. Because Hill, Jr. did not actually file

any version of the Disclaimer with the probate court, the Disclaimer remained fully revocable at all

times and could not have been rendered irrevocable through any theory of ratification.

## <u>PRAYER</u>

For the foregoing reasons, Defendant Albert G. Hill, Jr. respectfully requests that the

Court grant him summary judgment:

(1)    that Hill, Jr. validly disaffirmed and rescinded the Disclaimer of his interest in the
       MHTE, such that the Disclaimer has now been effectively revoked, and

(2)    that Hill III is not a current beneficiary of the MHTE.

Hill, Jr. also requests all further and additional relief to which he may show himself justly

entitled, at law or in equity.

DATED:  March 4, 2010                          Respectfully submitted,

*/s/ Michael P. Lynn, P.C.*

Michael P. Lynn, P.C.
   State Bar No. 12738500
   mlynn@lynnllp.com
Richard A. Smith
   State Bar No. 24027990
   rsmith@lynnllp.com
Kent D. Krabill
   State Bar No. 24060115
   kkrabill@lynnllp.com
LYNN TILLOTSON PINKER & COX, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas  75201
Telephone:    214.981.3800
Facsimile:    214.981.3839

**ATTORNEYS FOR DEFENDANT
ALBERT G. HILL, JR.**


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of recording using the ECF System for filing in accordance with the Court's ECF Order.


*/s/ Richard A. Smith*

Richard A. Smith