UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT G. HILL, III, Individually as a Beneficiary of the Margaret Hunt Trust Estate, Derivatively on behalf of the Margaret Hunt Trust Estate, Individually as a Beneficiary of the Haroldson Lafayette Hunt, Jr. Trust Estate, and Derivatively on behalf of the Haroldson Lafayette Hunt, Jr. Trust Estate, | § § § § § § § § § | |
| | § | CIVIL ACTION NO. 07-CV-02020-O |
| *Plaintiff,* | § § | |
| v. | § § | |
| TOM HUNT, et al., | § § | |
| *Defendants.* | § | |

**PLAINTIFF'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST ALBERT G. HILL, JR. AND REQUEST FOR EXPEDITED CONSIDERATION**

**ALONG WITH PLAINTIFF'S REMAINING RULE 12 OBJECTIONS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, ALBERT G. HILL, III, Plaintiff in the above-entitled and numbered cause, and files this *Rule 12(c) Motion for Judgment on the Pleadings Against Albert G. Hill, Jr.* and brief in support. Due to the limitation on multiple Rule 12 motions [FED. R. CIV. P. 12(g)(2)], within this pleading Plaintiff also submits his *Remaining Rule 12 Objections* in the discrete subpart appearing below. With respect to the motion for judgment on the pleadings, Plaintiff moves the Honorable Court for expedited consideration. Expedited consideration is not being requested as to the remaining objections.

# I.
# INTRODUCTION

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Plaintiff Albert G. Hill, III ("***Hill III***") moves for judgment on the pleadings on Albert G. Hill, Jr.'s ("***Hill Jr.***") *Eleventh Defense: Disclaimers Not Filed*[1] ("***Probate Code Section 37A Defense***").[2]

Hill Jr.'s Probate Code Section 37A Defense fails to state a legal defense and has already been determined by the Court as a matter of law to be inapplicable to the disclaimers made the basis of this action. Therefore, Plaintiff moves for partial judgment on the pleadings. To render this partial judgment final and conclusive, Hill III further moves for certification of the judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

In the alternative, Hill III respectfully moves the Court to convert its March 14, 2010 *Memorandum Opinion and Order* (Doc. #611) into a partial summary judgment **against** Hill Jr. on this same issue and render the partial summary judgment final and conclusive pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[3]

---

[1]       *Defendant Albert G. Hill, Jr.'s Answer to Plaintiff's First Amended Complaint* (Doc. #674) at ¶¶ 58, 97-98.

[2]       *See also, Plaintiff Albert G. Hill, III's First Amended Complaint* (Doc. #616) at ¶ 251 (asserting that Texas Probate Code is inapplicable and cannot be asserted as a defense).

[3]       A district court may grant summary judgment **against** a movant even if the non-movant has not filed a cross-motion. *United States Cellular Corp. v. City of Wichita Falls, Texas*, 364 F.3d 250, 259 (5th Cir. 2004); *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 730 (5th Cir. 2003); *Landry v. G.B.A.*, 762 F.2d 462, 464 (5th Cir. 1985). *See also* FED. R. CIV. P. 54(d)(2) (example of partial summary judgment).

## II.
## ARGUMENT AND AUTHORITIES

### A.    Rule 12(c) Standards

A Rule 12(c) motion for judgment on the pleadings is determined according to the same

standards as a Rule 12(b)(6) motion to dismiss.[4]  According to the Fifth Circuit:

> Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as
> not to delay the trial, any party may move for judgment on the pleadings." "A
> motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases
> [or portions of cases] where the material facts are not in dispute and a judgment
> on the merits can be rendered by looking to the substance of the pleadings and
> any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914
> F.2d 74, 76 (5th Cir. 1990) (per curiam) (citing 5A Charles A. Wright & Arthur
> R. Miller, Federal Practice and Procedure § 1367, at 509-10 (1990)).[5]

Also according to the Fifth Circuit, district courts may, on a Rule 12(c) motion, enter partial

judgment as to a claim or defense and then certify the partial judgment as a final judgment.[6]

Indeed, this practice is widely endorsed by the circuits.[7]

### B.    Hill Jr.'s Probate Code Section 37A Defense Fails as a Matter of Law

Hill Jr. filed a motion for summary judgment on March 4, 2010, seeking a partial

summary judgment that Hill Jr. validly revoked his disclaimers before they were filed of record

---

[4]     *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

[5]     *Great Plains Trust Company v. Morgan Stanley Dean Witter & Co.*, 313 F.3d
305, 312 (5th Cir. 2002).

[6]     *See, e.g., Lee v. American Airlines Inc.*, 355 F.3d 386 (5th Cir. 2004) (affirming
The Honorable Jorge Solis, who "granted American Airlines partial judgment on the pleadings,
pursuant to Fed. R. Civ. P. 12(c), as to [particular] damages … [and] subsequently certified this
issue for appeal").

[7]     *See, e.g., DeMayo v. Nugent*, 517 F.3d 11, 19 (1st Cir. 2008); *Curran v. Cousins*,
509 F.3d 36, 50 (1st Cir. 2007); *Park Univ. Enterprises, Inc. v. Am. Cas. Co. of Reading, PA*,
442 F.3d 1239, 1251 (10th Cir. 2006); *Lee*, 355 F.3d at 387; *Felder v. Hyatte*, 202 F.3d 273, 274
(7th Cir. 1999); *Security Ins. Co. of Hartford v. Kevin Tucker & Associates, Inc.*, 64 F.3d 1001,
1009 (6th Cir. 1995).

pursuant to section 37A of the Texas Probate Code.[8]  In its March 14, 2010 *Memorandum Opinion and Order* (Doc. #611), this Honorable Court determined that Hill Jr.'s Probate Code Section 37A Defense fails to state a legal defense and is inapplicable to the disclaimers made the basis of this action.  The Court ruled:

> In summary, the Trust Agreement is unambiguously silent on what procedure must be followed for disclaiming an interest in the Margaret Trust, and the Texas Trust Code therefore supplies the correct procedure. Even assuming, however, that the disclaimer procedures of the Probate Code were unambiguously incorporated into the Trust Agreement, there would still be no conflict between the Trust Agreement and Trust Code. Under either view, there is no conflict between the Trust Agreement and the Trust Code's procedure to create an irrevocable disclaimer. Accordingly, under either view, an irrevocable disclaimer may be made according to the Trust Code. Al, Jr.'s 2005 Disclaimer was made irrevocable under the Trust Code, and his later attempt to revoke the document was of no effect.[9]

Accordingly, Hill III respectfully moves the Court enter partial judgment on the pleadings that: (1) Hill Jr.'s Probate Code Section 37A Defense fails to state a legal defense and is inapplicable to the disclaimers made the basis of Hill III's claim to be declared a current beneficiary of the Margaret Hunt Trust Estate and (2) *even if* section 37A of the Texas Probate Code is applicable to the disclaimers, the Texas Property Code also provides a mechanism for disclaiming an interest in the Margaret Hunt Trust Estate and that as such the disclaimers did not need to be filed of record under the terms of the Probate Code.

In the alternative, Hill III respectfully moves the Court convert its March 14, 2010 *Memorandum Opinion and Order* (Doc. #611) into a partial summary judgment **against** Hill Jr.

---

[8]    *See Defendant Albert G. Hill, Jr.'s Motion for Partial Summary Judgment on the Effectiveness of His Disclaimer* (Doc. #590) at 1-2.

[9]    March 14, 2010 *Memorandum Opinion and Order* (Doc. #611) at 25.

on this same issue and render the partial summary judgment final and conclusive pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[10]

## C.   Certification Pursuant to Rule 54(b)

Hill III requests that the Court enter judgment against Hill Jr. on this issue and certify the judgment as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[11] Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.[12]

### PRAYER ON MOTION FOR JUDGMENT ON THE PLEADINGS

WHEREFORE, PREMISES CONSIDERED, Plaintiff Albert G. Hill, III moves the Honorable Court enter a partial judgment on the pleadings that Defendant Albert G. Hill, Jr.'s Probate Code Section 37A Defense fails to state a legal defense and is inapplicable to the disclaimers made the basis of this action.  In the alternative, Plaintiff respectfully moves the Court convert its March 14, 2010 *Memorandum Opinion and Order* (Doc. #611) into a partial summary judgment against Hill Jr.  Plaintiff further moves the Court to certify the partial judgment, making the judgment final and conclusive pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

---

[10]     A district court may grant summary judgment **against** a movant even if the non-movant has not filed a cross-motion. *United States Cellular Corp. v. City of Wichita Falls, Texas*, 364 F.3d 250, 259 (5th Cir. 2004); *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 730 (5th Cir. 2003); *Landry v. G.B.A.*, 762 F.2d 462, 464 (5th Cir. 1985).

[11]     *See Brown v. Wichita County*, 344 Fed. Appx. 1, *4 (5th Cir. 2009); *Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 404 (5th Cir. 2004).

[12]     FED. R. CIV. P. 54(b); *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220-21 (5th Cir. 1990) (en banc) ("We do not require the judge to mechanically recite the words 'no just reason for delay'" if the order otherwise "reflect[s] the court's intent to enter the judgment under Rule 54(b)").

---

## PLAINTIFF'S REMAINING RULE 12 OBJECTIONS

---

COMES NOW, ALBERT G. HILL, III, Plaintiff in the above-entitled and numbered cause, and files this *Plaintiff's Remaining Rule 12 Objections* subject to and without waiving *Plaintiff's Motion to Strike Amended Affirmative Defenses and Counterclaims (## 671, 673, 674, 675, 676, 678, 683) for Failure to Obtain Leave of Court* (Doc. #782), incorporated herein by reference. Plaintiff further reserves the right, to the extent permitted by the Honorable Court, to provide supplemental briefing on the below-detailed objections.

### I.
### STANDARDS AND APPLICATION

Federal Rule of Civil Procedure 12(f) permits the Court to strike an "insufficient defense" as a matter of law and more fully provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[13] Further, all of Defendants' defensive pleadings should be pleaded so that they state a plausible, not just possible, set of facts from which the defense could arise. In *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1950 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court held that "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"[14] Thus, "mere conclusory statements" are not enough to state a cause of action.[15]

Federal Rule of Civil Procedure 9(b) by its terms applies to any allegation of fraud or mistake. The rule states, "In alleging fraud or mistake, a party must state with particularity the

---

[13]     *See United States v. Don B. Hart Equity Pure Trust*, 818 F.2d 1246 (5th Cir. 1987) (applying Rule 12(f)).

[14]     *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).

[15]     *Id.*

circumstances constituting fraud or mistake."  The Fifth Circuit has articulated the requirements of Rule 9(b) as follows:

> [T]he Rule 9(b) standards require specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they are fraudulent.[16]

District courts apply the pleading requirements of Rule 9(b) apply to estoppel.[17]

Federal Rule of Civil Procedure 9(c) expressly requires particularity when a defendant denies conditions precedent have occurred or been performed.  Rule 9(c) states, "when denying that a condition precedent has occurred or been performed, a party must do so with particularity."

## A.   Defendants' Unclean Hands Defense Should be Stricken

Defendants' unclean hands defense is insufficient as a matter of law for which reason it should be stricken pursuant to Federal Rule of Civil Procedure 12(f).  Unclean hands is an equitable defense to a claim in equity.[18]  "'The maxim that he who comes into equity must come with clean hands is strictly an equitable doctrine, and does not apply in a suit that is not an

---

[16]     *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

[17]     *See City of Clinton, Arkansas v. Pilgrim's Pride Corp.*, 4:09-CV-386-Y (N.D. Tex. 9-15-2009) (applied Rule 9(b) to promissory estoppel).

[18]     *See Bank of Saipan v. CNG Financial Corp.*, 380 F.3d 836, 843 (5th Cir. 2004) ("a plaintiff seeking equitable relief, once the affirmative defense [unclean hands] is raised, must show that she has not contributed to the harm at issue") (citing *Truly v. Austin*, 744 S.W.2d 934, 938 (Tex. 1988)); *Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 876 (Tex. App. – Dallas 2005, no pet.) ("The affirmative defense of 'unclean hands' requires that a party seeking equity must come with clean hands."); *Sharma v. Vinmar Int'l, Ltd.*, 231 S.W.3d 405, 419 (Tex. App. – Houston [14th Dist.] 2007, no pet.) (regarding appellants' affirmative defense of unclean hands, "A party seeking an equitable remedy such as an injunction, must do equity and come into court with clean hands") (citing *Neeley v. West Orange-Cove Consol. Sch. Dist.*, 176 S.W.3d 746, 812 n. 82 (Tex. 2005)).

equitable proceeding.'"[19]  Here, Hill III's claim as to the validity and enforceability of the 2005 and 2007 Disclaimers as valid, irrevocable disclaimers or assignments sounds in contract, not equity.

In addition, even if unclean hands applied to Hill III's claim as to the 2005 and 2007 Disclaimers, Defendants still face insurmountable problems with the defense.  First, Defendants cannot raise such a defense if they are guilty of inequitable conduct.[20]  For example, much of Hill III's case is based on Hill Jr. making false representations about his mental competency and making false representations about his disclaimers, and as the Court is aware, at least Defendants Tom Hunt and Ivan Irwin, Jr. were integrally involved in this misconduct.  Hill Jr. should not now be allowed to defend such conduct by accusing Hill III of alleged misconduct unrelated to the claims in the case.

Second, the alleged misconduct must relate to the substance of a party's claim and must seriously harm the defendant raising unclean hands as a defense.[21]  As the Fifth Circuit reasoned

---

[19]     *Steubner Realty 19, Ltd. v. Cravens Road 88, Ltd.*, 817 S.W.2d 160, 164 (Tex. App. – Houston [14th Dist.] 1991, no writ) (quoting *Ligon v. E.F. Hutton & Co.*, 428 S.W.2d 434, 437 (Tex. App. – Dallas 1968, writ ref'd n.r.e.)); *see also McMahan v. Greenwood*, 108 S.W.3d 467, 494 (Tex. App. – Houston [14th Dist.] 2003, pet. denied) (citing *Steubner Realty 19, Ltd.* for same proposition).

[20]     *See Regional Properties, Inc. v. Financial & Real Estate Consulting Co.*, 752 F.2d 178, 183 (5th Cir. 1985).  In *Regional Properties*, the Fifth Circuit disallowed equitable defenses because of the defendant's failure to do equity:

> An equitable defense cannot be used to reward inequities nor to defeat justice. *Westworth Village v. Mitchell*, 414 S.W.2d 59, 60 (Tex. Civ. App. – Fort Worth 1967, writ ref'd n.r.e.). Under the doctrine of unclean hands, he who commits inequity is not entitled to equitable relief. *Harris v. Sentry Title Co.*, 715 F.2d 941, 950 n. 6 (5th Cir. 1983); *Omohundro v. Matthews*, 161 Tex. 367, 341 S.W.2d 401, 410 (1960); *Cross v. Chem-Air South, Inc.*, 648 S.W.2d 754, 756 (Tex. App. – San Antonio 1983) (quoting *Howard v. Richeson*, 13 Tex. 553 (1855)); *Grohn v. Marquardt*, 657 S.W.2d 851, 855 (Tex. App. – Beaumont 1983 writ ref. n.r.e.).

[21]     *Afri-Carib Enters., Inc. v. Mabon Ltd.*, 287 S.W.3d 217, 223 (Tex. App. – Houston [14th Dist.] 2009, no pet.) ("The unclean hands doctrine should not be applied unless

---

in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Stidham*, 658 F.2d 1098, 1102 n. 8 (5th Cir. 1981) in which Merrill Lynch sued for the loss of clients taken with a departed stockbroker who had been actively recruited by the defendant, the fact that Merrill Lynch might allegedly be guilty of the same conduct regarding other transactions (*i.e.,* stealing stockbrokers and clients from other brokerage houses) does not give rise to an unclean hands defense unless Merrill Lynch was guilty of such conduct in the transaction made the basis of the lawsuit.  The Fifth Circuit stated –

> With regard to the question of "unclean hands," defendants sought to introduce testimony that Merrill Lynch itself actively recruited experienced stockbrokers and that it was customary in the securities industry for stockholders to carry records with them from job to job. This argument is curious. Its suggestion is that breach of contract, with apparent impunity, is tolerated on a day to day basis in the securities industry, a suggestion which we doubt seriously. Moreover, even if such is the case Merrill Lynch's alleged uncleanliness has not been asserted to involve the transaction at hand.[22]

Although the Fifth Circuit in *Stidham* relied on Georgia law, Texas law is the same,[23] so *Stidham* is just as applicable to Hill III's case.  Because Hill III's alleged exploration of the possibility of buying Hunt Petroleum Corporation never went anywhere – there was never an offer, let alone a transaction – Defendants suffered no damage and thus have no defense of unclean hands.

Moreover, Hill III did not even begin discussing a possible transaction for the sale of Hunt Petroleum Corporation until after Hill Jr. had executed the 2005 Disclaimer, so Hill III's alleged conduct could not be causally connected to the 2005 Disclaimer.

---

the misconduct at issue is connected to the subject of the litigation and the party asserting the defense has been seriously harmed by the misconduct").

[22]     *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Stidham*, 658 F.2d 1098, 1102 n. 8 (5th Cir. 1981).

[23]     *Afri-Carib Enters., Inc.*, 287 S.W.3d at 223.

**B.**     **Breach of Fiduciary Duty, Fraud and Estoppel Defenses Should be Stricken**

In addition to their failure to obtain leave of Court to plead breach of fiduciary duty and fraud, those defenses together with Defendants' estoppel defense fail because they are insufficient to state a defense as a matter of law.  All three of these affirmative defenses require proof that the defendant was damaged or relied to his/her detriment in entering into the transaction in question.

For example, Hill Jr. newly pleaded breach of fiduciary duty as a defense to the 2005 and 2007 Disclaimers, asserting the alleged defense generally, as part of his estoppel defense, and as a defense to the enforceability of the disclaimers as assignments.[24]  No case holds that breach of fiduciary duty is a defense.  This alleged defense is insufficient and should be stricken pursuant to Rule 12(f).  But even if it were a viable defense, Defendants have not pleaded each element, nor can they prove each element.

According to the Fifth Circuit, in applying Texas law:

"The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's ***breach must result in injury*** to the plaintiff or benefit to the defendant."[25]

Defendants admit that Hill III's alleged effort to participate in the purchase of HPC never came to fruition.  Defendants fail to plead – and it is not possible for them to plead – how they could have been damaged from Hill III's alleged effort to participate in the purchase of HPC.  For these reasons, Defendants' breach of fiduciary duty defense should be stricken.

---

[24]     *Hill, Jr.'s Answer*, ¶¶ 71, 73, 80, 104.

[25]     *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007) (quoting *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App. - Dallas 2006, pet. denied) (emphasis added)).

Similarly, Defendants' defenses of fraud and estoppel both require elements of reliance and damage, which did not occur and which have not been pleaded.  The Fifth Circuit has stated:

> The elements of common law fraud are "(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party ***acted in reliance*** on the representation; and (6) the party ***thereby suffered injury***."[26]

The Fifth Circuit has also stated:

> The three elements of an equitable estoppel claim are: (1) a representation by conduct or word; (2) ***justifiable reliance thereon***; and (3) a ***change in position to one's detriment*** because of the reliance.[27]

Because Hill III did not mislead Hill Jr. or any other defendant, Defendants have not and cannot plead a fraud or estoppel defense.  Defendants were not injured and did not change their position to their detriment based on anything attributable to Hill III.  Moreover, Hill Jr. cannot avoid the 2007 Disclaimer on the grounds that he later became concerned about his son's alleged spending habits.  This is no defense at all.  Hill Jr. cannot allege a fraud or estoppel defense that factually and causatively has no relation to the 2005 and 2007 Disclaimers.  These defenses are insufficient as a matter of law for which reason they should be stricken.

---

[26] *United States ex rel. James H. Grubbs, M.D. v. Kanneganti*, 565 F.3d 180, 188 (5th Cir. 2009) (citing *Allstate Ins. Co. v. Receivable Fin. Co.*, 501 F.3d 398, 406 (5th Cir. 2007) (interpreting Texas law).

[27] *Johnson v. Seacor Marine Corp.*, 404 F.3d 871, 878 (5th Cir. 2005) (citing *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993)).

C.    **Table of Defenses and Objections**

For economy, Plaintiff here addresses the foregoing and remaining objectionable defenses and counterclaims in tabular form.

1.    *Defendant Ivan Irwin, Jr.'s Answer to Plaintiff's First Amended Complaint* **(Doc. #676)**

Plaintiff moves to strike the following affirmative defenses asserted by Defendant Irwin for the reasons set forth below:

| Affirmative Defense Paragraph Number | Basis for Motion |
|---|---|
| ¶2: Attorney Immunity Doctrine | Rule 12(f) – Insufficient Defense |
| ¶3: Privity | Rule 12(f) – Insufficient Defense |
| ¶6: PSLRA | Rule 12(f) – Insufficient Defense |
| ¶7: Res Judicata | Rule 12(f) – Insufficient Defense |
| ¶15: Unclean Hands | Rule 12(f) – Insufficient Defense, Redundant, Immaterial, Impertinent and/or Scandalous Matter |
| ¶16: Waiver, Estoppel, and Quasi-Estoppel | Rule 9(b) – Failure to Plead with Particularity Rule 12(f) – Insufficient Defense |
| ¶22: Incorporated by Reference | Rule 12(f) – Insufficient Defense |

Further, pursuant to Rule 12(b)(6) Plaintiff moves to dismiss Defendant Irwin's claim for attorneys' fees under Tex. Civ. Prac. & Rem. Code § 37.009 for failure to state a claim for which relief can be granted, as Defendant Irwin is not a party to a declaratory judgment action.

2.    *Defendant Heather Hill Washburne and Defendant Elisa Hill Summers' Answer to Plaintiff's First Amended Complaint* **(Doc. # 678)**

Plaintiff moves to strike the following affirmative defenses asserted by Defendants Washburne and Summer for the reasons set forth below:

| Affirmative Defense Paragraph Number | Basis for Motion |
|---|---|
| ¶2: Unclean Hands | Rule 12(f) – Insufficient Defense, Redundant, Immaterial, Impertinent and/or Scandalous Matter |
| ¶3: Waiver | Rule 12(e) – Pleading is so Vague and Ambiguous that Plaintiff cannot Reasonably Prepare a Response and Moves for a More Definite Statement |

| ¶4: Estoppel | Rule 9(b) – Failure to Plead with Particularity |
| | Rule 12(f) – Insufficient Defense |
| ¶: Res Judicata | Rule 12(f) – Insufficient Defense |
| ¶6: Collateral Estoppel | Rule 12(f) – Insufficient Defense |
| ¶13: Incorporated by Reference | Rule 12(f) – Insufficient Defense |

Further, pursuant to Rule 12(b)(6) Plaintiff moves to dismiss Defendants Washburne and Summers' claim for attorneys' fees under Tex. Civ. Prac. & Rem. Code § 134.005 for failure to state a claim for which relief can be granted, as Defendants have not asserted a claim against Plaintiff under this statute.

**3.**    ***Defendant Lyda Hill's Original Answer to Plaintiff's First Amended Complaint and CounterClaims for Declaratory Judgment* (Doc. # 671)**

Plaintiff moves to strike the following affirmative defenses asserted by Defendant Lyda for the reasons set forth below:

| **Affirmative Defense Paragraph Number** | **Basis for Motion** |
| --- | --- |
| ¶¶256-257: Unclean Hands | Rule 12(f) – Insufficient Defense, Redundant, Immaterial, Impertinent and/or Scandalous Matter |
| ¶¶258-259: Estoppel & Unclean Hands | Rule 9(b) – Failure to Plead Estoppel with Particularity |
| | Rule 12(f) – Insufficient Defense, Redundant, Immaterial, Impertinent and/or Scandalous Matter |
| ¶267: Res Judicata | Rule 12(f) – Insufficient Defense |
| ¶279: Incorporated by Reference | Rule 12(f) – Insufficient Defense |

Further, Plaintiff moves to dismiss Defendant Lyda's purported counterclaim for declaratory relief pursuant to Rule 12(b)(6) for failure to state a claim for which relief can be granted, because Defendant's declaratory judgment counterclaim merely restates Defendant's defenses to Plaintiff's causes of action.[28]

---

[28]    *Albritton Props. v. Am. Empire Surplus Lines, Ins. Co.,* No. 3:04-CV-2531, 2005 U.S. Dist. LEXIS 7330, 2005 WL 975423, at *2 (N.D. Tex. Apr. 25, 2005) (granting Rule 12(b)(6) motion dismissing counterclaim for declaratory judgment where the disputed issues were already pending before the court); and *Kougl v. Xspedius Mgmt. Co. of Dallas/Fort Worth,*

4.    *Answer of William Herbert Hunt, Independent Executor of the Estate of Tom Hunt, to Plaintiff's First Amended Complaint* (**Doc. # 673**)

Plaintiff moves to strike the following affirmative defenses asserted by the above named

Defendant for the reasons set forth below:

| Affirmative Defense Paragraph Number | Basis for Motion |
|---|---|
| ¶2: Unclean Hands | Rule 12(f) – Insufficient Defense, Redundant, Immaterial, Impertinent and/or Scandalous Matter |
| ¶¶4 & 5: Estoppel | Rule 9(b) – Failure to Plead Estoppel with Particularity<br>Rule 12(f) – Insufficient Defense |
| ¶7: Res Judicata | Rule 12(f) – Insufficient Defense |

5.    *Trust Defendants' Answer to Plaintiff's First Amended Complaint* (**Doc. #683**)

Plaintiff moves to strike the following affirmative defenses asserted by the Trust

Defendants for the reasons set forth below:

| Affirmative Defense Paragraph Number | Basis for Motion |
|---|---|
| ¶3: Unclean Hands | Rule 12(f) – Insufficient Defense, Redundant, Immaterial, Impertinent and/or Scandalous Matter |
| ¶4: Estoppel | Rule 9(b) – Failure to Plead Estoppel with Particularity<br>Rule 12(f) – Insufficient Defense |
| ¶5(i): Leaking Confidential Information | Rule 12(f) – Immaterial & Insufficient Defense |
| ¶6: Consent | Rule 12(f) – Insufficient Defense |
| ¶6(i):Leaking Confidential Information | Rule 12(f) – Immaterial & Insufficient Defense |
| ¶6(iv): Margaret and Hassie Consented | Rule 12(f) – Insufficient Defense |
| ¶7: Ratification | Rule 12(f) – Insufficient Defense |
| ¶7(i):Leaking Confidential Information | Rule 12(f) – Immaterial & Insufficient Defense |
| ¶7(iv): Margaret and Hassie Consented | Rule 12(f) – Insufficient Defense |
| ¶14: Res Judicata | Rule 12(f) – Insufficient Defense |
| ¶15: Collateral Estoppel | Rule 12(f) – Insufficient Defense |

*L.L.C.,* No. 3:04-CV-2518, 2005 U.S. Dist. LEXIS 10557, 2005 WL 1421446, at * 4 (N.D. Tex. Jun. 1, 2005) (dismissing declaratory actions that sought resolution of matters already to be resolved in the ongoing lawsuit); *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990).

6. *Defendant Alinda Wikert's Answer to Plaintiff's First Amended Complaint* **(Doc. #675)**

Plaintiff moves to strike the following affirmative defenses asserted by Defendant Wikert

for the reasons set forth below:

| Affirmative Defense Paragraph Number | Basis for Motion |
|---|---|
| ¶7: Estoppel | Rule 9(b) – Failure to Plead Estoppel with Particularity<br>Rule 12(f) – Insufficient Defense |
| ¶8: Unclean Hands | Rule 12(f) - Insufficient Defense, Redundant, Immaterial, Impertinent and/or Scandalous Matter |
| ¶12: Res Judicata | Rule 12(f) – Insufficient Defense |
| ¶13: Collateral Estoppel | Rule 12(f) – Insufficient Defense |
| ¶14: Estoppel | Rule 9(b) – Failure to Plead Estoppel with Particularity<br>Rule 12(f) – Insufficient Defense |
| ¶24: Incorporated by Reference | Rule 12(f) – Insufficient Defense |

Further, Plaintiff moves to dismiss Defendant Wikert's claim for attorneys' fees under Tex. Civ.

Prac. & Rem. Code § 134.005 for failure to state a claim for which relief can be granted, as she

has not asserted a claim against Plaintiff under this statute.

7. *Defendant Albert G. Hill, Jr.'s Answer to Plaintiff's First Amended Complaint* **(Doc. #674)**

Plaintiff moves to strike the following affirmative defenses asserted by Hill Jr. for the

reasons set forth below:

| Affirmative Defense Paragraph Number | Basis for Motion |
|---|---|
| ¶¶2-19, 21-29: Insulting Al3 and Wife | Rule 12(f) – Insufficient Defense, Redundant, Immaterial, Impertinent and/or Scandalous Matter |
| ¶30: Probate Court Argument Rejected by Court | Rule 12(f) – Insufficient Defense |
| ¶¶33-47, 49-50 | Rule 12(f) – Insufficient Defense, Redundant, Immaterial, Impertinent and/or Scandalous Matter |
| ¶¶54, 58: Rejected Probate Code Argument | Rule 12(f) – Insufficient Defense |
| ¶¶59-61 | Rule 12(f) – Insufficient Defense, Redundant, Immaterial, Impertinent and/or Scandalous |

| | Matter |
|---|---|
| ¶¶62-69: Unclean Hands | Rule 12(f) – Insufficient Defense, Redundant, Immaterial, Impertinent and/or Scandalous Matter |
| ¶¶70-71: Fraud | Rule 9(b) – Failure to Plead with Particularity<br>Rule 12(f) – Insufficient Defense, Redundant, Immaterial, Impertinent and/or Scandalous Matter |
| ¶¶72-73: Breach of Fiduciary Duty | Rule 12(f) – Insufficient Defense |
| ¶¶78-81: Estoppel | Rule 9(b) – Failure to Plead Estoppel with Particularity<br>Rule 12(f) – Insufficient Defense |
| ¶¶87-90: Res Judicata & Collateral Estoppel | Rule 12(f) – Insufficient Defense |
| ¶¶95-96: Rescission of Disclaimers | Rule 12(f) – Insufficient Defense |
| ¶¶97-98: Rejected Probate Code Argument | Rule 12(f) – Insufficient Defense |
| ¶¶99-100: Notarization Defense | Rule 12(f) – Insufficient Defense |
| ¶¶103-104: Incorporates Above Affirmative Defense | Rule 12(f) – Insufficient Defense |
| ¶107: Incorporated by Reference | Rule 12(f) – Insufficient Defense |

Further, Plaintiff moves to dismiss Hill Jr.'s claim for attorneys' fees under Tex. Civ. Prac. & Rem. Code § 134.005 for failure to state a claim for which relief can be granted, as Defendants have not asserted a claim against Plaintiff under this statute.

## PRAYER ON REMAINING RULE 12 OBJECTIONS

WHEREFORE, PREMISES CONSIDERED, Plaintiff Albert G. Hill, III requests the Court strike Defendants' defenses and counterclaims for the reasons set forth in Doc. #782 and herein.

Dated:  April 16, 2010


Respectfully submitted,


*/s/ Stephen F. Malouf* _____
STEPHEN F. MALOUF
Texas Bar No. 12888100
smalouf@smalouf.com
David Evans
Texas Bar No. 06714500
Jonathan Nockels
Texas Bar No. 24056047
**THE LAW OFFICES OF**
**STEPHEN F. MALOUF, P.C.**
3811 Turtle Creek Blvd., Suite 1600
Dallas, Texas 75219
214-969-7373 (Telephone)
214-969-7648 (Facsimile)

*/s/ Charla G. Aldous* _____
CHARLA G. ALDOUS
Texas Bar No. 20545235
caldous@aldouslaw.com
Brent R. Walker
Texas Bar No. 24047053
**ALDOUS LAW FIRM**
2311 Cedar Springs Rd., Suite 200
Dallas, Texas 75201
214-526-5595 (Telephone)
214-526-5525 (Facsimile)


*/s/ Lisa Blue* _____
LISA BLUE
Texas Bar No. 02510500
lblue@baronandblue.com
**BARON & BLUE**
5956 Sherry Lane, Suite 1616
Dallas, Texas 75225
214-265-4400 (Telephone)
214-265-4401 (Facsimile)

*/s/ R. Dean Gresham* _____
R. DEAN GRESHAM
Texas Bar No. 24027215
dgresham@greshampc.com
**GRESHAM PC**
7557 Rambler Rd., Suite 700
Dallas, Texas 75231
214-540-5749 (Telephone)
214-540-5950 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. As such, this document was served on all counsel who are deemed to have consented to electronic service.  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the document on April 16, 2010.

*/s/ Stephen F. Malouf*_____
**Attorney for Plaintiff Albert G. Hill, III**


## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules 7.1(a) and (b), Plaintiff's counsel advised Defendants' counsel of the relief sought in this Motion during the early morning of April 16, 2010 via email. Due to the timing of the motion, this notice occurred very shortly before filing and most of Defendants' counsel did not respond to the email conference either due to the timing of the email conference or opposition.  At the time of filing, counsel for Alinda Wikert advised that he is opposed to the relief sought and the remaining Defendants are presumed to be opposed as well.

*/s/ R. Dean Gresham*_____
**Attorney for Plaintiff Albert G. Hill III**