UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT G. HILL III, individually and derivatively, § § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 3:07-CV-2020-O |
| § | | |
| TOM HUNT, et. al., § | | |
| Defendants. § | | |

# ORDER

Before the Court is the Global Settlement and Mutual Release Agreement ("Settlement Agreement") (ECF No. 879) entered into by the parties on May 13, 2010 and the Findings and Recommendation of Magistrate Judge Stickney (ECF No. 917).

## I

Pursuant to the Settlement Agreement, the Court appointed a Guardian ad Litem ("GAL") to represent any minor, incapacitated, unborn, or unascertained person having an interest in the case (ECF No. 880). The GAL filed his Report and Recommendation (ECF No. 895) regarding the Settlement Agreement on June 30, 2010. The GAL then filed an Amended Report and Recommendations (ECF No. 899), which this Court referred to Magistrate Judge Stickney for consideration (ECF No. 902). After obtaining written objections and holding a hearing, Magistrate Judge Stickney filed his Findings and Recommendation (ECF No. 917).

The parties' main objections revolve around paragraph 4(d) of the Settlement Agreement. In settlement conferences, the parties agreed to the creation of a trust to benefit the children of Al III, if possible to do so without significant tax consequences. Because the rest of the provisions of the settlement were agreed to, paragraph 4(d) simply stated "(d) Separate Hill 2010 Trust:

**PARAGRAPH TO COME**." Everyone involved quickly realized that such a trust could not be created without prohibitive tax consequences. The GAL made two alternative proposals including a life insurance policy on Al III and his wife, Erin, and an asset protection trust. Al III vehemently opposed the life insurance option. Magistrate Judge Stickney considered these alternatives as well as the rest of the GAL's Amended Report and recommended that the Court adopt both alternatives.

In response to the dispute, Al III, Al Jr., the GAL, and other parties filed their objections to the Findings and Recommendation of Magistrate Judge Stickney. This Court reviewed those objections, tentatively decided to adopt the Findings and Recommendation, and asked for the parties to submit proposed final judgments. *See* ECF No. 971. Despite attempts to resolve the issue, the parties remained in disagreement over how to fulfill paragraph 4(d). On October 22, 2010, the Court held an in-chambers status conference and urged the parties to continue to work towards an agreement on this issue. Although the parties involved spent the day negotiating, they did not ultimately reach an agreement.

When compromise did not appear likely, the Court asked for further briefing on its authority to impose the GAL's life insurance policy over Plaintiff's objection. Prior to the filing of those briefs, the GAL made one final proposal for a Single Fund Grandchildren's Trust to be funded by Al Jr. *See* ECF No. 985. At this time, it appears that Al III, Al. Jr., the GAL, and all other Defendants agree with the GAL's most recent proposal. *See* Br./Mem. Supp. 6 n.2, ECF No. 990; Def.'s Br. Regarding Para. 4(d) Settlement Agreement 6, ECF No. 988. Al III states that he "does not oppose the Court's adoption of that agreement between [the GAL and Al Jr.]." Br./Mem. Supp. 6 n.2, ECF No. 990. Similarly, the "Defendants have no objection to the trust/loan option proposed by the Guardian Ad Litem." Def.'s Br. Regarding Para. 4(d) Settlement Agreement 6, ECF No. 988.

## II

At the current time, the parties to this litigation have agreed to the Settlement Agreement described above and have resolved disputes on all major issues reported on by the GAL, considered by Magistrate Judge Stickney, and discussed by this Court. The Settlement Agreement contains an effectuation clause to ensure its implementation. Paragraph 5(k) states:

> (k) <u>Effectuation of this Agreement</u>: Each of the Agreeing Parties shall, on demand, execute, and deliver to any other Party, any documents and do or cause to be done any other facts and things that may be necessary to effectuate the provisions and purposes of this Agreement. If any Party fails, upon reasonable demand, to comply with this provision, that Party shall pay to all other Parties all attorneys' fees, costs, and other expenses reasonably incurred as a result of such failure.

Global Settlement Mutual Release Agreement 25, ECF No. 879. The Settlement Agreement also states in paragraph 5(w) that the agreement will be effective "upon approval of this agreement by the Federal Court following the recommendation of the Guardian Ad Litem." Global Settlement Mutual Release Agreement 27, ECF No. 879. The parties have stated their agreement on the disputed issues and have requested that this Court enter a final judgment effectuating the agreement between the parties. *See* Br./Mem. in Supp. 9, ECF No. 990; Def.'s Br. Regarding Para. 4(d) Settlement Agreement, 5, ECF No. 988.

A settlement agreement in a pending suit is enforceable under Texas law only if it is in writing, signed, and filed as part of the record. *Estate of Martineau v. ARCO Chemical Co.*, 203 F.3d 904, 910 (5th Cir. 2000) (citing TEX. R. CIV. P. 11). To be enforceable, the agreement must not only contain all material terms, *see id.* (citing *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex.1995)), but the terms must be "sufficiently definite to enable the court to understand the parties' obligations." *See Liberto v. D.F. Stauffer Biscuit Co., Inc.*, 441 F.3d 318, 323 (5th Cir.

2006) (citing *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831 (Tex. 2000)). "Evidence of the parties' intent to enter a binding agreement is also required." *Id.* (citing *Premier Oil Refining Co. v. Bates*, 367 S.W.2d 904, 907 (Tex.Civ.App.--Eastland 1963, writ ref'd n.r.e.)).

Here, the parties provided the Court with a written, signed, and filed Settlement Agreement on May 13, 2010. It contained all material terms to the settlement other than the specific details of paragraph 4(d). That paragraph was intentionally left blank. After many reports, hearings, discussions, and briefs, the parties have come to an agreement that they are all satisfied with. They have shown their intent to agree to the GAL's proposed solution of a Single Fund Grandchildren's Trust and to therefore modify the Settlement Agreement to include that provision in conjunction with other modifications and additions to the agreement's terms that have been agreed to by all the parties.

### III

Accordingly, the Court finds that the parties have shown their intent to enter into a binding agreement, and therefore, this Court will approve the Global Settlement Agreement and Agreed Final Judgment. In doing so, the Court **ACCEPTS in part** the findings of Magistrate Judge Stickney, consistent with the parties' subsequent agreement and as reflected in the Final Judgment which will be entered by separate order.

**SO ORDERED** this **8th** day of **November, 2010.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**