IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ALBERT G. HILL, III,** | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. **3:07-CV-2020-L** |
| **WILLIAM SCHILLING,** *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Albert G. Hill, III's Supplemental Motion Pursuant to Fed. R. Civ. P. 60(b) to Vacate Global Settlement Agreement and Final Judgment in Light of the Honorable Reed O'Connor's Recusal or, in the Alternative, for Leave to Take Discovery (Doc. 1389), filed on June 28, 2013. The motion was referred to Magistrate Judge Renée Harris Toliver, who entered Findings, Conclusions and Recommendation ("Report") on August 19, 2013, recommending that the court deny the motion in its entirety. Plaintiff filed objections to the Report. The court has made a de novo review of the portions of the magistrate's findings and conclusion that were objected to by Plaintiff. After careful consideration of the motion, parties' briefing, the applicable law, record in this case, and findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct. Accordingly, the court **accepts** the findings and conclusions as those of the court, **overrules** Plaintiff's objections, and **denies** Albert G. Hill, III's Supplemental Motion Pursuant to Fed. R. Civ. P. 60(b) to Vacate Global Settlement Agreement and Final Judgment in Light of the Honorable Reed O'Connor's Recusal or, in the Alternative, for Leave to Take Discovery.

**Memorandum Opinion and Order - Page 1**

I.      **Procedural Background**

The court need not set forth the extensive history of this case, as the parties are well aware of the legal and factual background of this Rule 60(b) motion. On November 8, 2010, Judge Reed O'Connor issued a Final Judgment effectuating a comprehensive settlement between the various parties, as well as a separate judgment in a related attorneys' fee dispute that was severed from the underlying action. Plaintiff then filed a motion on March 12, 2012, requesting that Judge O'Connor recuse himself from all further proceedings pursuant to 28 U.S.C. §§ 455(a) & (b)(4) because of his wife's ownership of stock in ExxonMobil Corp. ("Exxon"), a nonparty entity released from all claims under the settlement agreement and final judgment. Judge O'Connor denied the motion by order dated May 15, 2012.

All three orders were appealed to the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") and consolidated for review. The Fifth Circuit affirmed Judge O'Connor's final judgment implementing the settlement agreement, dismissed the appeal of his ruling on attorney's fees as barred by a valid waiver, and found that Judge O'Connor did not abuse his discretion in denying the recusal motion as untimely. *See Hill v. Schilling*, 495 F. App'x 480 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 2859 (2013). Mandate issued on January 2, 2013.

On May 22, 2013, Judge O'Connor, *sua sponte*, recused himself from all pending cases brought by Plaintiff. Doc. 1382 ("I hereby recuse myself from the above styled and numbered cases. Please see that they are assigned to another judge per the usual procedure."). On June 28, 2013, Plaintiff filed this Rule 60(b) motion, seeking vacatur of the settlement agreement and final judgment in light of Judge O'Connor's recusal or, in the alternative, discovery into Judge O'Connor's basis for recusal. Plaintiff speculates that because Judge O'Connor did not identify a

basis for recusal, the "logical explanation" for recusal is that he either suddenly determined that his equity ownership in Exxon created a recusable conflict or realized (but did not disclose) that he had another conflict that predated the March 2012 filing of the initial recusal motion. Plaintiff provides no additional evidence to establish that Judge O'Connor violated section 455 by failing to recuse himself earlier; instead, Plaintiff seeks leave to conduct discovery, in the form of written interrogatories or a deposition of Judge O'Connor "concerning the nature and timing of the conflict that resulted in his decision to recuse."

**II.     Standard of Review**

A magistrate judge's determination regarding a dispositive matter is reviewed de novo if a party timely objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). A magistrate judge's determination regarding a nondispositive matter is reviewed under the "clearly erroneous or contrary to law" standard. 28 U.S.C. 636(b)(1)(A); Fed. R. Civ. P. 72(a) ("[t]he district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law."). This highly deferential standard requires the court to affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). As explained by the court in *Arters v. Univision Radio Broadcasting TX, L.P.*, No. 3:07-CV-0957-D, 2009 WL 1313285 (N.D. Tex. May 12, 2009):

> The clearly erroneous standard applies to the factual components of the magistrate judge's decision. The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it. The legal conclusions of the magistrate judge are reviewable de novo, and the district judge reverses if the magistrate judge erred in some respect in [his] legal conclusions. [T]he abuse of

> discretion standard governs review of that vast area of choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous.

*Id.* at *2 (citations and internal quotations marks omitted). Because Plaintiff essentially seeks to vacate the settlement agreement and final judgment in this lawsuit, his Rule 60(b) motion is dispositive and will be reviewed de novo.

Rule 60(b) states that the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(l)-(6). A ruling pursuant to Rule 60(b) is left to the "sound discretion of the district court." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986)).

### III.   Plaintiff's Objections

#### A.   The Plaintiff's Contentions and the Magistrate Judge's Ruling

In the Report, the magistrate judge concluded that Plaintiff cannot demonstrate the extraordinary circumstances necessary to warrant relief under Rule 60(b), and that Plaintiff's unsupported suspicions about the reasons for Judge O'Connor's recusal are insufficient to justify obtaining any manner of discovery from a sitting federal judge. Plaintiff objects, contending that the Report: (1) contains unwarranted speculation – erroneous both as a matter of fact and law – that Judge O'Connor's recusal was tied to Plaintiff's misconduct complaint against him; and (2)

incorrectly concludes that discovery into Judge O'Connor's recusal is prohibited and inappropriate. Instead, Plaintiff urges the court to accept contrary speculation that Judge O'Connor's decision to recuse was based upon his wife's stock ownership in Exxon or "some other pre-existing conflict," which necessitates that the 2010 settlement agreement and final judgment in this action be vacated.

### B. Analysis

#### 1. The Mandate Rule

The court concludes that Plaintiff's Rule 60(b) motion is an attempt to violate the mandate rule and obtain a ruling contrary to the final determination of the Fifth Circuit on this issue. Plaintiff's frivolous pleading, which unnecessarily burdens the court's scarce resources and harasses Defendants, brings Plaintiff and his attorneys perilously close to sanctionable conduct and will not be countenanced by the court. The court finds that this is a transparent ploy by Plaintiff and his counsel to relitigate a matter that has been clearly and conclusively determined by the Fifth Circuit.

In this "supplemental" Rule 60(b) motion, Plaintiff seeks relief on just one ground: that Judge O'Connor's financial interest in Exxon or some other, unnamed conflict, required Judge O'Connor's recusal and taints the November 2010 final judgment. Judge O'Connor denied Plaintiff's motion for recusal – which was premised on the same conflict – nearly two years ago. The Fifth Circuit affirmed Judge O'Connor's denial of the recusal motion on the basis of untimeliness, concluding that the court did not abuse its discretion in finding that "appellant or his attorneys knew of the Exxon stock by April 2011 at the latest," and that the circumstances of the recusal motion confirm that Plaintiff only pursed recusal as a tactical ploy after an adverse ruling. *Hill*, 495 F. App'x at 483-84. In other words, Plaintiff did not file the motion to recuse until March 12, 2012, some eleven months after he and his counsel first became aware of the Exxon stock

**Memorandum Opinion and Order - Page 5**

matter; and the Fifth Circuit affirmed Judge O'Connor's determination that Plaintiff's motion to recuse on the basis of his ownership of Exxon stock was untimely. Mandate issued on January 2, 2013. Now, with no more evidentiary support, Plaintiff again urges that recusal was mandatory and that the judgment in this matter should therefore be vacated. To be clear, Plaintiff provides no additional basis for granting Rule 60(b) relief than the one that he has already unsuccessfully pursued: that Judge O'Connor's interest in Exxon created an appearance of impropriety or a financial interest in the subject matter of the controversy.

As the Fifth Circuit has issued its mandate, the relief that Plaintiff seeks is foreclosed by the mandate rule. This rule is aptly summarized as follows:

> The *mandate rule*, which is a corollary or specific application of the law of the case doctrine, prohibits a district court on remand from reexamining an issue of law or fact previously decided on appeal and not resubmitted to the trial court on remand. The prohibition covers issues decided both expressly and by necessary implication, and reflects the jurisprudential policy that once an issue is litigated and decided, that should be the end of the matter. This rule is essential to the orderly administration of justice, as it is aimed at preventing obstinate litigants from repeatedly reasserting the same arguments and at discouraging opportunistic litigants from appealing repeatedly in the hope of acquiring a more favorable appellate panel.

*United States v. Pineiro,* 470 F.3d 200, 205 (5th Cir. 2006) (footnotes, citations, and internal quotation marks omitted) (emphasis in original). More to the point, "[t]he mandate rule requires a district court on remand to effect our mandate and to do nothing else." *General Universal Sys., Inc. v. HAL, Inc.,* 500 F.3d 444, 453 (5th Cir. 2007) (citations omitted). The court has neither the inclination nor effrontery to disregard this well-settled precedent.

In short, Plaintiff sought Judge O'Connor's recusal based upon his wife's ownership of Exxon stock. That effort was unsuccessful, and the Fifth Circuit determined that the recusal motion was untimely brought. The issue of whether Judge O'Connor's spouse's ownership of stock in

Exxon required recusal was litigated and decided as to untimeliness. Judge O'Connor's subsequent recusal does not change this one iota.

### 2. Changed Circumstances

Plaintiff appears to assert that this issue has not been conclusively decided by the Fifth Circuit because Judge O'Connor's recusal caused a change in circumstances since the issuance of the mandate that justifies relief. The court disagrees.

A district court does not violate the mandate rule by considering Rule 60(b) motions based on changed circumstances, even if the case has not been remanded back to the district court. Appellate leave is unnecessary for a district court to consider such a Rule 60(b) motion because "the appellate mandate relates to the record and issues then before the court, and does not purport to deal with possible later events." *Standard Oil Co. of Cal. v. United States,* 429 U.S. 17, 18 (1976). "[T]he district court cannot disturb the mandate, which 'relates to . . . issues then before the [appellate] court'; on the other hand, the district court may, of course, 'deal with . . . later events.'" *Logan v. Burgers Ozark Country Cured Hams Inc.*, 64 F. App'x 416 (table), 2003 WL 1524574, at *4 (5th Cir. 2003) (citations omitted); *see also Lindy Invs., III v. Shakertown 1992 Inc.*, 360 F. App'x 510, 512 (5th Cir. 2010) ("In the light of the changed circumstances . . . the district court did not 'flout[] the mandate by acting on the motion.'").

Such situation, however, is not present in this case. Judge O'Connor's *sua sponte* recusal, standing alone, does not establish a change in circumstances. The Fifth Circuit has held that Plaintiff's recusal motion based upon ownership of Exxon stock was *untimely*. Judge O'Connor's subsequent recusal – after the Fifth Circuit affirmed that he was not required to recuse – does not undermine that final determination and is quite beside the point in light of the procedural posture

of this case. Plaintiff has submitted no evidence to suggest that any new information has come to light to change the circumstances in which Judge O'Connor, affirmed by the Fifth Circuit, denied his motion for recusal as being untimely. The mandate rule controls this issue. Plaintiff's Rule 60(b) motion is therefore without merit.

Plaintiff uses legal prestidigitation in an attempt to convince the court that the judgment should be vacated. Although cleverly used by Plaintiff, the court is not impressed. As the Fifth Circuit held that the recusal motion was untimely, the court can think of no circumstance that can *now* magically "unring the bell" and transform the recusal motion from untimely to timely. Even if the court were to assume, as Plaintiff urges without evidentiary support, that Judge O'Connor had a sudden change of heart and realized that he should have recused himself when Plaintiff first filed his motion in March 2012, that does not invalidate the Fifth Circuit's binding determination that the motion was *untimely* brought.

Plaintiff seeks to engage in a fishing expedition to investigate the reasoning of Judge O'Connor in an effort to establish such changed circumstances, and that request is denied. There is no basis for the court to order discovery into Judge O'Connor's thought processes or his basis for recusal. *See, e.g., United States v. Casas,* 376 F.3d 20, 23 (1st Cir. 2004) ("Judges are 'under no obligation to provide a statement of reasons for recusal,' and typically do not make any record when, as here, they recuse themselves *sua sponte*."). The court, of course, is not bound by the Middle District of Pennsylvania order that Plaintiff repeatedly cites, *Rohrbach v. AT&T Nassau Metals Corp.,* 915 F. Supp. 712, 717 (M.D. Pa. 1996); and that opinion does not at all stand for the proposition that a party should be permitted discovery of the basis of a judge's decision to recuse himself from a matter.

### 3. Sanctions Warning

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *See id.* The court has concluded that Plaintiff's Rule 60(b) motion asserts no new grounds for relief and simply rehashes an argument regarding recusal that has been conclusively rejected by the Fifth Circuit. Plaintiff's motion and litigating posture on this matter causes undue burden on the court's resources and harasses Defendants. This litigation – which came to an end with a November 2010 judgment – has become unduly protracted; however, at some point all litigation must come to an end. Considerable but scarce judicial resources have been expended. The judgment of this case is final, has been affirmed by the Fifth Circuit, and *certiorari* has been denied. This is Plaintiff's second Rule 60(b) motion since judgment was entered, and a motion for leave to file a third, "emergency," Rule 60(b) motion has recently been filed. This litigation, and the to-and-fro surrounding it, must end.

**In this vein, if any further motion is filed to reconsider, amend or alter the judgment, or any similar motion seeking to vacate the November 2010 final judgment, and the court finds such motion is baseless, frivolous, or without merit, the court will impose sanctions against the offending attorney or party. The parties are strongly warned not to test the court's patience in this regard**. Further, counsel are cautioned that the court will impose sanctions against them if it determines that 28 U.S.C. § 1927 is violated. This statute provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the

excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

## IV.    Conclusion

For the reasons herein stated, the court determines that the findings and conclusions of the magistrate judge are correct. Accordingly, the court **accepts** the findings and conclusions as those of the court, **overrules** Plaintiff's objections, and **denies** Albert G. Hill, III's Supplemental Motion Pursuant to Fed. R. Civ. P. 60(b) to Vacate Global Settlement Agreement and Final Judgment in Light of the Honorable Reed O'Connor's Recusal or, in the Alternative, for Leave to Take Discovery (Doc. 1389).

**It is so ordered** this 17th day of April, 2014.

                                                                                          /s/ Sam A. Lindsay
                                                                                          Sam A. Lindsay
                                                                                          United States District Judge