IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ALBERT G. HILL, III,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No:  **3:07-CV-2020-L** |
| | § | |
| **WILLIAM SCHILLING, *et al*.,** | § | |
| | § | |
| Defendants. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is a Motion for Leave to Intervene on Behalf of THH Properties Limited

Partnership, D&B Thompson Investments, L.P., Thompson-Huffman Limited Partnership and

Melrose Properties, LLC (Doc. 1342), filed January 28, 2013.  After careful review of the parties'

briefing and the applicable law, the court hereby **grants** the Motion for Leave to Intervene on

Behalf of THH Properties Limited Partnership, D&B Thompson Investments, L.P., Thompson-

Huffman Limited Partnership and Melrose Properties, LLC.

**I.      Background**

THH Properties Limited Partnership, D&B Thompson Investments, L.P., Thompson-

Huffman Limited Partnership, and Melrose Properties, LLC (collectively, the "Louisiana

Creditors") seek leave to intervene as of right in this case as judgment creditors of Albert G. Hill

III ("Hill III").  Doc. 1342.  The Louisiana Creditors contend that in 1999 they sold their interests

in various convenience stores to Easterhill, Ltd., which was owned by Hill III and entities that Hill

III owned.  *Id.* at 1-2.  The Louisiana Creditors financed part of the purchase price, and Hill III

signed two personal guarantees in connection with that portion of the sale on which he later

defaulted.  *Id.* at 2.  In 2002, the Louisiana Creditors sued Hill III in Louisiana to enforce the

**Memorandum Opinion and Order – Page 1**

personal guarantees.  *Id.* at 2.  In December 2009, the Louisiana Creditors and Hill III agreed to enter into a Consent Judgment in the Louisiana lawsuit.  The Consent Judgment ordered Hill III to pay the Louisiana Creditors $2.3 million, plus interest.  *Id.* at 3.  Hill III failed to satisfy the Consent Judgment.  *Id.* at 3.

In December 2010, the Louisiana Creditors obtained a Turnover Order from a Dallas County court.  *Id.*  The court ordered Hill III to turn over to the Dallas County Sheriff all funds disbursed to him pursuant to the terms of the Global Settlement Agreement and Final Judgment in this federal case in the amount necessary to satisfy the Louisiana Creditors' judgment.  *Id.* at 3-4.

On April 29, 2011, Hill III filed an application to disburse funds held in the court's registry for payment of the Consent Judgment.  Doc. 1147.  That application was denied in August 2012.  Doc. 1311.

## II.      Discussion

The Louisiana Creditors seek to intervene in this case as of right pursuant to Rule 24 of the Federal Rules of Civil Procedure to enforce and collect the Consent Judgment against Hill III.  To the extent Hill III is awarded any money or property in this matter, the Louisiana Creditors seek to intervene to protect their right to enforce and collect their Consent Judgment and to enforce the Turnover Order against Hill III.  The Motion for Leave to Intervene is opposed by Campbell Harrison & Dagley, L.L.P. and Calloway, Norris, Burdette & Weber, PLLC, plaintiffs in *Campbell Harrison & Dagley, L.L.P. v. Hill*, No. 3:12-CV-4599-L (the "Law Firms").

Federal Rule of Civil Procedure 24(a) governs intervention as of right and provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

**Memorandum Opinion and Order – Page 2**

Fed. R. Civ. P. 24(a)(2).  "A party is entitled to an intervention of right if: (1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest." *Doe v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001).  Here, the interested parties focus on the second, third and fourth prongs of the *Glickman* analysis.

### A.    Sufficient Interest

To intervene in this case, the Louisiana Creditors must establish they have an interest that is related to the property that forms the basis of the controversy. *Id.*  To meet this requirement, an applicant must point to an interest that is "direct, substantial, [and] legally protectable." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 463 (5th Cir. 1984) (internal quotation marks and citations omitted).

In support of their argument that they are entitled to intervene in this action, the Louisiana Creditors cite *Marre v. United States*, 117 F.3d 297 (5th Cir. 1997).  In *Marre*, a plaintiff, on behalf of himself and his corporation, sued the government for wrongful disclosure of tax return information.  A third party subsequently secured a judgment against the plaintiff.  Through postjudgment discovery, the third-party identified the plaintiff's interest in his case against the government as a significant asset and, pursuant to Texas statute, obtained a turnover order from state court.  *Id.* at 306.  The order required the plaintiff to turn over to the company any monies that resulted from his suit against the government.  *Id.*  The company was granted leave to intervene as a judgment creditor in the plaintiff's case against the government.  It was undisputed that (1) the company had complied with Texas law in obtaining the turnover order, (2) the order required

the plaintiff to turn over any monies he received from his suit against the government, and (3) the company was properly before the district court to enforce the turnover order. *Id.* at 307 n.16. Accordingly, the court held that the district court should have fully enforced the turnover order. *Id.* at 307.

The Law Firms argue that general creditors like the Louisiana Creditors do not have the requisite interest to intervene. Doc. 1355 at 5-6. In support of their argument, the Law Firms cite *Mothersill D.I.S.C. Corp. v. Petroleos Mexicanos, S.A.*, 831 F.2d 59 (5th Cir. 1987). In *Mothersill*, the movant was a corporate employee who entered into a contract obligating his employer to compensate him for securing a construction contract for his employer with Petroleos Mexicanos ("Pemex"). After his employer failed to pay the money owed, the movant sought to intervene in an earlier settlement between Pemex and the employer and others concerning the construction of the project. The Fifth Circuit noted that the movant was owed a right to payment by his employer that was not dependent on the Pemex project or on the movant's ability to recover from Pemex. The Court held that the movant's claim was no different from any other unsecured creditor whose claim arose from the project. His claim was not contingent on establishing liability in the main action. *Id.* at 62. The Law Firms argue that, like the movant in *Mothersill*, the Louisiana Creditors are mere judgment creditors of Hill III in an unrelated lawsuit.

In the Louisiana lawsuit between the Louisiana Creditors and Hill III, the Louisiana Creditors obtained a Consent Judgment against Hill III in 2009. The Louisiana Creditors then obtained a Turnover Order in a Dallas County court. The Turnover Order orders Hill III to turn over to the Louisiana Creditors any funds he receives under the Settlement Agreement and the Final Judgment *in this matter.* By the terms of the Turnover Order, the Louisiana Creditors have a "legally cognizable interest" in any proceeds to which Hill III is entitled under the Settlement

Agreement and the Final Judgment in this case.  Doc. 1342-4.  Because the Louisiana Creditors'

claim is to these specific funds, their claim satisfies the direct, substantial and legally protectable

interest requirement to allow them to intervene as of right.  *See In re Lease Oil Antitrust Litig.*,

570 F.3d 244, 251 (5th Cir. 2009) (holding that because the State of Texas had a substantial interest

in a fund being distributed in settlement of the underlying action, it had an interest sufficient to

intervene).

### B.     Effect of the Action on the Interest

A party is entitled to intervene when it can establish that disposition of the case may impair

or impede the potential intervenor's ability to protect its interest.  *Glickman*, 256 F.3d at 375.  The

Louisiana Creditors contend their interest in the money will be impaired if they are not allowed to

intervene because this may be their only way to collect on their judgment.  They claim they have

been unable to collect the funds owed by Hill III even though they have been attempting to do so

since 2002.  Docs. 1342 at 2, 5; Doc. 1366 at 6-7.

The Law Firms contend the Louisiana Creditors can recover their money in ways other

than intervention.  They contend that because the Turnover Order requires Hill III to turn over any

settlement funds he received, he would be in contempt of court if he failed to do so.  Doc. 1355 at

16.  They also contend that because Hill III has already moved the court to pay the debt out of the

court's registry, intervention is not necessary.  *See* Doc. 1147; *Blue v. Hill*, No. 3:10-CV-2269-L,

Doc. 252.

The Louisiana Creditors need not establish that intervention is the *only* way they can

recover their money; rather, they must demonstrate that "disposition of th[is] action may, as a

practical matter, impair or impede [their] ability to protect [their] interest." *Glickman*, 256 F.3d at

376 (quoting Fed. R. Civ. P. 24(a)).  If the Louisiana Creditors are not permitted to intervene, they

are reliant on Hill III to pay the debt he has failed to pay for many years.  Further, the court denied

Hill III's request for disbursement of funds to pay them because he was appealing the Final

Judgment.  Doc. 1311.   Even if the court revisits Hill III's request, the Louisiana Creditors would

have no legal right to refute BAM's argument that Hill III is not entitled to have those funds

disbursed to him to pay the debt.  Doc. 1220.  As a practical matter, disposition of this lawsuit

without the Louisiana Creditors' intervention may impair or impede their ability to recover their

money.

### C.      Adequacy of Representation

"The final requirement for intervention as a matter of right is that the applicant's interest

must be inadequately represented by the existing parties to the suit." *Sierra Club v. Espy*, 18 F.3d

1202, 1207 (5th Cir. 1994).   The applicant has the burden of demonstrating inadequate

representation, but this burden is "minimal." *Id.*   To make a showing of "inadequate

representation," "[t]he applicant need only show that representation 'may be' inadequate." *Id.*

The Louisiana Creditors' primary interest is in recovering the judgment amount to which

they are entitled.  Hill III's primary interest is in preserving funds for himself.  The other parties

to these actions are primarily concerned with obtaining funds for themselves.  Though the Law

Firms contend Hill III adequately represents the interest of the Louisiana Creditors because he

filed the motion for disbursement, the Louisiana Creditors have been battling Hill III for years in

courts.  All the parties to these actions are spending their resources protecting their own financial

interests.  There is no party to this lawsuit that will zealously represent the Louisiana Creditors'

singular interest.

For the reasons herein set forth, the court **grants** the Motion for Leave to Intervene on

Behalf of THH Properties Limited Partnership, D&B Thompson Investments, L.P., Thompson-

**Memorandum Opinion and Order – Page 6**

Huffman Limited Partnership and Melrose Properties, LLC.  The Louisiana Creditors shall file

their Complaint in Intervention by **June 6, 2014**.

      **It is so ordered** this 4th day of June 2014.

 

 

Sam A. Lindsay
United States District Judge