IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CAMPBELL HARRISON & DAGLEY** | § | |
| **L.L.P. and CALLOWAY, NORRIS,** | § | |
| **BURDETTE AND WEBER, PLLC**, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-4599-L** |
| | § | |
| **ALBERT G. HILL III and ERIN HILL,** | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | | |
| **ALBERT G. HILL, III,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:07-CV-2020-L** |
| | § | |
| **WILLIAM SCHILLING, *et al.*,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Albert G. Hill, III ("Hill III") and Erin Hill's Motion to Disqualify

Magistrate Judge or Withdraw Referral  ("Motion for Recusal") (Doc. 144), filed September 9,

2015, in Civil Action No. 3-12-CV-4599-L (the "4599 Action"); and Albert G. Hill, III's Emergency

Motion to Stay Proceedings Before Magistrate Judge, to Direct Magistrate Judge to Cease Conduct

Exceeding Scope of Authority and for Withdrawal of Referrals to Magistrate Judge ("Motion to

Stay") (Doc. 1631), filed September 9, 2015, in Civil Action No. 3-07-CV-2020-L (the "2020

Action").  By these motions, Hill III and Erin Hill (the "Hills") ask the court to recuse Magistrate

Judge Renée Harris Toliver under 28 U.S.C. § 455(a) and (b)(1), and to withdraw a pending order

of referral, asserting she "overstepped" her jurisdictional authority and demonstrated "personal bias and prejudice" toward the Hills as exemplified by certain comments she made during a hearing on July 23, 2015.  *See* Mot. for Recusal 2, 3 (Doc. 144 in the 4599 Action); Motion to Stay (Doc.1631 in the 2020 Action).[1]

Having considered the motions, responses,[2] replies,[3] evidence, record, and applicable law, and, for the reasons stated below, the court **denies** Defendants' Motion to Disqualify Magistrate Judge or Withdraw Referral, and **denies** Emergency Motion to Stay Proceedings Before Magistrate Judge, to Direct Magistrate Judge to Cease Conduct Exceeding Scope of Authority and for Withdrawal of Referrals to Magistrate Judge.

## I.      Factual and Procedural Background

While the underlying litigation is complex, the facts relevant to the motions under consideration are straightforward.  This case involves a family dispute relating to the management of the Margaret Hunt Trust Estate ("MHTE") and the Haroldson Lafayette Hunt, Jr. Trust Estate ("HHTE"), two trusts created by the late Texas oil magnate H.L. Hunt for his eldest children, Margaret Hunt Hill and H. L. Hunt, Jr.  *See generally* Pl.'s First Am. Compl. (Doc. 616 in the 2020

---

[1] The Hills previously filed a  motion to recuse Magistrate Judge Toliver in a related severed attorney's fees dispute, Civil Action No. 3-10-CV-2269-O (the "2269 Action").  The Hills argued that the Magistrate Judge should have recused herself because a close friend of hers was a material witness in the fee dispute.  The district court denied the recusal motion.  (Doc. 561 in the 2269 Action; Doc. 1475 in the 2020 Action).  On appeal, the Fifth Circuit affirmed the court's denial of the recusal motion, as well as the district court's denial of a motion filed by Hill III in the 2020 Action to vacate the Final Judgment in light of new evidence.  *See Hill v. Schilling,* 593 F. App'x 330 (5th Cir. 2014).

[2] *See* CHD and CNBW's Opposition to Hill III's Second Motion to Recuse Judge Toliver, filed September 21, 2015 (Doc. 1634 in the 2020 Action; Doc. 148 in the 4599 Action); Response of the HHTE New Hunt Trusts to Plaintiff's Motion to Recuse Magistrate Judge, filed September 30, 2015 (Doc. 1636 in the 2020 Action); Albert G. Hill, Jr.'s Response to Hill III's Motion to Stay Proceedings before Magistrate Judge, filed September 30, 2015 (Doc. 1637 in the 2020 Action).

[3] *See* Hill III Reply Memorandum (Doc. 1638 in the 2020 Action; Doc. 152 in the 4599 Action).

Action).  Margaret Hunt Hill had three children, including Albert G. Hill, Jr. ("Al Jr."), all of whom

were beneficiaries of both the MHTE and HHTE.  *See id.*  Al Jr., in turn, had three children,

including Hill III, all of whom were also beneficiaries of the MHTE and HHTE.  *See id.*[4]

### A.      The Initial Lawsuit

In December 2007, Hill III brought this lawsuit in Texas state court in his individual capacity

and on behalf of the MHTE and HHTE against specific beneficiaries, including Al Jr. and his

siblings, the trustees, and members of the advisory boards, alleging wrongdoing in the management

of the trusts and seeking a declaration that he was a direct and vested beneficiary of the MHTE.

Following removal to federal court where the case was randomly assigned to United States District

Judge Reed C. O'Connor, and after several years of litigation (including related state court actions

and a severed attorney's fees dispute in federal court[5]), the parties entered into a Global Settlement

Agreement and Mutual Release Agreement (the "Settlement Agreement") (Doc. 879 in the 2020

Action).   The Settlement Agreement provided, among other things, that the MHTE would be

divided, pro rata, into separate sub-trusts for all beneficiaries, including Hill III, who would become

the sole beneficiary to one of the new subdivided trusts containing his individual interest, the

---

[4] In a recent decision, the United States Court of Appeals for the Fifth Circuit mistakenly stated that H.L. Hunt was Albert G. Hill, III's father.  *See Campbell Harrison & Dagley, L.L.P. v. Hill*, 782 F.3d 240, 241 (5th Cir.), *cert. denied*, 136 S. Ct. 247 (2015) ("Underlying the action is the Hills' claimed interest in several trusts established by Hill's father, H.L. Hunt.").  H.L. Hunt is Albert G. Hill, III's great-grandfather.

[5] The Hills were represented by several attorneys in the trust dispute, including attorney Mark Lanier who subsequently withdrew due to a conflict of interest, as well as Lisa Blue, Charla Aldous, and Steve Malouf (collectively, "BAM"), and CHD and CNBW, Plaintiffs in the 4599 Action.  After a dispute over the payment of attorney's fees arose, the court severed the attorney's fees dispute from the underlying trust action. Subsequently, the court entered an order awarding attorney's fees to BAM in Civil Action No. 3-10-CV-2269-O-BK (the "2269 Action").  In light of an arbitration agreement between Hill III and CHD and CNBW, the court severed that dispute from the 2269 Action and referred it to arbitration.  *See* Civil Action No. 3-12-CV-4599-O-BK.  On June 3, 2015, the court issued a final judgment in favor of CHD and CNBW in the 4599 Action.  Final J. (Doc. 119).

MHTE-Albert G. Hill III Trust. Each sub-trust was to be separately administered by a new successor trustee. On November 8, 2010, Judge O'Connor issued a final judgment (the "Final Judgment") implementing and memorializing the parties' Settlement Agreement. *See* Final J. (Doc. 999 in the 2020 Action).

### B.      Appointment of Successor Trustee in the 2020 Action

The current trustee of the MHTE-Albert G. Hill III Trust, Wilmington Trust N.A. ("Wilmington"), served three months before resigning in October 2013. (Doc. 1487). In June 2014, Wilmington filed a motion requesting that the court appoint a successor trustee. (Doc. 1487). Hill III filed a response asking the court to appoint Reliance Trust Company ("Reliance") as the successor trustee. (Doc. 1506). On February 2, 2015, the court referred Wilmington's motion, Hill III's response, and related motions to Magistrate Judge Toliver. (Doc. 1545). On February 13, 2015, Magistrate Judge Toliver denied Hill III's request to appoint Reliance as the successor trustee, finding that Reliance was not qualified under the terms of the Final Judgment, and ordered Hill III and the Advisory Board of the MHTE-Albert G. Hill III Trust to select a qualified trustee within twenty-one days.[6] In response, Hill III filed a motion asking the Magistrate Judge to appoint Deutsche Bank Trust Company ("Deutsche Bank") as successor trustee. (Doc. 1547). In a March 16, 2015 Order, Magistrate Judge Toliver found that Deutsche Bank was similarly not qualified and directed Hill III to propose a trustee that meets the requirements of the Final Judgment no later than April 1, 2015. (Doc. 1548). The Magistrate Judge stated that: "Sanctions will follow if Hill III does not strictly comply with the Court's Order." Doc. 1548 at 3. In response, Hill III again requested that the court appoint Deutsche Bank as the successor trustee or, alternatively, allow an extension

---

[6] The Final Judgment requires that the trustee be a "bank with greater than $10 billion in assets under management (adjusted for inflation)[.]" Doc. 999-1, Ex. 5, § 4.01.

of time to comply.  (Doc. 1549).    After ordering further briefing, the Magistrate Judge held a

hearing on July 23, 2015, concerning the issue of appointing a successor trustee, as well as Hill III's

lack of compliance with her orders.   At the hearing, the Magistrate Judge also heard arguments

relating to the HHTE New Hunt Trusts' Motion to Confirm Transfer of Title to Appraised Assets,

which the court had referred to her on January 21, 2015.  (Doc. 1544).

At the hearing, in considering Hill III's failure to designate a qualified successor trustee,

Magistrate Judge Toliver stated as follows:

> My concern again is the judgment and the plain reading of its terms.  That's
> how I am going to approach the construction of it.  Solid legal principles require that
> I do enforce the plain meaning of its terms.

> I don't think it can state more plainly that the trustee is required to have $10
> billion in assets.  Not only was that part of the agreement, but, more importantly, it
> is part of the judgment that has been affirmed in this case.  I am not prepared and I
> am not going to go behind that.

> * * *

> You know, I am from limited means.  All this was new to me.  Even in
> families like mine where people don't have much, they get into disputes.  But Mr.
> Hill, III started this party.  And I think it's just sad and shocking that a family would
> be torn apart over these kinds of issues.  But Mr. Hill, III, who feels isolated at this
> point, is the one who started the party.  Mr. Hill, III is the one who insisted that there
> were some things going on that were untoward that required court intervention.
> Well, that ship has sailed.  The Court has intervened.  There is a judgment.  I am
> going to in every way enforce that judgment.

Transcript of July 23, 2015 hearing at p. 45, lines 12-16; p. 46, lines 10-20 at 45-45 (Doc. 1621).

Following the hearing, Magistrate Judge Toliver issued an order finding that "Hill III has not

demonstrated that he has expended sufficient effort in attempting to secure a qualified successor

trustee" and ordered him to secure a successor trustee no later than October 21, 2015."  Order at 2.

(Doc. 1620).  She also warned that if, "Hill III does not comply with the Court's order . . . the

Memorandum Opinion and Order – Page 5

undersigned will issue an order requiring him to show cause why he should not be held in contempt of court." *See id.* at 3.[7]

On August 6, 2015, more than six months after the court's referral to the Magistrate Judge, the Hills filed a motion to recuse Magistrate Judge Toliver under 28 U.S.C. § 455(a) and (b)(1), and a related motion asking the court to withdraw an order of referral on a pending discovery matter, asserting that the Magistrate Judge "overstepped" her jurisdictional authority and demonstrated "personal bias and prejudice" toward the Hills as exemplified, among other things, by the above-referenced comments made during the hearing on July 23, 2015. *See* Mot. for Recusal 2, 3 (Doc. 144 in the 4599 Action); *see also* Motion to Stay (Doc. 1624 in the 2020 Action) (arguing that "Magistrate Judge Toliver exceeded her authority under 28 U.S.C. § 636(b)"). After setting forth the standard for recusal, the court will address the Hills's arguments.

## II.     Analysis

### A.     Applicable Legal Standard

Section 455 provides, in pertinent part, that:

> (a)  Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]
> > . . . .

---

[7] On October 21, 2015, Hill III filed his Submission in Light of July 23, 2015 Order Directing Him to Appoint Successor Trustee. (Doc. 1643 in the 2020 Action). In this submission, Hill III describes and documents the additional efforts he and his advisory board have "expended to secure a successor trustee" since Magistrate Judge Toliver's July 23, 2015 order. Doc. 1643 at 2.

28 U.S.C. § 455(a), (b)(1).  "These provisions afford separate, though overlapping, grounds for recusal."  *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003).  Subsection (b)(1) pertains to specific instances of conflicts of interest, while subsection (a) deals with the appearance of partiality generally.  *See id.*  "[W]henever a judge's partiality might reasonably be questioned, recusal is required under § 455(a), irrespective of whether the circumstance is covered by § 455(b)."  *Id.* (citation omitted).  Courts must "take special care in reviewing recusal claims so as to prevent parties from abusing § 455 for a dilatory and litigious purpose based on little or no substantial basis."  *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (citation and internal quotations omitted).

To establish that recusal is proper under § 455(a), the party seeking recusal must demonstrate that "a reasonable person,  knowing the circumstances, would question the judge's impartiality."  *Hollimon v. Potter*, 365 F. App'x 546, 549 (5th Cir. 2010) (citation omitted); *see also United States v. Anderson*, 160 F.3d 231, 233 (5th Cir. 1998).  In conducting this review, a court must ask how the facts would appear to a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *Andrade*, 338 F.3d at 454 (quoting *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995)).  "[R]eview should entail a careful consideration of context, that is, the entire course of judicial proceedings, rather than isolated incidents."  *Id.* at 455 (citing *Sao Paulo State of Federative Rep. of Brazil v. American Tobacco Co.*, 535 U.S. 229, 232-33 (2002)).  In addition, courts apply the "extrajudicial source rule" in interpreting § 455(a).  *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1995)).  This rule "divides events occurring or opinions expressed in the course of judicial proceedings from those that take place outside of the litigation context and holds that the former rarely require recusal."  *Id.*  "[J]udicial remarks during

the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or

their cases, ordinarily do not support a bias or partiality challenge." *Id.* "Rarely, events in court

may 'reveal such a high degree of favoritism or antagonism as to make fair judgments impossible.'"

*Id.* at 462 (quoting *Liteky*, 510 U.S. at 555). Finally, a court must be careful not to read § 455(a) so

broadly as to create a presumption of impartiality such that "recusal is mandated upon the merest

unsubstantiated suggestion of personal bias or prejudice." *United States v. Harmon*, 21 F. Supp. 2d

642, 645 (N.D. Tex. 1998) (citing *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1986)).

### B.    Discussion

The Hills argue that under § 455(a) and (b)(1), Magistrate Judge Toliver should be recused

because her comments at the July 23, 2015 hearing, quoted above, call into question her impartiality

in this matter. While perhaps not a cause for commendation or approbation, Magistrate Judge

Toliver's comments at the hearing fall woefully short of meeting the above-detailed criteria for

recusal of a judge under § 455(a) and (b)(1). Applying the objective standard for recusal, the court

finds that no reasonable person, knowing and understanding all of the relevant facts and protracted

litigation history, would conclude that the Magistrate Judge's impartiality might be reasonably

questioned. The record does show that the Hills hold a "hypersensitive, cynical, and suspicious"

view as to whether Magistrate Judge Toliver can be impartial; however, such view is insufficient

to support a finding that a "well-informed, thoughtful and objective observer," knowing the

circumstances, would question her impartiality. *See Andrade*, 338 F.3d at 454 (citation omitted).

First, the Hills have failed to show that the comments were "extrajudicial" in origin. *See*

*Liteky*, 510 U.S. at 555. Instead, her statements can only be described as expressions of "opinions

formed . . . on the basis of facts . . . or events occurring in the course of the current proceedings, or

of prior proceedings," the sort of opinions and expressions that *Liteky* holds nearly exempt from causing recusal.  *Liteky*, 510 U.S. at 555.  Further, viewed in the context of this lengthy and acrimonious litigation, which began in 2007, no reasonable person would view her comments as reflecting anything other than her frustration with the case and the Hills's foot-dragging, specifically with regard to her directions regarding appointment of a qualified successor trustee.  Her comments, quite simply, do not reflect the "deep-seated favoritism or antagonism that would make fair judgments impossible." *See id.*; *see also Hollywood Fantasy Corp. v. Gabor*, 151 F.3d 203, 216 & n.6 (5th Cir. 1998) (stating that critical remarks revealing judge's temporary frustration with a defendant do not require recusal); *Liteky*, 510 U.S. at 555-56 ("[E]xpressions of impatience, dissatisfaction, annoyance, and even anger" do not establish bias or prejudice.).

The Hills's remaining arguments made in support of the Motion for Recusal and Motion to Stay suffer from multiple deficiencies.  In the Motion to Stay, which overlaps significantly with the Motion for Recusal, Hill III lists as alleged improper conduct that Magistrate Judge Toliver maintains "personal relationships with a material witness and parties." Doc. 1631 at 11-12.  While vague, the Hills are attempting to reurge an argument previously rejected in the 2269 Action where they sought Magistrate Judge Toliver's recusal because she was friends with then-Dallas County First Assistant District Attorney Terri Moore, who might have been (but was not) a witness in Hill III's attorney's fees dispute with BAM.  (Doc. 524 in the 2269 Action).  As CHD, CNBW, and Al Jr. correctly note, this court and the Fifth Circuit have rejected the Hills's first recusal motion against Magistrate Judge Toliver on this basis.  The Hills cannot relitigate those rulings.  *See* Doc. 1475 in the 2020 Action; Doc. 561 in the 2269 Action (district court ruling); *Hill v. Schilling,* 593 F. App'x 330 (5th Cir. 2014) (Fifth Circuit opinion).

The court also rejects Hill III's contention in the Motion to Stay that Magistrate Judge Toliver's personal bias and background are her reason for her statements that she is going to "in every way enforce" the Final Judgment. Doc. 1631 at 9. The Magistrate Judge cannot be faulted for wanting to enforce the Final Judgment. Following entry of Final Judgment on November 8, 2010, Hill III has repeatedly, and unsuccessfully, sought to overturn the Final Judgment by filing motions to alter or amend or vacate before the district court and filing appeals with the Fifth Circuit. *See Hill v. Schilling,* 593 F. App'x 330 (5th Cir. 2014) (Doc. 1538); *Hill v. Schilling*, 578 F. App'x 456 (5th Cir. 2014) (Doc. 1527); *Hill v. Schilling*, 495 F. App'x 480 (5th Cir. 2012) (consolidated appeal), *cert. denied*, 133 S. Ct. 2859 (2013).

Hill III also challenges Magistrate Judge Toliver's authority to hold him in contempt or issue a show cause order. The court need not consider this argument, as it is not ripe. Magistrate Judge Toliver merely put Hill III on notice that she would enter a show cause order if he continues to refuse to comply with court orders. Furthermore, Magistrate Judge Toliver operates pursuant to the Federal Magistrates Act, which clearly sets forth the procedures for handling a contemptuous or contumacious litigant. *See* 28 U.S.C. § 636(e).

The court also rejects Hill III's argument that Magistrate Judge Toliver lacked jurisdiction to decide HHTE New Hunt Trusts' Motion to Confirm Transfer of Title to Appraised Assets, which the court referred to her on January 21, 2015. (Doc. 1544). Following the July 23, 2015 hearing, Magistrate Judge Toliver entered an order granting the motion. (Doc. 1620). In granting the motion, Magistrate Judge Toliver enforced compliance with this court's November 13, 2014 Order (Doc. 1534) requiring the MHTE-Albert G. Hill III Trust's execution and delivery of the Assignment of Interest form for the appraised assets of the HHTE New Hunt Trusts. Hill III now

argues that the Magistrate Judge "entered an order directly related to matters pending before the Fifth Circuit Court of Appeals." Doc. 1631 at 2. Hill III is apparently referring to his appeal of the court's order entered April 2, 2015 (Doc. 1550), denying his Motion for Rehearing, Reconsideration or Amend[ment] on a Single Issue Contained in the Court's Order dated November 13, 2014 (Doc. 1534). *See* Doc. 1570, Notice of Appeal.  The single issue presented in the appeal was the court's denial of Hill III's request that the sale proceeds earmarked in the court's registry for the interest of the MHTE-Albert G. Hill III Trust be distributed to the MHTE-Albert G. Hill III Trust, rather than remain in the court's registry expressly subject to CHD and CNBW's claims.[8]  HHTE New Hunt Trusts' payment of funds to purchase the appraised assets has already occurred and is not an issue on appeal.  The asset purchase and right to obtain good and clear title to the assets are different from the issue on appeal, namely, whether the court correctly ruled that the sale proceeds earmarked in the court's registrry for MHTE-Albert G. Hill Trust should remain in the registry pending resolution of Hill III's disputes with CHD and CNBW.  In any event, on October 2, 2015, the Fifth Circuit

---

[8] The Final Judgment provided that certain illiquid ownership interests held by the MHTE would be appraised and sold to the HHTE.  Doc. 999, ¶¶ 10-11. As part of that process, in 2010, the HHTE paid $57 million into the court's registry to pay for those illiquid assets, including the illiquid assets held by the MHTE-Albert G. Hill III Trust.  *See* Doc. 1046 at 4-5.  The MHTE-Albert G. Hill III Trust's portion is worth $4.43 million.  The HHTE New Hunt Trusts purchased the appraised assets in accordance with the appraisal process set forth in the parties' Settlement Agreement and the court's Final Judgment.  *See* Final J. at 23 (Doc. 999); Settlement Agreement at 17-18 (Doc. 879).  In December 2012, the HHTE trustees petitioned the court to release the registry funds to pay for the illiquid assets.  (Doc. 1333).  CHD and CNBW objected to the disbursement of the MHTE-Albert G. Hill III Trust's portion of those assets since the Final Judgment required that the funds remain in the court's registry subject to the law firms' claims, until their fee dispute with the Hills was resolved.  (Doc. 1336).  In November 2014, the court agreed with CHD and CNBW and ordered that the MHTE-Albert G. Hill III Trust's portion of the illiquid assets be maintained in the court's registry subject to CHD and CNBW's claim.  (Doc. 1534).  Following the court's denial of Hill III's motion for reconsideration, Hill III appealed this ruling.  The Fifth Circuit recently dismissed this appeal for lack of subject matter jurisdiction.  *Hill v. Schilling*, No. 15-10407 (5th Cir. Oct. 2, 2015).

entered a per curiam opinion and issued a mandate dismissing Hill III's appeal for lack of subject matter jurisdiction. *Hill v. Schilling*, No. 15-10407 (5th Cir. Oct. 2, 2015).

Finally, to the extent Hill III challenges the Magistrate Judge's adverse rulings and suggests that they show bias, judicial rulings may be "proper grounds for appeal, not for recusal." *Andrade*, 338 F.3d at 455. Hill III has not provided any evidence of "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

For the foregoing reasons, the court finds that recusal is unwarranted under § 455(a) or (b)(1), and there is no basis for a stay. Accordingly, the court will deny the relief sought.

## III.   Conclusion

Based on the foregoing, the court **denies** Defendants' Motion to Disqualify Magistrate Judge or Withdraw Referral (Doc. 144 in the 4599 Action), and **denies** Albert G. Hill, III's Emergency Motion to Stay Proceedings Before Magistrate Judge, to Direct Magistrate Judge to Cease Conduct Exceeding Scope of Authority and for Withdrawal of Referrals to Magistrate Judge (Doc. 1631 in the 2020 Action).

Further, having considered the Hills's Motion for Recusal under the well-established parameters of 28 U.S.C. § 455(a) and (b)(1), *see supra*, the court finds that the motion is patently frivolous and totally without merit. The Hills's renewed attempt to oust Magistrate Judge Toliver, based on her July 23, 2015 in-court statements, is not only without any basis in law or fact, but has also caused the court and the opposing parties to expend resources and time addressing a motion that does not even marginally assert a colorable claim for recusal. This case has consumed an inordinate amount of the court's scarce judicial resources. Notwithstanding the undersigned's prior directives, as well as the Fifth Circuit's admonitions, the Hills and their counsel continue to use motion practice

to frustrate and thwart the court's implementation of the Settlement Agreement and Final Judgment and continue to unreasonably and vexatiously multiply these proceedings by filing frivolous motions, as exemplified by the current recusal motion.  For these reasons, the court will issue a separate show cause order today directing counsel for the Hills, namely, Mr. John Da Grosa Smith and Ms. Kristina M. Jones of Smith LLC, and local counsel Mr. Michael Mowla, to show cause why monetary sanctions, attorney's fees and costs, and any other sanctions the court deems appropriate, should not be imposed against them for unreasonably and vexatiously multiplying proceedings under 28 U.S.C. § 1927, and for violating Federal Rule of Civil Procedure 11(b)(1)-(b)(3) by filing the patently frivolous Motion for Recusal.

The court **directs** the Clerk of Court to file a copy of this Memorandum Opinion and Order in Civil Action Nos. 3:07-CV-2020-L-BK and 3:12-CV-4599-L-BK.

It is so **ordered** this **19th day** of **November, 2015.**

Sam A. Lindsay
United States District Judge