IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ALBERT G. HILL, III,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:07-CV-2020-L** |
| | § | |
| **WILLIAM SCHILLING,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: Plaintiff's Objections to Magistrate's Recommendation on Motion to Alter or Amend Magistrate's Order Granting Motion of the HHTE New Hunt Trusts to Confirm that Title to the MHTE-Albert G. Hill III Trust's Interest in the MHTE Illiquid Assets has been Transferred to the HHTE New Hunt Trusts, filed August 6, 2015 (Doc. 1623) ("Objections to Order Confirming Title Transfer"); and Plaintiff's Objections to Magistrate's Recommendation (or Ruling) on "The Parties' Submissions Relating to the Appointment of a Successor Trustee for the MHTE-Albert G. Hill III Trust," filed August 6, 2015 (Doc. 1624) ("Objections to Trustee Order") (collectively, the "Plaintiff's Objections"). Plaintiff's Objections concern the Magistrate Judge's July 23, 2015 Order (Doc. 1620) on various motions referred to her. Having considered Plaintiff's Objections, responses thereto,[1] Plaintiff's reply, record, prior court orders, and applicable law, and for the reasons stated below, the court **overrules** Plaintiff's Objections.

---

[1] *See* Resp. of HHTE New Hunt Trusts to Pl.'s Obj. to Mag. Judge's Order, filed August 20, 2015 (Docs. 1626 and 1627); Albert G. Hill, Jr.'s Resp. to Hill III's Obj. to Mag. Judge Toliver's July 23, 2015 Order, filed August 27, 2015 (Doc. 1629); and CHD and CNBW's Opp'n to Hill III's Obj. to Mag. Judge's Order on Successor Trustee, filed August 27, 2015 (Docs. 1630 and 1630-1).

**Memorandum Opinion and Order – Page 1**

I.      **Jurisdiction of the Magistrate Judge - Standard of Review**

Plaintiff Albert G. Hill, III ("Hill III") first objects generally to Magistrate Judge Renée Harris Toliver's July 23, 2015 Order on the basis that she lacked authority to make a postjudgment determination concerning what he characterizes as dispositive issues referred to her. *See* Objections to Trustee Order 15 (Doc. 1624) ("Indisputably, the appointment of a trustee is post-judgment and is a dispositive order . . . [and] Magistrate Toliver was required to enter a recommended disposition and, given the nature and complexity of the factual and legal issues, to set forth proposed findings of fact."); Objections to Title Transfer Order 11 (Doc. 1623) ("[T]he Motion to Transfer Title was made post-judgment in an effort to effectuate provisions of the Final Judgment. Magistrate Toliver was required to enter a recommended disposition . . . and set forth proposed findings of fact.").

The court declines to wade into the legal question of the boundaries of authority delegated to magistrate judges under the local rules of this court, the Federal Rules of Civil Procedure, and the Federal Magistrates Act of 1968, 28 U.S.C. § 631, *et seq.* (2012).[2] Further, the court need not spend time on Hill III's questionable assertion that the motions referred to the Magistrate Judge were dispositive. Instead, the court will treat the Magistrate Judge's July 23, 2015 Order (Doc. 1620), as well as her findings contained in the transcript of the July 23, 2015 hearing (Doc. 1621), as a report and recommendation and, accordingly, review the portions to which Hill III has objected under a

---

[2] Section 636(b)(1)(A) of the Federal Magistrates Act allows a judge to designate a magistrate judge to hear and determine any nondispositive pretrial matter. An order issued by a magistrate judge acting under this provision is reviewed by the district court under the clearly erroneous standard. 28 U.S.C. § 636(b)(1)(A). On the other hand, Section 636(b)(1)(B) allows a judge to designate a magistrate judge to issue recommendations on dispositive matters, which are to reviewed *de novo* by the district court. 28 U.S.C. § 636(b)(1)(B). Section 636(b)(3) provides that: "A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." Section 636 is silent on which standard of review, de novo or clearly erroneous, should be applied to the district court's review of a magistrate judge's ruling on a postjudgment motion.

**Memorandum Opinion and Order – Page 2**

*de novo* standard. This will not prejudice Hill III, as he has had the opportunity to lodge objections to any portions of the Magistrate Judge's Order and to brief the relevant issues fully. *See generally Perales v. Casillas*, 950 F.2d 1066, 1070-71 (5th Cir. 1992) (noting that § 636 is silent on which standard of review should be applied to magistrate judge's postjudgment rulings on requests for attorney's fees, and finding that where district judge considered and rejected pending objections under a *de novo* standard, there was no prejudice to either party).

## II. Factual Background

This case has a long and contentious history. While a full statement of the facts that give rise to this litigation has been set out in the court's prior opinions, a brief summary of certain prior proceedings in this court and before the Magistrate Judge is necessary to provide context for the July 23, 2015 hearing held by the Magistrate Judge, her report and recommendations following the hearing, Plaintiff's Objections, and this court's ruling on Plaintiff's Objections. The relevant facts and procedural history are as follows.

In December 2007, Hill III brought this lawsuit in Texas state court in his individual capacity and on behalf of the Margaret Hunt Trust Estate ("MHTE") and the Haroldson Lafayette Hunt, Jr. Trust Estate ("HHTE") against specific beneficiaries of the MHTE and HHTE, including his father, Albert G. Hill, Jr. ("Hill Jr."), Hill Jr.'s siblings, as well as the trustees and members of the advisory boards of the MHTE and HHTE.[3] Hill III alleged wrongdoing in the management of the trusts and sought a declaration that he was a direct and vested beneficiary of the MHTE.

---

[3] The MHTE and HHTE are trusts created by the late Texas oil magnate H.L. Hunt for his eldest children, Margaret Hunt Hill and H. L. Hunt, Jr. Margaret Hunt Hill had three children, including Al Jr., all of whom were beneficiaries of both the MHTE and HHTE. Al Jr., in turn, had three children, including Hill III, all of whom were also beneficiaries of the MHTE and HHTE.

**Memorandum Opinion and Order – Page 3**

Following removal, and after several years of litigation, the parties entered into a Global Settlement Agreement and Mutual Release Agreement (the "Settlement Agreement") (Doc. 879). The Settlement Agreement provided, among other things, that the HHTE and MHTE would be divided into numerous new trusts. The HHTE would be partitioned into the HHTE New Hunt Trusts. The MHTE would be divided, pro rata, into separate sub-trusts for all beneficiaries, including Hill III, who would become the sole beneficiary to one of the new subdivided trusts containing his individual interest, the MHTE-Albert G. Hill III Trust. Each sub-trust was to be separately administered by a new successor trustee.

On November 8, 2010, United States District Judge Reed C. O'Connor issued a final judgment (the "Final Judgment") implementing and memorializing the parties' Settlement Agreement. *See* Final J. (Doc. 999). In partitioning the MHTE and HHTE, the Final Judgment approved the appointment of successor trustees and advisory board members for the new trusts. The Final Judgment provided the additional requirement that the successor trustee of the MHTE-Albert G. Hill III Trust be a "bank with greater than $10 billion in assets under management (adjusted for inflation)[.]" Doc. 999-1, Ex. 5, § 4.01. The Final Judgment also provided that "without affecting the finality of this Final Judgment, the Court hereby retains continuing jurisdiction over the implementation of the [Settlement] Agreement, the Final Judgment, and the Parties for purposes of implementing and enforcing the [Settlement] Agreement and this Final Judgment." Doc. 999, ¶ 45.

With regard to the HHTE, the Final Judgment provided that certain illiquid ownership interests held by the MHTE would be appraised and sold to the HHTE. Doc. 999, ¶¶ 10-11. Following appraisals of the illiquid assets, the HHTE New Hunt Trusts purchased the appraised assets in accordance with the appraisal process set forth in the parties' Settlement Agreement and

the court's Final Judgment. *See* Final J. at 23 (Doc. 999); Settlement Agreement at 17-18 (Doc. 879). As part of that process, the HHTE New Hunt Trusts paid $57 million into the court's registry to cover the amounts owed by the various trustees for the illiquid assets, including the illiquid assets held by the MHTE-Albert G. Hill III Trust valued at $4,438,458.44 million. *See* Doc. 1046 at 4-5. In December 2012, the HHTE trustees petitioned the court to release the registry funds to pay for the illiquid assets. *See* Doc. 1333. CHD and CNBW objected to the disbursement of the MHTE-Albert G. Hill III Trust's portion of those assets valued at $4,438,458.44 million arguing that the Final Judgment required that the funds remain in the court's registry subject to the their claims, until their fee dispute with the Hills was resolved. *See* Doc. 1336. On November 13, 2014, the court granted, in relevant part, the HHTE New Hunt Trusts' motion to release funds from the court's registry for the HHTE New Hunt Trusts' purchase of the appraised MHTE illiquid assets pursuant to the Settlement Agreement and Final Judgment. *See* Mem. Op. & Order (Doc. 1534). In the same order, agreeing with CHD and CNBW's argument, the court directed the Clerk of Court to maintain a portion of the purchase price for the appraised MHTE illiquid assets in the court registry in the amount of $4,438,458.44 million earmarked for the interest of the MHTE-Albert G. Hill III Trust. *See id.* Following the court's denial of Hill III's subsequent motion for reconsideration of the court's decision to maintain the $4,438,458.44 million earmarked for the interest of the MHTE-Albert G. Hill III Trust in the court registry, Hill III filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit. On October 2, 2015, the Fifth Circuit dismissed Hill III's appeal for lack of subject matter jurisdiction, as the court's order to maintain the funds in the court's

registry was not a final appealable order. *See Hill v. Schilling*, No. 15-10407 (5th Cir. Oct. 2, 2015).[4]

### III.    Discussion

**A.    Hill III's Objections to Magistrate Judge's Order Granting the Motion of the HHTE New Hunt Trusts to Confirm that Title to the MHTE-Albert G. Hill III Trust's Interest in the Appraised MHTE Illiquid Assets Has Been Transferred to the HHTE New Hunt Trusts**

On December 19, 2014, the HHTE New Hunt Trusts filed a Motion to Confirm that Title to the MHTE-Albert G. Hill III Trust's Interest in the Appraised MHTE Illiquid Assets Has Been Transferred to the HHTE New Hunt Trusts (Doc. 1540). The HHTE New Hunt Trusts argued that they were entitled to receive good and clear title to the MHTE illiquid assets that they purchased pursuant to the Settlement Agreement and Final Judgment, including good and clear title to the illiquid assets of the MHTE-Albert G. Hill III Trust, notwithstanding the court's decision to maintain the proceeds from the illiquid asset sale in the court's registry. *See* Doc. 1540 at 2. The HHTE New Hunt Trusts further informed the court that, in violation of the court's November 13, 2014 memorandum opinion and order (*see* Doc. 1534), the Trustee and advisory board members of the MHTE-Albert G. Hill III Trust had failed and refused to execute the Assignment of Interest form reflecting that title to the interest in the MHTE appraised illiquid assets was transferred to the HHTE New Hunt Trusts. On January 21, 2015, the court referred the HHTE New Hunt Trusts' motion to the Magistrate Judge. *See* Order of Referral, Doc. 1544.

---

[4] By order issued earlier today, the court vacated its prior rulings in which it categorized the $4,438,458.44 in sale proceeds as a distribution relating to Al III's interest in the MHTE or MHTE-Albert G. Hill III Trust, and was therefore subject to CHD and CNBW's claims for attorney's fees.

On July 23, 2015, the Magistrate Judge held a hearing on, among other things, the HHTE New Hunt Trusts' Motion to Confirm Transfer of Title to Appraised Assets. She thereafter issued an Order granting the motion and requiring the MHTE-Albert G. Hill III Trust's execution and delivery of the Assignment of Interest form for the appraised assets of the HHTE New Hunt Trusts. *See* Doc. 1620. On August 6, 2015, Hill III filed objections to the Magistrate Judge's ruling on the referred motion. These objections have been fully briefed and are ripe for decision.

Hill III first objects generally to Magistrate Judge Toliver's July 23, 2015 Order on the basis that she lacked authority to make a postjudgment determination concerning dispositive issues referred to her. *See* Objections to Title Transfer Order 11 (Doc. 1623) ("[T]he Motion to Transfer Title was made post-judgment in an effort to effectuate provisions of the Final Judgment. Magistrate Toliver was required to enter a recommended disposition . . . and set forth proposed findings of fact."). As already noted, *see supra* Sec. I, the court is treating the Magistrate Judge's order as a report and recommendation and conducting a *de novo* review. Accordingly, Hill III's objection on this ground is **overruled as moot**.

Hill III also contends that Magistrate Judge Toliver lacked jurisdiction to decide the HHTE New Hunt Trusts' Motion to Confirm Transfer of Title to Appraised Assets since she entered an order directly related to matters pending before the Fifth Circuit Court of Appeals. *See id.* at 8-11. Hill III is referring to his appeal of the court's order entered April 2, 2015 (Doc. 1550), denying his Motion for Rehearing, Reconsideration or Amend[ment] on a Single Issue Contained in the Court's Order dated November 13, 2014 (Doc. 1534). *See* Doc. 1570, Notice of Appeal. The single issue presented in the appeal was the court's denial of Hill III's request that the sale proceeds earmarked in the court's registry for the interest of the MHTE-Albert G. Hill III Trust be distributed to the

MHTE-Albert G. Hill III Trust, rather than remain in the court's registry expressly subject to CHD and CNBW's claims. On August 7, 2015, in response to Hill III's appeal, CHD and CNBW filed a Motion to Dismiss for Lack of Appellate Subject Matter Jurisdiction, arguing that the district court's order maintaining funds in the registry was not a final appealable order. *See* Doc. 1628-2. On October 2, 2015, the Fifth Circuit entered a per curiam opinion granting CHD and CNBW's motion to dismiss, and dismissing the appeal for lack of subject matter jurisdiction. *See Hill v. Schilling*, No. 15-10407 (5th Cir. Oct. 2, 2015) (Doc. 1639). In light of the Fifth Circuit's dismissal of Hill III's appeal, the court **overrules as moot** Hill III's objection that the Magistrate Judge lacked jurisdiction to issue her order, as it concerned a matter on appeal.[5]

Finally, Hill III objects to the Magistrate Judge's order granting the HHTE New Hunt Trusts' motion as a violation of the "Takings Clause" of the Fifth Amendment to the United States Constitution. *See* Objections to Order Confirming Title Transfer 17-18. The "Takings Clause" prohibits the taking of private property for public use without just compensation. U.S. Const. Amend. V. On its face, the "Takings Clause" has no application to this lawsuit. Hill III cites no case law and makes no argument for application of the "Takings Clause." Accordingly, the court **overrules** Hill III's Objections based on the "Takings Clause."

---

[5] In any event, the court has already rejected Hill III's argument on alternative grounds in a prior decision, stating:

> HHTE New Hunt Trusts' payment of funds to purchase the appraised assets has already occurred and is not an issue on appeal. The asset purchase and right to obtain good and clear title to the assets are different from the issue on appeal, namely, whether the court correctly ruled that the sale proceeds earmarked in the court's registrry for MHTE-Albert G. Hill Trust should remain in the registry pending resolution of Hill III's disputes with CHD and CNBW.

Mem. Op. & Order 11 (Doc. 1658).

**Memorandum Opinion and Order – Page 8**

B. **Hill III's Objections to Magistrate Judge's Ruling on the Parties' Submissions Relating to Appointment of a Successor Trustee**

On July 9, 2013, Wilmington Trust N.A. ("Wilmington") accepted its appointment as Trustee of the MHTE-Albert G. Hill III Trust and of various other trusts created pursuant to the terms of the Final Judgment. On October 9, 2013, Wilmington executed a document titled "Resignation of Trustee and Advisory Board Member," confirming its resignation as Trustee of the MHTE-Albert G. Hill III Trust and as a member of its Advisory Board. *See* Doc. 1487-6. Following repeated requests to the Advisory Board to appoint a qualified successor trustee, on June 9, 2014, Wilmington sought court intervention concerning appointment of a successor trustee. *See* Wilmington's Motion to Approve Appointment of Successor Trustee(s) or, in the Alternative, Motion to Determine if Clarification/Modification of Global Settlement Agreement, Final Judgment and/or Trusts is Necessary for Administration of the Trusts or, in the Alternative, Motion for Appointment of Successor Trustee(s) (Doc. 1487). CHD and CNBW opposed Wilmington's Motion, arguing that Wilmington was proposing that the court approve an unqualified successor trustee. *See* Doc. 1502. Hill III filed a response asking the court to appoint Reliance Trust Company ("Reliance") as the successor trustee. *See* Doc. 1506. Wilmington thereafter filed a motion for hearing on the issue. *See* Doc. 1510.

On February 10, 2015, the court referred Wilmington's motion, Hill III's response, and related motions to the Magistrate Judge. *See* Doc. 1545, Order of Referral. Wilmington agreed to continue acting as Trustee pending appointment of a qualified successor trustee. On February 13, 2015, Magistrate Judge Toliver denied Hill III's request to appoint Reliance as the successor trustee, finding that Reliance was not qualified under the terms of the Final Judgment, and ordered Hill III

**Memorandum Opinion and Order – Page 9**

and the Advisory Board of the MHTE-Albert G. Hill III Trust to select a qualified trustee within twenty-one days. In response, Hill III filed a motion asking the Magistrate Judge to appoint Deutsche Bank Trust Company ("Deutsche Bank") as successor trustee. *See* Doc. 1547. In a March 16, 2015 Order, Magistrate Judge Toliver found that Deutsche Bank was similarly not qualified and directed Hill III to propose a trustee that meets the requirements of the Final Judgment no later than April 1, 2015. *See* Doc. 1548. The Magistrate Judge stated: "Sanctions will follow if Hill III does not strictly comply with the Court's Order." Doc. 1548 at 3. In response, Hill III again requested that the court appoint Deutsche Bank as the successor trustee or, alternatively, allow an extension of time to comply. *See* Doc. 1549.

After ordering further briefing, the Magistrate Judge held a hearing on July 23, 2015. In considering Hill III's failure to designate a qualified successor trustee, Magistrate Judge Toliver stated as follows:

> My concern again is the judgment and the plain reading of its terms. That's how I am going to approach the construction of it. Solid legal principles require that I do enforce the plain meaning of its terms.
>
> I don't think it can state more plainly that the trustee is required to have $10 billion in assets. Not only was that part of the agreement, but, more importantly, it is part of the judgment that has been affirmed in this case. I am not prepared and I am not going to go behind that.
>
> \* \* \*
>
> You know, I am from limited means. All this was new to me. Even in families like mine where people don't have much, they get into disputes. But Mr. Hill, III started this party. And I think it's just sad and shocking that a family would be torn apart over these kinds of issues. But Mr. Hill, III, who feels isolated at this point, is the one who started the party. Mr. Hill, III is the one who insisted that there were some things going on that were untoward that required court intervention. Well, that ship has sailed. The Court has intervened. There is a judgment. I am going to in every way enforce that judgment.

Tr. of July 23, 2015 Hr'g at p. 45, lines 12-16; p. 46, lines 10-20 at 45-45 (Doc. 1621). Following the hearing, Magistrate Judge Toliver issued an order stating:

> This case is additionally before the Court to consider the parties' submissions relating to the appointment of a successor trustee for the MHTE-Albert G. Hill III Trust. Upon consideration of the law, the pleadings, the parties' arguments, and for the reasons stated on the record, the Court finds that Hill III has not demonstrated that he has expended sufficient effort in attempting to secure a qualified successor trustee to replace Wilmington Trust, N.A., which resigned from that position in October 2013. Accordingly, no later than October 21, 2015, Hill III is ORDERED to secure a successor trustee that qualifies to serve in that role pursuant to the strict terms of the Final Judgment. See Doc. 999 at 27-29. If Hill III does not comply with the Court's order by that date, the undersigned will issue an order requiring him to show cause why he should not be held in contempt of court.

*See* Order at 1-2. (Doc. 1620).[6] On August 6, 2015, Hill III filed objections to the Magistrate Judge's order. These objections have been fully briefed and are ripe for decision.[7]

---

[6] On October 21, 2015, Hill III filed his Submission in Light of July 23, 2015 Order Directing Him to Appoint Successor Trustee. (Doc. 1643 in the 2020 Action). In this submission, Hill III describes and documents the additional efforts he and his advisory board have "expended to secure a successor trustee" since Magistrate Judge Toliver's July 23, 2015 order. Doc. 1643 at 2.

[7] On September 9, 2015, while Hill III's Objections were pending, Hill III and his wife, Erin Nance Hill, sought to have the Magistrate Judge recused from the 4599 Action, asserting she demonstrated "personal bias and prejudice" toward the Hills as exemplified by certain comments she made during the hearing on July 23, 2015 (*see* Mot. for Recusal, Doc. 144 in the 4599 Action); and Hill III asked the court to stay all proceedings before the Magistrate Judge and to withdraw any orders of referral, asserting she "overstepped" her jurisdictional authority (*see* Emergency Motion to Stay, Doc. 1631 in 2020 Action). In the Emergency Motion to Stay, Hill III made many of the same arguments he makes in his current Objections to the Magistrate Judge's July 23, 2015 Order. On November 17, 2015, the court issued a memorandum opinion and order denying the Hills' Motion for Recusal in the 4599 Action and denying Hill III's Emergency Motion for Stay in the 2020 Action. *See* Mem. Op. & Order (Doc. 174 in the 4599 Action and Doc. 1658 in the 2020 Action). The court incorporates by reference its November 17, 2015 decision as if fully set forth herein as further grounds for overruling Plaintiff's Objections, many of which duplicate arguments already rejected by this court in that decision.

**Memorandum Opinion and Order – Page 11**

Hill III first objects generally to Magistrate Judge Toliver's July 23, 2015 Order on the basis that she lacked authority to make a postjudgment determination concerning dispositive issues referred to her. *See* Objections to Trustee Order 15 (Doc. 1624) ("Indisputably, the appointment of a trustee is post-judgment and is a dispositive order . . . [and] Magistrate Toliver was required to enter a recommended disposition and, given the nature and complexity of the factual and legal issues, to set forth proposed findings of fact."). As already noted, *see supra* Sec. I, the court is treating the Magistrate Judge's order as a report and recommendation and conducting a *de novo* review. Accordingly, Hill III's objection on this ground is **overruled as moot**.

Hill III next objects that this court and the Magistrate Judge, with respect to an order of reference, do not have perpetual jurisdiction to implement and enforce the Final Judgment and its requirements concerning the successor trustee of the MHTE-Albert G. Hill III Trust. Contrary to Hill III's argument, however, the Final Judgment provides that "without affecting the finality of this Final Judgment, the Court hereby retains continuing jurisdiction over the implementation of the [Settlement] Agreement, the Final Judgment, and the Parties for purposes of implementing and enforcing the [Settlement] Agreement and this Final Judgment." Doc. 999, ¶ 45. Accordingly, Hill III's objection on this basis is **overruled**.

Hill III also objects to the Magistrate Judge's denial of his prior request to appoint Deutsche Bank as the successor trustee. Hill III failed to timely object to the Magistrate Judge's prior order refusing to appoint Deutsche Bank and, accordingly, has waived his ability to now argue that the Magistrate Judge erred in rejecting Deutsche Bank as a qualified successor trustee. *See* Fed. R. Civ. P. 72(a) and 72(b)(2)  (allowing 14 days to file objections). Further, Hill III has asked the court to

appoint various successor trustees. *See* Docs. 1506, 1511, 1547, 1549. While the proposed successor trustees were found unqualified under the plain language of the Final Judgment, it is disingenuous for him now to challenge the court's authority to appoint a successor trustee. Accordingly, Hill's objection to the Magistrate Judge's finding that Deutsche Bank did not qualify as a successor trustee is **overruled**.

Hill III also objects to Magistrate Judge Toliver's authority to threaten to hold him in contempt or issue a show cause order for failure to comply with her directives concerning appointment of a successor trustee. These objections are **overruled**, as they not ripe for adjudication. Magistrate Judge Toliver merely put Hill III on notice that she would enter a show cause order if he continues to refuse to comply with court orders. Furthermore, Magistrate Judge Toliver operates pursuant to the Federal Magistrates Act, which clearly sets forth the procedures for handling a contemptuous or contumacious litigant. *See* 28 U.S.C. § 636(e).

## III.  Conclusion

The court construes the Magistrate Judge's July 23, 2015 Order (Doc. 1620), and the findings made during the July 23, 2015 hearing (*see* Tr., Doc. 1621), as a report and recommendation. For the reasons herein stated, and upon *de novo* review, the court **accepts** the Magistrate Judge's findings and recommendations in full; **overrules** Plaintiff's Objections to Magistrate's Recommendation on Motion to Alter or Amend Magistrate's Order Granting Motion of the HHTE New Hunt Trusts to Confirm that Title to the MHTE-Albert G. Hill III Trust's Interest in the MHTE Illiquid Assets has been Transferred to the HHTE New Hunt Trusts (Doc. 1623); and **overrules** Plaintiff's Objections to Magistrate's Recommendation (or Ruling) on "The Parties' Submissions

Relating to the Appointment of a Successor Trustee for the MHTE-Abert G. Hill III Trust" (Doc. 1624).

The court **grants** HHTE New Hunt Trusts' Motion to Confirm that Title to the MHTE-Albert G. Hill III Trust's Interest in the Appraised MHTE Illiquid Assets Has Been Transferred to the HHTE New Hunt Trusts (Doc. 1540). By order issued earlier today, the court directed Wilmington Trust, N.A., Hill III, and Kimbrough Davis to: (i) execute the Assignment of Interest Form set forth at CM-ECF Doc. No. 1540-1 at page 14, transferring title to the MHTE-Albert G. Hill III Trust's interest in the appraised MHTE illiquid assets to the trustee of the HHTE New Hunt Trusts; and (ii) return the executed form to counsel for the Trustees of the HHTE New Hunt Trusts, Ms. Carrie Huff, no later than Friday, January 22, 2016.

It is so **ordered** this **15th day** of **January, 2016.**

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge