IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ALBERT G. HILL, III,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:07-CV-2020-L** |
| | § | |
| **TOM HUNT**, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**SUPPLEMENTAL ORDER**

This court issues this order to supplement and effectuate its Memorandum Opinion and Order of January 15, 2016 (Doc. 1686).

In its Memorandum Opinion and Order of January 15, 2016, the court set out on pages 35-37, the sequence of payments or disbursements to be made from the court's registry by the clerk of court. The first disbursement was to be for $30,009,945.21, plus one-third of the accrued interest, to the Grandchildren's Trust. Mem. Op. & Order 35. With respect to this disbursement, the court instructed the parties as follows:

> First, Al III must provide the name(s) and address(es) of the current trustee(s) of each of the Grandchildren's Trusts, as well as the name(s) of the individual(s) that will obtain the checks from the court's clerk. Second, Al III must provide the court with the amount of any tax obligation exceeding $10,500,000 resulting from Assignment 1. Al III shall provide a written statement with all of the information requested in this Order to the Clerk of Court no later than **January 22, 2016.**

Mem. Op. & Order 36.

On January 22, 2016, the clerk's office received a statement from Mr. Hill III concerning the Grandchildren's Trusts. The statement, which was signed by Mr. Wilmer Parker, attorney for Mr. Hill III, did not provide the name of the payee for each Trust and a W-9 for each Trust. Mr.

**Supplemental Order – Page 1**

Parker was contacted on the same day through an e-mail from Ms. Kourtney Wilson of the clerk's office, and she requested the names of each payee and the W-9 forms. Mr. Parker responded later that day and said, "Thank you. I will send the information next week."

On January 26, 2016, Mr. Wilson sent a follow-up e-mail message to Mr. Parker at 1:25 p.m. and another e-mail message on January 29, 2016, at 5:06 p.m. Mr. Parker did not respond to these subsequent e-mails. On January 26, 2016, Mr. W. Bruce Maloy, Mr. Parker's law partner, telephoned Ms. Wilson and informed her that he and Mr. Parker were waiting for the "trusts to be established and for W-9s to be issued for each trust." Mr. Maloy stated that this information would be provided directly by Northwestern Mutual Wealth Management Company. On February 3, 2016, Ms. Wilson contacted Mr. Parker again requesting a status update. Mr. Parker forwarded Ms. Wilson an e-mail stating that Northwestern Mutual is "deliberating whether to accept the trusts." Neither Ms. Wilson nor any other person in the clerk's office has had any contact or communication with Mr. Parker or Mr. Maloy. In other words, no one has bothered to contact the court or the clerk's office to provide an update on this matter so that the clerk can effectuate the court's Memorandum Opinion and Order of January 15, 2016.

The delay is unacceptable. The court will not allow anyone to engage in conduct that circumvents, frustrates or impedes the implementation of its orders. The court has grown weary of the apparent dilatory tactics regarding this disbursement, will not bandy words with counsel or Mr. Hill III, and will not play a game of cat and mouse.

The court, to effectuate its order, **directs** the clerk of court to **allow** all of the $30,009,945.21 to remain in the designated account of the court's registry, plus all accrued interest on this sum as of February 12, 2016. The court further **directs** the clerk of court to proceed with the other disbursements as set forth on pages 36 and 37 of the court's Memorandum Opinion and

**Supplemental Order – Page 2**

Order of January 15, 2016 (Doc. 1686). As the $30,009,945.21, plus all accrued interest, remains in an interest-bearing account in the court's registry, the payees or beneficiaries of the Grandchildren's Trust suffer no prejudice. Further, the court is able to implement its Memorandum Opinion and Order of January 15, 2016, without further delay to those parties or entities that have long awaited payment to which they are justly entitled. The court further **directs** the clerk of court to proceed forthwith in accordance with this order without any delay. The funds designated for the Grandchildren's Trusts will remain in the court's registry until Mr. Hill III complies with the court's directives or until further order of the court.

**It is so ordered** this 12th day of February, 2016.

Sam A. Lindsay
United States District Judge