IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT G. HILL, III, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Case No.: 3:07-CV-2020-L-BK |
| | § | |
| TOM HUNT, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Judge's *Order of Reference*, Doc. 1710, this cause is before the Court on the *Motion to Pay Gift Tax Refund to the Registry*, Doc. 1709, filed by Campbell, Harrison & Dagley L.L.P. and Calloway, Norris, Burdette & Weber, PLLC (collectively "the Firms"). For the reasons that follow, it is recommended that the motion be **DENIED WITHOUT PREJUDICE**.

By orders dated May 27, 2011, and January 17, 2012, the Court ordered that $10,500,000.00 being held in its registry be paid to the IRS as advance payment on the gift tax potentially owed by Albert G. Hill III pursuant to the underlying settlement agreement in this case. The Firms now request that "[i]f any refund of the $10.5 million advance payment is made by the IRS, those funds should be paid back into the Court's registry in accordance with the provisions of the Final Judgment." Doc. 1709 at 2.

Upon consideration, the issue is not ripe for consideration, and the Court should not render an advisory opinion on this matter. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotations

omitted); *Coffman v. Breeze Corp.*, 323 U.S. 316, 302-03 (1945) (federal court cannot render an advisory opinion on a controversy which has not yet arisen).  The Firms' request is based on a wholly speculative event that may not ever occur. Accordingly, the Firms' *Motion to Pay Gift Tax Refund to the Registry*, Doc. 1709, should be **DENIED WITHOUT PREJUDICE**.

    **SO RECOMMENDED** on December 1, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

    A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE