## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ALBERT G. HILL, III,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Case No. 3:07-CV-2020-L-BK** |
| | § | |
| **WILLIAM SCHILLING, et al.,** | § | |
| **Defendants.** | § | |

_____

| | | |
|---|---|---|
| **CAMPBELL HARRISON & DAGLEY** | § | |
| **et al.,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Case No. 3:12-CV-4599-L-BK** |
| | § | |
| **ALBERT G. HILL, III, et al.,** | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's Order of Reference, Doc. 1719 & Doc. #213[1], this cause is before the Court for a recommendation on the *Emergency Motion for Aid in Collection of Judgment Under CPRC § 31.002* filed by Campbell, Harrison & Dagley L.L.P. and Calloway, Norris, Burdette & Weber PLLC (collectively, the "Law Firms"). *Hill v. Schilling*, No. 07-CV-2020-L-BK (the "'2020 case") at Doc. 1718; *Campbell Harrison & Dagley v. Hill*, No. 12-CV-4599-L-BK (the "'4599 case") at Doc. #213. For the reasons that follow, the undersigned recommends that the motion be **DENIED**.

---

[1] For ease of reference, the Court will cite to the pleadings in the '2020 case as "Doc." and the pleadings in the '4599 case as "Doc. #".

Following the entry of a large judgment against Defendants in the '4599 case ("the Hills"), the Law Firms are attempting to collect the remaining balance owed them. The Judgment specified that any remaining fees would be "due to [the Law Firms] under the '4599 Judgment from the unencumbered assets in the MHTE-Albert G. Hill III Trust [the Hill III Trust]." Doc. 1686 at 37. The primary unencumbered asset in the Hill III Trust is the Hills' residence in Atlanta, Georgia. The trustee of the Hill III Trust purchased the home at the Hills' request, and a limited liability company ("MHTE-DD") subsequently was created by the trustee to hold the ownership interest in the property and furnishings. Doc. 1718 at 3; Doc. #213 at 3. Since that time, the Hill III trustee has permitted the Hills to reside in the home rent free. Doc. 1718 at 3; Doc. #213 at 3.

The home being the only unencumbered asset in the Hill III Trust, the Law Firms and the trustee now request that the Court assist them in their efforts to market and sell the property to satisfy the remainder, or at least a portion thereof, of the judgment. Doc. 1718 at 1; Doc. #213 at 1. They invoke section 31.002 of the Texas Civil Practice Code, correctly observing that, in collecting judgments, state law in aid of execution generally applies unless there is federal law on point. *See* FED. R. CIV. P. 64(a) (providing that in seizing property, a party is entitled to "every remedy . . . available under the law of the state where the court is located" to secure satisfaction of a judgment) & 69(a)(1) (providing that a money judgment is enforced by a writ of execution, which must "accord with the procedure of the state where the court is located.").

Section 31.002 provides, in relevant part, that:

(a) A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns the property, including present or future rights to property, that:

(1) cannot readily be attached or levied on by ordinary legal process; and

(2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

The Law Firms contend that the Hills are refusing to cooperate in the sale of the home by barring access to their residence such that potential buyers and appraisers cannot view it. Doc. 1718 at 3; Doc. #213 at 3. Because of the Hills' refusal to vacate the premises, MHTE-DD filed a dispossessory suit against them in Georgia which remains pending. Doc. 1718 at 4; Doc. #213 at 4; *see MHTE-DD v. Hill, et al*., No. 2016 CV 283562 (Fulton Cty. Sup. Ct.).

Texas courts do not apply section 31.0002 − the so-called "turnover statute" − to non-judgment debtors such as MHTE-DD. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 227 (Tex. 1991). Rather, the turnover statute provides that property to be turned over to obtain satisfaction of a judgment must be owned by the judgment debtor either presently or in the future. TEX. CIV. P. AND REM. CODE § 31.002(a). In *Turner Bros. Trucking, LLC v. Baker*, the court held that because certain debtors had not been included in the judgment in their individual capacities, the turnover statute did not permit the plaintiff to obtain the funds those individuals held. 396 S.W.3d 672, 674-75 (Civ. App.—Dallas 2013).

In this case, the trustee of the Hill III Trust owns and controls the residence, and the ownership interest is being held by MHTE-DD. The judgment in the '4599 case, however, is against Hill III, his wife Erin Hill and their children. Neither the Hill III Trust nor MHTE-DD are judgment debtors because they were not parties to the '4599 case or included in the final judgment. The turnover statute does allow "the court to reach assets owned by and subject to the control of a judgment debtor, even if those assets are in the hands of a third party." *Resolution Trust Corp. v. Smith*, 53 F.3d 72, 78 (5th Cir. 1995). But that does not apply here because the Hills do not have control over either the Hill III Trust or MHTE-DD. The cases the Law Firms

cite are inapposite because the judgment debtor in those cases owned or had possession of the property in question.  Doc. 1725 at 4; Doc. #232 at 4.  In sum, section 31.002 does not apply in this case.

Alternatively, the Law Firms also invoke the Court's inherent authority to order the relief they seek.  Inherent authority protects the efficient and orderly administration of justice and serves to command respect for the court's orders, judgments, and authority.  *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Accordingly, the Court may, in its discretion, enter orders in an effort "to guarantee eventual executability of [ ] a federal judgment."  *Peacock v. Thomas*, 516 U.S. 349, 357 (1996).  The Court clearly recognizes its ability to exercise its inherent authority and grant the relief sought by the Law Firms.  Nevertheless, upon careful consideration of the pleadings, the law, and the parties' arguments, the Court concludes that such a course of action is not warranted and does not serve the Court's interest in maintaining either judicial economy or efficiency.  Additionally, it appears that the Georgia court, a court of competent jurisdiction where a suit to determine the parties' respective interests in the property is already pending, is in the best position to determine the Hills' possessory rights to the property, if any, under Georgia law.  *MHTE-DD*, No. 2016 CV 283562.  And while the Court is not unsympathetic to the Law Firms' desire to conclude this matter sooner rather than later, the Law Firms have failed to establish the existence of any "emergency" that would warrant this Court taking immediate action rather than allowing the Georgia suit to run its course.

Finally, the Law Firm's request for a writ of mandamus to compel the Hills to cooperate fares no better.  "A writ of mandamus may issue only if (1) the petitioner has no other adequate means to attain the desired relief; (2) the petitioner has demonstrated a right to the issuance of a writ that is clear and indisputable; and (3) the issuing court, in the exercise of its discretion, is

satisfied that the writ is appropriate under the circumstances." *In re Dean,* 527 F.3d 391, 394 (5th Cir. 2008) (internal quotation marks and citation omitted).  The Law Firms, through MHTE-DD, clearly have another adequate means to obtain the relief that they seek in the Georgia dispossessory suit.  Accordingly, the Court recommends that the Law Firm's *Emergency Motion for Aid in Execution of Judgment*, Doc. 1718 & Doc. #213, be **DENIED**.

**SO RECOMMENDED** on January 12, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE