UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT G. HILL, III, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. 3:07-CV-2020-L-BK |
| | § | |
| WILLIAM SCHILLING, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Judge's *Order of Reference*, Doc. 1746, this cause is now before the Court for consideration of Defendant Albert G. Hill, Jr.'s *Objection to Appointment of Successor Trustee in Violation of Final Judgment*, Doc. 1735. For the reasons that follow, the objection should be **OVERRULED**.

In May 2017, Defendant Albert G. Hill, Jr. ("Hill Jr.") filed an *Emergency Motion to Enforce Judgment and Objection to Appointment of Successor Trustee in Violation of Final Judgment and Application for Temporary Restraining Order and Injunctive Relief.* Doc. 1735. He simultaneously filed against the trustee of his grandchildren's trusts[1], First Tennessee Bank, NA ("FTB"), an *Original Complaint and Application for Temporary Restraining Order and Injunctive Relief, and Request for Appointment of Attorney Ad Litem. See Hill v. First Tennessee Bank, NA*, Case No. 17-CV-1298-L-BK (the "1298 Action"). In both cases, Hill Jr. asserts that

---

[1] The Final Judgment in this action, Doc. 999 at 28, required Plaintiff to establish separate irrevocable trusts for each his children – the grandchildren of his father, Hill, Jr. − and specified that "the trustee of each of the Grandchildren's Trusts (which shall be a bank with greater than $10 billion in assets under management (adjusted for inflation)) shall establish bank accounts for each of the Grandchildren's Trusts. . ." The Court will refer to the trusts as the Grandchildren's Trusts for ease of reference.

FTB does not satisfy the requirement in the *Final Judgment* in this case that it have greater than $10 billion in assets under management as adjusted for inflation. Doc. 1741 at 11; 1298 Action at Doc. #42.² In the instant case, Hill Jr. argued that Hill III must provide evidence demonstrating that FTB managed $10 billion in assets, adjusted for inflation, on February 8, 2017 when it was appointed. Doc. 1735 at 6, 17.

In the 1298 action, FTB filed a declaration signed by O. Mims Clayton, a Trust Officer and Senior Vice President of FTB. In the declaration, Clayton averred that, as of March 31, 2017, the total market value of assets held in managed fiduciary accounts at FTB was approximately $11,250,127,000. 1298 Action, Doc. #11-4 at 2. District Judge Lindsay, however, found that Hill III and FTB had not adequately demonstrated that FTB was so qualified, *as of February 8, 2017*, when it was appointed to serve as successor trustee of the Grandchildren's Trusts. Doc. 1745 at 11-12.

Paragraph 4.01 of the trust instrument for the Grandchildren's Trusts provides that the rate of inflation must (1) be calculated using the Consumer Price Index, All Items for All Urban Consumers, U.S. City Average; and (2) be measured from the date of the instrument − May 13, 2011 − to the date of the appointment of the trustee − in this case February 8, 2017. Doc. 1736 at 13. Because Hill III had not submitted evidence conclusively establishing that FTB satisfied the requirement that, as of February 8, 2017, it had greater than $10 billion in assets under management as calculated per the method described in Paragraph 4.01, the undersigned directed

---

² Accordingly, District Judge Lindsay referred Hill Jr.'s *Objection to Appointment of Successor Trustee in Violation of Final Judgment* for determination. However, since the relief sought here is duplicative of the declaratory relief sought by Count 1 of Hill Jr.'s complaint in the 1298 Action, the undersigned finds it prudent to instead recommend a disposition of the motion *sub judice*. *See* 1298 Action, Doc. #2 at 18.

2

him to submit additional evidence to that effect.[3]  Doc. 1778 at 4.  The undersigned additionally granted Hill Jr. leave to respond to the submission of the evidence within seven days of Hill III's filing.

On September 27, 2017, Hill III submitted a declaration signed by Clayton, stating that: (1) on January 31, 2017, $10 billion adjusted for inflation was $10,746,800,375.28, and FTB had assets under management totaling $10,960,552,097.77; (2) on February 28, 2017, $10 billion adjusted for inflation was $10,780,611,070.79, and FTB had assets under management totaling $11,107,734,844.06; and (3) on March 31, 2017, $10 billion adjusted for inflation was $10,789,373,528.53, and FTB had assets under management totaling $11,249,688,702.33.  Doc. 1779 at 2.  Clayton also submitted documentation supporting his averments.  Doc. 1779 at 4-16.

Despite being given seven days to respond, Hill Jr. has not done so.  Thus, based on the uncontroverted statements set forth in Clayton's declaration and the supporting documentation, the Court finds that at all relevant times, FTB has satisfied the requirement that it has assets under management exceeding $10 billion as required by Paragraph 4.01 of the trust instrument for the Grandchildren's Trusts.  Accordingly, Hill Jr.'s objection to FTB as successor trustee should be overruled.

---

[3] The CPI Calculator calculates adjustments on a monthly, rather than daily, basis.  As such, the Court only required Hill III to submit evidence based on monthly calculations.

## C. Conclusion

For the reasons stated, it is recommended that Hill Jr.'s *Objection to Appointment of Successor Trustee in Violation of Final Judgment*, Doc. 1735, be **OVERRULED**.

**SO RECOMMENDED** on October 6, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. §636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4