IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ALBERT G. HILL, III,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:07-CV-2020-L** |
| | § | |
| **WILLIAM SCHILLING, *et al.*,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: Washburne and Summers' Emergency Motion to Enforce the Final Judgment and Settlement Agreement, and Application for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction (Doc. 1876) ("W & S's Motion"), filed under seal on May 29, 2018; and Albert G. Hill, III's ("Hill III") Emergency Application for Temporary Restraining Order and Injunctive Relief to Enforce Global Settlement Agreement and Final Judgment and for Preservation of Assets and Records ("Hill III's Motion"), filed under seal on May 29, 2018 (Doc. 1877).[1] On June 1, 2018, the court issued a memorandum opinion and order, incorporated by reference as if repeated verbatim herein, in which it concluded that neither side had satisfied its burden of demonstrating: (i) that a substantial threat of irreparable harm would result absent issuance of a temporary restraining order; or (ii) a substantial likelihood of prevailing on the merits. *Hill v. Schilling*, No. 3:07-CV-2020-L, 2018 WL 2461877, at *6-8 (N.D. Tex. June 1, 2018) (Lindsay, J.).

---

[1] Hill III seeks injunctive relief against Margaret Keliher, Individually and as Temporary Administrator of the Estate of the Albert G. Hill, Jr., Tyree Miller, proponent of the alleged Last Will and Testament of Hill Jr., Chester J. "Don" Donnally, Jr., Ivan Irwin, Jr., Thomas P. Tatham, and Joyce E. Waller (collectively, "Respondents").

**Memorandum Opinion and Order - Page 1**

For these reasons, the court denied the parties' respective requests for issuance of a temporary restraining order and "defer[red] ruling on the remainder of the relief requested pending its consideration of the parties' respective applications for preliminary injunction and related relief." *Id.* at *9.

After consideration of the remaining relief sought by the parties, legal briefs, appendixes, record, and applicable law, and in light of proceedings pending in the Probate Court No. Two of Dallas County, Texas, *see Estate of Albert Galatyn Hill, Jr.*, *Deceased*, PR-17-04117-2, for the reasons stated herein, the court **denies without prejudice as premature** the remaining relief sought in W & S's Motion (Doc. 1876) and Hill III's Motion (Doc. 1877).

## I.     Background[2]

On December 28, 1935, Haroldson L. Hunt (H. L. Hunt) and his wife Lyda Bunker Hunt created two trusts for their children, namely: (1) the Margaret Hunt Trust Estate ("MHTE"); and (2) the Haroldson L. Hunt, Jr. Trust Estate ("HHTE"). The *1935 Articles of Agreement and [] Declaration of Trust of Margaret Hunt Trust Estate* govern the MHTE (the "*1935 MHTE Trust Instrument*") and the *1935 Articles of Agreement and Declaration of Trust of Haroldson L. Hunt, Jr. Trust Estate* govern the HHTE (the "*1935 HHTE Trust Instrument*"). The terms of the MHTE and the HHTE are identical (except for the initial beneficiary). The 1935 MHTE Trust Instrument and the 1935 HHTE Trust Instrument both provide that "it is the desire and purpose of said H. L. Hunt and Lyda Hunt" to create an "irrevocable trust," and both provide, among other things, that during the lifetime of the beneficiary, only the annual income could be distributed to the beneficiary,

---

[2] The court's recitation of the relevant background is based on the materials contained in the appendixes submitted by the parties in support of their respective motions, as well as the court's prior decisions in this case.

**Memorandum Opinion and Order - Page 2**

requiring that the corpus remain "intact and undisturbed" until twenty-one years after the death of the named beneficiary, at which time the trust would terminate and the corpus of the trust would be distributed to the beneficiary's descendants per stirpes. Doc. 1857-3 at 201, 206-07; *id.* at 210, 216-17. Lyda Bunker Hunt later established trusts for her grandchildren though her Last Will and Testament, dated September 16, 1954, which included the Lyda Hunt - Margaret Trusts, Albert G. Hill, Jr.

In December 2007, Hill III brought a lawsuit in Texas state court in his individual capacity and on behalf of the MHTE and HHTE against specific beneficiaries of the MHTE and HHTE, including his father (Hill Jr.), Hill Jr.'s siblings, and the trustees and members of the advisory boards of the MHTE and HHTE. Among other things, Hill III alleged wrongdoing in the management and administration of the MHTE and HHTE by their respective trustees and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C § 1961, *et seq.* He also sought a declaration that he was a direct and vested beneficiary of the MHTE as a consequence of his father's disclaimer of various interests he held in the MHTE.[3] Following removal to federal court on December 3, 2007, the case was randomly assigned to United States District Judge Reed C. O'Connor.

---

[3] Much of the dispute centered on Hill III's claimed interest in the MHTE following the 2007 death of his paternal grandmother, Margaret Hunt Hill. In 2005, Hill Jr. signed an irrevocable disclaimer of a portion of his interest in the MHTE in favor of his three children, including Hill III. *See* Ex. C to Global Settlement and Mutual Release Agreement (2005 Disclaimer) (Doc. 879). The effect of the disclaimer is that Hill Jr.'s disclaimed interest passed to Hill III and his two siblings after Margaret Hunt Hill's death. *See* March 4, 2010 Mem. Op. & Order 7-8 (Doc. 611). In 2007, Hill Jr. sought to rescind his 2005 disclaimer, along with another partial disclaimer he had executed in 2007. This litigation ensued.

### A. The Settlement Agreement

Ultimately, Hill III agreed to a settlement of the dispute. On May 13, 2010, the parties entered into the Global Settlement and Mutual Release Agreement (the "Settlement Agreement") (Doc. 879) that settled this action and related state court actions. As relevant to the pending motions, the Settlement Agreement affirmed Hill Jr.'s 2005 disclaimer (*see supra* note 3) and provided for the partition of the MHTE and HHTE, pro rata, into separate subtrusts for all beneficiaries. Under the Settlement Agreement, Hill III would become the sole beneficiary to one of the new subdivided trusts containing his individual interest, the MHTE - Albert G. Hill, III Trust; and Hill Jr. would become the beneficiary of the MHTE - Albert G. Hill, Jr. Trust and the HLHTE - Albert G. Hill Jr., Trust. Each subtrust was to be separately administered by a new successor trustee. The parties also agreed that monetary damages might not adequately recompense the parties for every breach and that, therefore, specific performance and injunctive relief would be available for any breach of any term of the Settlement Agreement. Settlement Agreement § III(5)(r).

In the Settlement Agreement, each "Agreeing Party," defined to include Hill III, agreed to waive his or her standing and right to demand information, seek accountings, or assert any claim or cause of action in connection with any trust for the primary benefit of a descendant of Margaret Hunt Hill of which he or she was not a current beneficiary:

> (b) <u>Waiver of Standing</u>: During such time as an Agreeing Party is not a current beneficiary of a trust for the primary benefit of a descendant of MHH (an "MHH Trust") and any other descendant of MHH is living, such Agreeing Party hereby waives (1) his or her status as an interested person in such trust and (2) all rights that he or she may have as a future or contingent beneficiary of such trust under the instrument establishing such MHH Trust, under applicable common law, or under applicable state law, including but not limited to the right to demand information, seek an accounting or assert any claim or cause of action in connection with any such trust. Each Agreeing

> Party further agrees that the waivers in this subparagraph shall not apply to an MHH Trust during any period in which he or she is a current beneficiary of that MHH Trust, although the waivers in this subparagraph shall continue to apply to any actions taken or omitted by any other person or entity during the period that he or she was not a current beneficiary. For purposes of this paragraph, "current beneficiary" means a person who, at the time a current beneficiary is determined, is then entitled to receive, or is then, in an exercise of discretion by the trustee of such trust, a possible recipient of, income or principal of such trust.

*Id.* § III(5)(b). Further, Hill III agreed not to contest Hill Jr.'s will or file any action challenging the disposition of his property:

> (f) <u>No Contest of Al Jr.'s Last Will and Testament</u>: Al III, Erin, the Grandchildren, and all of their descendants and heirs agree not to contest the Last Will and Testament of Al Jr. or file any additional action, lawsuit, or legal proceeding challenging the disposition of his property.

*Id.* § III(1)(f).

Finally, the parties agreed that this court would have continuing jurisdiction over any claim or controversy arising out of the Settlement Agreement:

> (c) <u>Federal Court's Continuing Jurisdiction</u>: Any controversy or claim arising after the date of execution of this Agreement arising out of this Agreement and the Documentation shall be resolved by the Federal Court, the Honorable Reed O'Connor, who shall retain continuing jurisdiction over this Agreement.

*Id.* § III(5)(c).

### B. The Final Judgment

On November 8, 2010, Judge O'Connor issued a final judgment (the "Final Judgment") implementing and memorializing the parties' Settlement Agreement. *See* Final J. ¶ 1 (Doc. 999). Among other things, the Final Judgment affirmed Hill Jr.'s 2005 disclaimer of a portion of his interest in the MHTE (*id.* ¶ 5), resulting in a share of the MHTE for Hill III's benefit, as well as an

MHTE termination interest trust (*id.* ¶ 8.i), and a separate MHTE termination interest trust that was specifically created to provide Hill III with a portion of the corpus of the MHTE upon the termination of the MHTE termination interest trust (*id.* ¶ 8.f). With respect to Hill Jr., the division of the MHTE and HHTE into separate subtrusts in accordance with the Settlement Agreement resulted in the MHTE - Albert G. Hill, Jr. Trust and the HLHTE - Albert G. Hill, Jr. Trust. Like the MHTE and HHTE, these two trusts were governed by the *1935 MHTE Trust Instrument* and the *1935 HHTE Trust Instrument*, respectively. *Id.* ¶ 14.

The court also enforced the Agreeing Parties's waiver of standing provision, whereby each Agreeing Party, defined to include Hill III, agreed to waive any right to demand information, seek accountings, or assert any claim or cause of action in connection with, any trust for the primary benefit of a descendent of Margaret Hunt Hill of which he or she was not a current beneficiary:

> **Waiver of Standing**
>
> 28. *IT IS ORDERED that, pursuant to the Agreement, the Court finds that during such time as an Agreeing Party is not a current beneficiary of a trust for the primary benefit of a descendant of Margaret Hunt Hill ("MHH") (an "MHH Trust") and any other descendant of MHH is living, such Agreeing Party has waived: (1) his or her status as an interested person in such trust, and (2) all rights that he or she may have as a future or contingent beneficiary of such trust under the instrument establishing such MHH Trust, under applicable common law, or under applicable state law, including but not limited to the right to demand information, seek an accounting, or assert any claim or cause of action in connection with any such trust.* IT IS FURTHER ORDERED that Al III and Erin shall at no time have standing with respect to the Single Fund Grandchildren's Trust, including as guardians of minor beneficiaries of the Single Fund Grandchildren's Trust and any trusts created thereunder. IT IS FURTHER ORDERED that, pursuant to the Agreement, the waivers by each Agreeing Party in this paragraph shall not apply to an MHH Trust during any period in which such Agreeing Party is a current beneficiary of that MHH Trust, although the waivers in this paragraph shall continue to apply to any actions taken or omitted by any other person or entity during the period that such Agreeing Party was not a current beneficiary. For purposes of this paragraph, "current beneficiary" means a person who, at the time a current beneficiary is determined, is

then entitled to receive, or is then, in an exercise of discretion by the trustee of such trust, a possible recipient of, income or principal of such trust.

*Id.* ¶ 28 (emphasis added). The court additionally ordered Hill III not to contest Hill Jr.'s will or challenge the disposition of his property. *Id.* ¶ 29.

Finally, consistent with the Settlement Agreement, Judge O'Connor retained continuing jurisdiction over the implementation and enforcement of the Final Judgment:

> IT IS ORDERED that, without affecting the finality of this Final Judgment, the Court hereby retains continuing jurisdiction over the implementation of the [Settlement] Agreement, the Final Judgment, and the Parties for purposes of implementing and enforcing the [Settlement] Agreement and this Final Judgment. IT IS FURTHER ORDERED that any controversy or claim arising after the date of execution of the [Settlement] Agreement and arising out of the [Settlement] Agreement or the Documentation shall be resolved by this Court. Each of the Agreeing Parties agrees and covenants not to, and IT IS ORDERED that none of the Agreeing Parties shall, file or assert any of the released Claims (in law or in equity).

*Id.* ¶ 45.[4]

Hill III appealed the Final Judgment challenging, among other things, the addition of provisions that were not part of the Settlement Agreement. The Fifth Circuit affirmed the Final Judgment. *See Hill v. Schilling,* 495 F. App'x 480 (5th Cir. 2012) (consolidated appeal).

### C. Hill Jr.'s Last Will and Testament ("Will")

On December 20, 2014, Hill Jr. executed his Will, which included the following provisions:

(a) *I hereby exercise the testamentary special power of appointment* given to me under paragraph VIII, of The Lyda Hunt-Margaret Trusts, Al G. Hill, Jr., created under the Last Will and Testament of Lyda Bunker Hunt, dated the 16th day of

---

[4] On October 2, 2013, this matter was reassigned to the undersigned following the recusal of Judges O'Connor, Lynn, Solis, Godbey, Boyle, Fitzwater, and Kinkeade. Accordingly, this court has continuing jurisdiction over the implementation of the Settlement Agreement, Final Judgment, and the parties for purposes of implementing and enforcing the Settlement Agreement and the Final Judgment. *See* Final J. ¶ 45.

September, 1954, in favor of my grandchildren [AGH, IV, NHH, and CMH], that they should succeed me as to all interests which I have in such Trust estate;

(b) *I hereby exercise the power of appointment* given to me under Article III, Section 3 of the Albert Hill Trust, dated the 10th day of April, 1945, in favor of the Al G. Hill, Jr. Family Foundation ("Foundation"), so that the Foundation should succeed me as to all interests which I have in such Trust estate;

(c) *I hereby exercise the power of appointment* given to me under Article III, Section 3 of the HLHTE-Albert G. Hill, Jr. Trust, created under a settlement agreement, by which the Haroldson L. Hunt, Jr. Trust Estate, dated 28th day of December, 1935, was split into separate trusts, in favor of the Al G. Hill, Jr. Charitable Lead Annuity Trust ("CLAT") created under Article IV of THE AL G. HILL, JR. FAMILY TRUST, more particularly defined in paragraph 2,2 below, so that such Al G. Hill, Jr. Charitable Lead Annuity Trust should succeed me as to all interests which I have in such Trust estate;

(d) *I hereby exercise the power of appointment* given to me under Article III, Section 3 of the MHTE-Albert G. Hill, Jr. Trust, created under a settlement agreement, by which the Margaret Hunt Trust Estate, dated December 28, 1935, was split into separate trusts, in favor of the Al G. Hill, Jr. Charitable Lead Annuity Trust created under Article IV of THE AL G. HILL, JR. FAMILY TRUST, more particularly defined in paragraph 2,2 below, so that such Al G. Hill, Jr. Charitable Lead Annuity Trust should succeed me as to all interests which I have in such Trust estate.

W & S's App., Ex. 1B (Doc. 1876-3 at 31) (emphasis added).[5]

### D. Termination of the Trusts During Hill Jr.'s Lifetime

On December 13, 2016, the MHTE - Albert G. Hill, Jr. Trust was terminated pursuant to a written instrument titled MHTE - Albert G. Hill, Jr. Trust Trustee Resolution and Record of Trust Termination (*id.* at Ex. 2A); and the HLHTE - Albert G. Hill, Jr. Trust was terminated pursuant to a written instrument titled HLHTE - Albert G. Hill, Jr. Trust Trustee Resolution and Record of Trust

---

[5] Although the Trustees are correct that Hill Jr.'s Will excluded Hill III, they erroneously state that his Will also excluded Hill III's children. Trustee Br. 24. Hill Jr.'s Will, however, conveyed the rights to the Lyda Hunt - Margaret Trusts, Albert G. Hill, Jr., to Hill III's children. Hill III's App. at 105 (Doc. 1877).

Termination (*id.* at Ex. 2B). On December 28, 2016, the Lyda Hunt - Margaret Trusts, Albert G. Hill, Jr. was terminated pursuant to a written instrument titled the Lyda Hunt - Margaret Trusts, FBO Albert G. Hill, Jr. Record of Trust Termination (*id.* at 3A).

### E. Hill Jr.'s Death and the Application for Probate of his Will

On December 6, 2017, counsel for Hill III filed a Suggestion of Death, stating, "upon the record, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, the death of [Hill Jr.], Defendant, on December 2, 2017." Suggestion of Death (Doc. 1811). On December 7, 2017, Tyree Miller ("Miller"), named the Independent Executor of Hill Jr.'s Estate by his will, filed an Application for Probate of Will and Issuance of Letters Testamentary in Probate Court No. 2 of Dallas County, Texas (the "Probate Court"), seeking to probate Hill Jr.'s will, to be appointed as the independent Executor of Hill Jr.'s Estate, and to have letters testamentary issued in accordance with the will. *See Estate of Albert Galatyn Hill, Jr.*, *Deceased*, PR-17-04117-2, pending in the Probate Court No. Two of Dallas County, Texas.

On December 22, 2017, Hill III filed an Original Answer in the Probate Court admitting the allegations regarding the date of Hill Jr.'s death, his age, the listing of his children, his domicile at death, and that the Probate Court has jurisdiction and venue over Hill Jr.'s probate matter, but otherwise denying all other allegations made by Miller in the Application for Probate of Will and Issuance of Letters Testamentary. On January 5, 2018, in light of Hill III's Original Answer, Margaret Keliher ("Keliher") filed an Emergency Application for Appointment of Temporary Administrator with the Probate Court, advising it of these proceedings, and the need for someone to represent the Estate of Hill Jr. On January 10, 2018, the Probate Court granted Keliher's application and appointed her as Temporary Administrator of the Estate of Hill Jr. On May 15,

2018, this court granted Keliher's Motion for Leave to Substitute in this action in the place of Hill Jr.

In addition to asserting that Miller should be disqualified due to a conflict of interest, Hill III is: (1) claiming and seeking a declaration that Hill Jr. did not have the powers of appointment he exercised in his Will with respect to the MHTE - Albert G. Hill, Jr. Trust, the HLHTE - Albert G. Hill, Jr. Trust, the Lyda Hunt - Margaret Trusts, Albert G. Hill, Jr. , and the Albert Hill Trust; (2) seeking accountings of certain trusts; (3) seeking injunctive relief; (4) seeking the imposition of constructive trusts; and (5) seeking damages and attorney's fees. The Probate Court has held several hearings and has set these issues for a trial to begin on August 20, 2018.[6]

### F. The Pending Motions

Pending are W & S's and Hill III's respective requests for preliminary and permanent injunctive relief and motions to enforce the Settlement Agreement and Final Judgment that are the subject of this memorandum opinion and order. *See* W & S's Motion (Doc. 1876); Hill III's Motion (Doc. 1877). In support of their motion, Washburne and Summers argue that Hill III is violating the Final Judgment and breaching the Settlement Agreement by: asserting claims contesting Hill Jr.'s Will; objecting to Miller as the Independent Executor of the Estate; challenging the disposition of Hill Jr.'s property; and seeking declaratory relief regarding whether Hill Jr. had powers of appointment in certain trusts to exercise in his Will, as well as accountings of various trusts

---

[6] In response to an order of the Probate Court to add all additional parties affected or interested in the matters asserted by Hill III, on April 30, 2018, Hill III filed a Supplemental Answer and Original Counterclaim adding thirteen new parties to the Probate Court litigation—including Washburne, Summers, and their children. In his amended pleading in the Probate Court, Hill III continues to argue that Hill Jr. did not have the powers of appointment with respect to the trusts to exercise in his Will and seeks a declaration to this effect.

**Memorandum Opinion and Order - Page 10**

(including the HLHTE - Albert G. Hill, Jr. Trust and the MHTE - Albert G. Hill, Jr. Trust). They seek to enjoin Hill III from:

>    (1) contesting Hill Jr.'s Will;
>
>    (2) filing any action, lawsuit, or legal proceeding challenging the disposition of Hill Jr.'s property;
>
>    (3) demanding information and documents in connection with any trust for the primary benefit of a descendant of Margaret Hunt Hill (i.e., Hill Jr.) of which Hill III is not a current beneficiary, especially (i) the MHTE - Albert G. Hill, Jr. Trust, (ii) the HLHTE - Albert G. Hill, Jr. Trust, (iii) the Lyda Hunt - Margaret Trusts, Al G. Hill, Jr., and (iv) the Albert Hill Trust;
>
>    (4) seeking an accounting in connection with any trust for the primary benefit of a descendant of Margaret Hunt Hill (i.e., Hill Jr.) of which Hill III is not a current beneficiary, especially (i) the MHTE - Albert G. Hill, Jr. Trust, (ii) the HLHTE - Albert G. Hill, Jr. Trust, (iii) the Lyda Hunt - Margaret Trusts, FBO Al G. Hill, Jr., and (iv) the Albert Hill Trust; and
>
>    (5) asserting any claim or cause of action in connection with any trust for the primary benefit of a descendant of Margaret Hunt Hill (i.e., Hill Jr.) of which Hill III is not a current beneficiary, especially (i) the MHTE - Albert G. Hill, Jr. Trust, (ii) the HLHTE - Albert G. Hill, Jr. Trust, (iii) the Lyda Hunt - Margaret Trusts, FBO Al G. Hill, Jr., and (iv) the Albert Hill Trust.

W & S's Motion 3 (Doc. 1876).

In support of his motion, Hill III contends that the major subtrusts that were supposed to be preserved by the Final Judgment have been prematurely and unlawfully terminated by Hill Jr. and his cohorts, thereby destroying the valuable inheritance of Hill III and his descendants, from the H.L. Hunt family, estimated to be worth in excess of $1 billion. Hill III's Mot. 2. According to Hill III:

>    *In [his] Will, Hill Jr. purported to exercise phantom "powers of appointment" to alter completely the passage of the MHTE and HHTE subtrusts resulting from the GSA, totally disinheriting Hill III, his siblings, and their children.* Accordingly, Hill III appeared in the Probate Proceeding challenging the ability of the decedent to alter the fixed provisions for succession to the income distribution rights and the

termination distribution rights under such subtrusts which had been preserved and carried forward by the GSA and Final Judgment.

Hill III's Brief 5 (emphasis added). Further, Hill III asserts:

> The Final Judgment made it clear that other than the specific changes set forth in the Judgment, all other provisions of the formative documents for the MHTE and HHTE trusts would remain in full force and effect. Such trust instruments both had substantially identical provisions, establishing them as irrevocable, providing that during the lifetime of the beneficiary, only the annual income could be distributed to the beneficiary, that the beneficiary could not request distribution of corpus or dissolution of the trust, and that 21 years after the death of the named beneficiary, the corpus of the trust would be distributed to the beneficiary's descendants per stirpes. In addition, on information and belief, the Lyda Hunt - Margaret Trusts FBO Albert G. Hill, Jr., had similar provisions. Therefore, following Hill Jr.'s death on December 2017, Hill III and his siblings, and their children, would have succeeded to Hill Jr.'s potential termination interest in the massive subtrusts created under the Final Judgment, and the Lyda Hunt Trust. It now appears that the Hill Jr. representatives are attempting to subvert the rights of his descendants through their illegal acts, which seek to deny Hill III, his siblings, and their children, from the rights that they acquired as a result of the [Settlement Agreement] and Final Judgment.

*Id.* at 3. Hill III seeks an injunction to preserve the assets of the MHTE - Albert G. Hill Jr. Trust, the HLHTE - Albert G. Hill, Jr. Trust, and the Lyda Hunt - Margaret Trusts, Albert G. Hill, Jr., and to prevent dissipation, concealment, and further transfer of such assets, and preservation of all records relating to such trusts and actions affecting them. *Id.* at 4. He also seeks to restrain and enjoin Respondents from destroying, spoiling, altering, modifying, deleting, or concealing, any evidence of or relating to the:

> 1. Exercise of the purported powers of appointment of Hill Jr. over the MHTE - Albert G. Hill, Jr. Trust, and the HLHTE - Albert G. Hill, Jr. Trust, or assistance in carrying out such purported powers;
>
> 2. Dissolution or termination of the MHTE - Albert G. Hill, Jr. Trust, the HLHTE - Albert G. Hill, Jr. Trust, and/or Lyda Hunt - Margaret Trusts FBO Albert G. Hill, Jr., or assistance or implementation of such termination or dissolution;

3. Management, operation, payment of funds for any purpose other than investment; or

4. Transfer, sale, encumbrance, secreting, or any other disposition of or alteration of any assets that had formerly been held by either MHTE - Albert G. Hill, Jr. Trust, the HLHTE - Albert G. Hill, Jr. Trust, or Lyda Hunt - Margaret Trusts FBO Albert G. Hill, Jr.

As previously stated, on June 1, 2018, the court issued a memorandum opinion and order, denying the parties' respective requests for a temporary restraining order, concluding that neither side had satisfied its burden of demonstrating: (i) that a substantial threat of irreparable harm would result absent issuance of a temporary restraining order; or (ii) a substantial likelihood of prevailing on the merits. *Hill*, 2018 WL 2461877, at *6-8. The court "defer[red] ruling on the remainder of the relief requested pending its consideration of the parties' respective applications for preliminary injunction and related relief." *Id.* at *9. The court now turns to the remaining relief requested.

## II. Analysis

### A. The Scope of the Court's Continuing Jurisdiction

As a threshold matter, the court notes that Settlement Agreement and Final Judgment only modified the MHTE and HHTE. In the Final Judgment, Judge O'Connor retained "continuing jurisdiction over the implementation of the [Settlement] Agreement, the Final Judgment, and the Parties for purposes of implementing and enforcing the [Settlement] Agreement and this Final Judgment." *See* Final J. ¶ 45 (Doc. 999). He further ordered that "any controversy or claim arising after the date of execution of the [Settlement] Agreement and arising out of the [Settlement] Agreement or the Documentation shall be resolved by this Court." *Id. With respect to any Hunt/Hill family trusts other than the MHTE and HHTE, therefore, this court does not have continuing jurisdiction, and issues pertaining to those family trusts are not properly before this court. The*

Memorandum Opinion and Order - Page 13

*court declines to expand its continuing jurisdiction beyond the implementation and enforcement of the Settlement Agreement and Final Judgment.*

B. **Hill III's Standing**

Prior to making any determination on the merits, the court must resolve the disputed issue of whether Hill III waived his standing to seek relief in the Probate Court and this court. Specifically, in response to Hill III's Motion, Respondents argue that Hill III waived his standing under the Settlement Agreement and the Final Judgment to assert any claims regarding: the MHTE - Albert G. Hill, Jr. Trust; the HLHTE - Albert G. Hill, Jr. Trust; and the Lyda Hunt - Margaret Trusts, Albert G. Hill, Jr.:

> The MHTE and HHTE Trust Instruments expressly permitted the Trustees, with the Advisory Board's consent, to voluntarily dissolve the Trusts and the MHTE and HHTE Trust Instruments expressly grant Hill, Jr. power of appointment. The Trustees, with the approval of the Advisory Boards, terminated both Trusts in December 2016, before Hill Jr.'s death in December 2017. In addition, in his Will, Hill Jr. exercised his power of appointment in favor of beneficiaries that did not include Hill III.
>
> *Here, the Trustees, with the approval of the Advisory Boards, terminated the Trusts before Hill Jr.'s death and, additionally, Hill Jr. exercised his powers of appointment effective upon his death so Hill III never became a beneficiary. Consequently, Hill III and his children are not and have never been beneficiaries of the MHTE—Albert G. Hill, Jr. Trust or the HLHTE—Albert G. Hill, Jr. Trust (or the Lyda Hunt—Margaret Trusts, Albert G. Hill, Jr. to the extent Hill III is attempting to seek relief regarding this trust). In fact, Hill III has no interest whatsoever in these two trusts; he is a stranger to these trusts.*

Doc. 1864 at 10 (emphasis added).

In response to the argument that he waived his standing with respect to these trusts in the Settlement Agreement and Final Judgment, Hill III asserts:

> The arguments that Hill III lacks standing . . . are circular. They are primarily based upon the assumption that the premature termination of the trusts was valid, and

that the powers of appointment purportedly exercised by Hill Jr. in his Will were valid. This begs the question. If the trusts were illegally terminated to defeat Hill III's rights under the [Settlement Agreement] and the Final Judgment, or in violation of the fiduciary duties owed by the Trustees to all beneficiaries, even future beneficiaries, then Hill III does have standing to assert his claims.

Doc. 1880 at 2.

Paragraph 28 of the Final Judgment provides, in relevant part:

**<u>Waiver of Standing</u>**

28. IT IS ORDERED that, pursuant to the Agreement, the Court finds that *during such time as an Agreeing Party is not a current beneficiary of a trust* for the primary benefit of a descendant of Margaret Hunt Hill ("MHH") (an "MHH Trust") and any other descendant of MHH is living, such Agreeing Party has waived: (1) his or her status as an interested person in such trust, and (2) all rights that he or she may have as a future or contingent beneficiary of such trust under the instrument establishing such MHH Trust, under applicable common law, or under applicable state law, including but not limited to the right to demand information, seek an accounting, or assert any claim or cause of action in connection with any such trust.

Final J. ¶ 28 (emphasis added). Paragraph 28 also defined the term "current beneficiary," for purposes of determining standing as: "a person who, at the time a current beneficiary is determined, is then entitled to receive, or is then, in the exercise of discretion by the trustee of such trust, a possible recipient of, income or principal of such trust." *Id.*

Paragraph 28 is unambiguous. Hill III only agreed to waive his standing to the extent he was "not a current beneficiary" of a trust for the primary benefit of a descendant of Margaret Hunt Hill. *Id.* Absent Hill Jr.'s exercise of "powers of appointment" in his Will in favor of beneficiaries that did not include Hill III, and absent dissolution of the trusts at issue prior to his death, under the express terms of the MHTE and HHTE, Hill III, as a lineal descent of Hill Jr., would be a current

beneficiary. Otherwise stated, if it is determined that: (i) Hill Jr. lacked the powers of appointment he sought to exercise in his Will, and (ii) prematurely and unlawfully dissolved the relevant trusts during his lifetime, as Hill III contends, then under the unambiguous terms of the trust instruments, following Hill Jr.'s death, Hill III would be a current beneficiary with standing under the Final Judgment.

Pending before the Probate Court is Hill III's request for a declaratory judgment that Hill Jr. lacked the powers of appointment he sought to exercise in his Will with respect to the MHTE - Albert G. Hill, Jr. Trust, the HLHTE - Albert G. Hill, Jr. Trust, the Lyda Hunt - Margaret Trusts, Albert G. Hill, Jr., and the Albert Hill Trust. If the Probate Court decides that Hill Jr.'s exercise of these powers of appointment was invalid, then Hill Jr.'s beneficiary designations in his Will would lapse. By contrast, if the Probate Court decides that Hill Jr. properly exercised these powers of appointment in his Will, thereby lawfully excluding Hill III from any inheritance, Hill III would not qualify as a current beneficiary and the waiver of standing provision in the Settlement Agreement and Final Judgment would, therefore, bar him from seeking relief in the Probate Court or this court with respect to the trusts at issue. Under the latter scenario, whether the termination of the trusts during Hill Jr.'s lifetime was impermissible would be moot.

Insofar as the parties seek to present these issues before the undersigned, while also pursuing them in the Probate Court, the court declines this invitation. These disputed matters are *inextricably intertwined* with the probate of Hill Jr.'s Will. As Keliher's counsel, Jeffrey N. Myers, acknowledged at a March 29, 2018 hearing before the Probate Court, whether the powers of

**Memorandum Opinion and Order - Page 16**

appointment exercised by Hill Jr. in his Will were valid is a matter of state law properly before the Probate Court. *See* Hill III App. at 278 (Doc. 1877) (Hr'g Tr., 18:20-22) ("[T]he existence of a power of appointment is a state law matter which you would rule upon.") Further, the Probate Court Judge engaged in the following colloquy with Emil Lippe, Jr., Esq., Hill III's counsel, with respect to the impact on the dispositions in Hill Jr.'s Will were he to lack the powers of appointment:

> Mr. Lippe: If we had a will that said that the executor is entitled to convey the Brooklyn Bridge to Vladimir Putin, and the decedent didn't own the Brooklyn Bridge, that's—it's a silly example, but that's essentially what we're dealing with. We're dealing with a grant of power that I say—that we contend can't be done. Now, they'll disagree, of course.
>
> The Court: Well, Mr. Lippe, I think that's a perfect example, because I have the exact same example in my mind. Maybe not Vladimir Putin; however, the Brooklyn Bridge was the example I was thinking about. And if a will disposes of the Brooklyn Bridge or the Margaret Hunt Bridge, then that doesn't mean the will is invalid. It means maybe that disposition is invalid, right? It means it may lapse. It doesn't mean that the will is invalid.
>
> Mr. Lippe: And I believe our request for declaratory relief is asking the Court to make a ruling as to whether or not certain portions of the will can be enforced.

*Id.* at 144 (Hr'g Tr., 16:20-25, 17:1-14).[7]

---

[7] Hill III agreed not to contest Hill Jr.'s Will or the disposition of his property. Settlement Agreement § III(1)(f) (Doc. 879); Final J. ¶ 25 (Doc. 999). If Hill III is correct, however, that Hill Jr. lacked the powers of appointment he exercised in his Will and impermissibly dissolved the trusts in violation of the 1935 MHTE Trust Instrument and the 1935 HHTE Trust Instrument—which H.L. Hunt and Lyda Hunt intended to be irrevocable—then the assets that were the subject of the powers of appointment would not rightfully have been Hill Jr.'s property. The court declines to read the Settlement Agreement and Final Judgment so broadly as to immunize Hill Jr. and the trustees from reasonable inquiry into the legitimacy of both Hill Jr.'s exercise of powers of appointment in his Will to the exclusion of lineal descendants and the termination during his lifetime of trusts intended to be irrevocable.

In light of the Probate Court's consideration of Hill Jr.'s Will and the attendant unique circumstances, the court must consider the probate exception to federal jurisdiction. As previously summarized by this court:

> A longstanding limitation on federal jurisdiction is the probate exception, which is a judicially created doctrine. *Marshall v. Marshall*, 547 U.S. 293, 298, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006). It is an exception "to otherwise proper federal jurisdiction." *Id.* at 308. The probate exception is to be narrowly construed, and in defining its scope, the United States Supreme Court recently held:
>
> > [T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.
>
> *Id.* at 311–12. "In determining whether a suit in federal court interferes with state probate proceedings, [the Fifth Circuit] considers whether the plaintiff's claim implicates the validity of the probate proceedings or whether the plaintiff is merely seeking adjudication of a claim between the parties." *Breaux v. Dilsaver*, 254 F.3d 533, 536 (5th Cir. 2001) (citations and internal quotations omitted); *see also Morgan v. Chase Home Finance, L.L.C.*, 306 F. App'x 49, 53 (5th Cir. 2008).

*Lennon v. Scott & Stringfellow, LLC*, 2010 WL 1962672, at *3 (N.D. Tex. May 14, 2010) (Lindsay, J.). More recently, the Fifth Circuit recognized that: "[T]o determine whether the probate exception deprives a federal court of jurisdiction, *Marshall* requires a two-step inquiry into (1) whether the property in dispute is estate property within the custody of the probate court and (2) whether the plaintiff's claims would require the federal court to assume *in rem* jurisdiction over that property." *Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Cir. 2013). "If the answer to both inquiries is yes, then the probate exception precludes the federal district court from exercising diversity jurisdiction." *Id.*

Not surprisingly, the parties offer different interpretations of the probate exception and its application to the pending motions. While Respondents argue that the probate exception has no application, as all issues raised "relate to the [Settlement Agreement] and [Final Judgment] [and] therefore are subject to this Court's exclusive jurisdiction[,]" *see* Consolidated Reply 17 (Doc. 1878), Hill III asserts it applies, but only to certain issues. The court need not reach this question today because, as illustrated above by Mr. Myers's statement and the colloquy between the Probate Judge Court and Mr. Lippe, the issue of whether Hill Jr.'s exercise of powers of appointment in his Will was valid is pending before the Probate Court. Further, wile the court acknowledges its continuing jurisdiction over the implementation and enforcement of the Settlement Agreement and Final Judgment, it does not intend to engage in duplicative litigation, resulting in potentially conflicting rulings, or risk interfering with the Probate Court's jurisdiction.

In sum, Hill III's standing hinges on whether, following Hill Jr.'s death, he was a current beneficiary of the MHTE and HHTE, in which case the waiver of standing provision in the Final Judgment is not triggered. If the powers of appointment Hill Jr. exercised in his Will are valid, and the trusts at issue were lawfully dissolved during Hill Jr.'s lifetime, Hill III would not be a current beneficiary and, therefore, would lack standing under the Final Judgment. This dispute is pending in the Probate Court. Until the Probate Court resolves Hill III's request for declaratory relief as to whether Hill Jr. lacked the powers of appointment he sought to exercise in his Will, the court cannot determine whether Hill III waived his standing under section III(5)(b) of the Settlement Agreement and paragraph 28 of the Final Judgment.

### III. Conclusion

For the reasons stated herein, the court **denies without prejudice as premature** the remaining relief sought in Washburne and Summers' Emergency Motion to Enforce the Final Judgment and Settlement Agreement, and Application for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction (Doc. 1876); and **denies without prejudice as premature** Albert G. Hill, III's Emergency Application for Temporary Restraining Order and Injunctive Relief to Enforce Global Settlement Agreement and Final Judgment and for Preservation of Assets and Records (Doc. 1877).[8]

**It is so ordered** this 3rd day of July, 2018.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge

---

[8] Nothing in this decision should be construed by the parties as the court's endorsement of either side's version of the facts or interpretation of the relevant trust instruments.