IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT G. HILL, III, individually as a Beneficiary of the Margaret Hunt Trust Estate, derivatively on behalf of the Margaret Hunt Trust Estate, individually as a beneficiary of the Haroldson Lafayette Hunt, Jr. Trust Estate, and derivatively on behalf of the Haroldson Lafayette Hunt, Jr. Trust Estate, | § § § § § § § § | |
| Plaintiff, | § | |
| v. | § § | C.A. No. 3:07-CV-02020 |
| WILLIAM SCHILLING, et al., | § § | |
| Defendants. | § § | |

**OPPOSITION OF ALBERT G. HILL, III TO ECF NO. 1900**

Albert G. Hill, III ("Al III") files this Opposition to the relief requested by Heather Hill Washburne and Elisa Hill Summers in their pleading filed on October 23, 2018, and docketed as Document 1900. Hill III respectfully shows as follows:

**INTRODUCTION**

On September 14, 2018, Washburne and Summers filed their second request to enjoin Al III from asserting various positions in the probate case in Dallas County that was commenced following the death of their father, Al Jr. (Doc. 1886.) On September 26, 2018, this Court deferred ruling on that request due to the pendency of an objection "seeking relief in Probate Court that is identical to that requested in this court." (Doc. 1888.) The Court's action in this regard was consistent with this Court's earlier ruling, on the first request by Washburne and Summers for injunctive relief, where the Court said it "does not intend to engage in duplicative litigation, resulting in potentially conflicting rulings, or risk interfering with the Probate Court's jurisdiction." (Doc. 1883 at 19 of 20.)

On October 11, 2018, the Probate Court ruled on the Objection that was pending when this Court entered its September 26 Order. (Doc. 1896.) The Probate Court found that certain – but not all – of Al III's positions were properly construed as "contesting the Will" of Al Jr. and that Al III should be precluded from taking those positions.[1] On the same day, the Probate Court admitted to probate a version of the alleged Last Will and Testament of Albert G. Hill, Jr. dated December 20, 2014.

In response to this Court's Order of October 16, 2018 (Doc. 1897), Washburne and Summers filed the pleading (Doc. 1900) to which Al III is now responding. Washburne and Summers argue that the Probate Court's October 11 Orders have not mooted the relief they seek in this Court and that this Court should now enter a permanent injunction against Al III, his wife (Erin Hill), and their children. Washburne and Summers also seek an award of attorneys' fees and litigation costs against Hill III.

For the reasons set forth below, the relief requested by Washburne and Summers against Al III should be denied.[2]

**WASHBURNE AND SUMMERS ARE NOT ENTITLED TO INJUNCTIVE RELIEF**

As to their request for injunctive relief against Al III, Washburne and Summers offer only one argument to suggest that the Probate Court's Order of October 11, 2018 (the "No-Contest Order") has not rendered moot their motion in this Court: they say they still need relief to prevent Al III from filing and prosecuting a state-court appeal of the No-Contest Order. Since then, as Al

---

[1] Specifically, the Probate Court's Order dealt with any assertion by Al III that: the will should not be admitted to probate; Al Jr. lacked testamentary capacity when he signed the will; the signature on the will is not the Decedent's signature; the will was revoked; and Margaret Keliher is conflicted. The Probate Court's Order does not preclude Al III from contesting the purported exercise in the will of alleged powers of appointment or the purported termination of certain trusts during Al Jr.'s lifetime. Litigation over those matters is ongoing in the Probate Court pursuant to this Court's Order of July 3, 2018 (Doc. 1883) and the Probate Court's recognition that they do not constitute a "will contest."

[2] The undersigned does not represent Erin Hill or the children of Al III and Erin. This Opposition is not filed on their behalf and is not intended to bind or speak for them in any way.

III informed the Court on October 25, 2018 (Doc. 1903), Al III has filed a timely notice of appeal of the No-Contest Order. Thus, as a practical matter, the issue now before the Court is whether Washburne and Summers are entitled to a permanent injunction preventing Al III from prosecuting his appeal.

### A. The Probate Court's Order is Appealable In State Court

Under Texas law, the Order signed by the Probate Court on October 11, 2018, admitting the will to probate is immediately appealable as a final order. *See, e.g.*, *In re Estate of Fisher*, 421 S.W.3d 682, 685–86 (Tex. App.—Texarkana 2014, no pet.); *In re Hudson*, 325 S.W.3d 811 (Tex. App.—Dallas 2010, no pet.) The No-Contest Order that preceded it on the same day (sustaining the objection to Al III contesting the decedent's will) is deemed to have been merged into it and is subject to appellate review at the same time. *See, e.g.*, In re Miller, 299 S.W.3d 179, 187 (Tex. App.–Dallas 2009, no pet.).

Rule 26.1 of the Texas Rules of Appellate Procedure provides that a notice of appeal, subject to exceptions not applicable here, "must be filed within 30 days after the judgment is signed." This requirement is jurisdictional; failure to file a timely notice of appeal deprives the appellate court of jurisdiction and requires dismissal of the appeal. *See, e.g.*, *Florance v. State,* 352 S.W.3d 867, 874 n. 5 (Tex. App.–Dallas 2011, no pet.) [3]

### B. There is No Basis for a No-Appeal Injunction

As a general rule, as set forth in the Anti-Injunction Act, a federal court cannot issue an injunction to enjoin state-court proceedings. *See* 28 U.S.C. § 2283. There are exceptions, but the exceptions are interpreted narrowly, while the prohibition against injunctions is read broadly. *See,*

---

[3] Al III filed his notice of appeal when he did out of a fear that, if he waited, the jurisdictional window in state court could close before this Court had the chance to resolve the issues raised in Doc. 1900. His filing was in no way intended to interfere with, and it has not interfered with, this Court's ability to consider the merits of the request by Washburne and Summers to preclude prosecution of an appeal by Al III.

*e.g., Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011). "Indeed, '[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed.'" *Id.* (quoting *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 146, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988)).

Here, there are two exceptions that could potentially apply. But, when properly construed, neither exception would allow the injunction sought by Washburne and Summers. One of the exceptions allows an injunction against state-court proceedings "where necessary in aid of [the federal court's] jurisdiction." 28 U.S.C. § 2283. The other allows an injunction "to protect or effectuate [the federal court's] judgments." *Id.*

Neither exception applies here, largely because this Court has already properly deferred to the Probate Court to resolve in the first instance the issues that Washburne and Summers raise concerning Al III's alleged violation of the no-contest provisions of the Global Settlement Agreement and the Final Judgment. *See, e.g.*, Doc. 1883 & Doc. 1888; *see also Smith*, 564 U.S. at 307 (2011) ("After all, a court does not usually 'get to dictate to other courts the preclusion consequences of its own judgment.'") (quoting 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4405, p. 82 (2d ed.2002)). Implicit – if not explicit – in this deference is a recognition that the Probate Court's resolution of these issues does no violence to this Court's prior judgments and does not interfere with this Court's jurisdiction in a manner that requires this Court's intervention.

Since this Court has already determined that the federal retention of continuing jurisdiction to implement and enforce the Final Judgment does <u>not</u> preclude resolution by the Probate Court of the no-contest issues, it necessarily follows that the Final Judgment does <u>not</u> preclude review by the Dallas Court of Appeals of the Probate Court's Order. Logically, when the Anti-Injunction Act prevents a federal court from enjoining state-court proceedings at the trial level, it should also

prevent an injunction against appellate review in state court of the trial court's orders. After a comprehensive search, Al III has not found <u>any</u> case that allows the extraordinary remedy that Washburne and Summers seek here – an injunction in federal court preventing appellate review of a state-court order that the federal court had previously allowed, and indeed invited, the state court to make.

Any other conclusion would trap Al III in a jurisdictional ping pong match between two courts, with essentially no ability to obtain appellate review. It is axiomatic that no federal court (except the Supreme Court on petition for *certiorari*) has jurisdiction to consider an appeal from a state court order or judgment. *See, e.g., Atl. Coast Line R.R. v. Bhd. Of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970). This rule applies with full force even when the state-court order at issue is one that determines the preclusive impact of a prior federal-court judgment. *See, e.g., Parsons Steel, Inc. v. First Alabama Bank,* 474 U.S. 518, 520, 106 S. Ct. 768, 770, 88 L. Ed. 2d 877 (1986). Thus, since this Court cannot sit in appellate review of the Probate Court's Order, an injunction preventing Al III from pursing his state-court appeal of the Probate Court's Order would effectively render the Probate Court's Order unreviewable.

That result cannot be reconciled with the language of the Final Judgment or with Al III's due-process rights. In fact, through their request for a no-appeal injunction, Washburne and Summers are effectively trying to engraft into the Final Judgment a concept that nowhere appears in it. It is true that the Final Judgment has a no-contest provision. It is equally true that the Final Judgment provides for continuing jurisdiction in this Court for implementation and enforcement. The Final Judgment, however, does <u>not</u> say that Al III has waived his right to appeal any resolution by this Court (or by any state court to which this Court has deferred) of a dispute over whether the no-contest clause has been violated. There is nothing in the no-contest provision (Doc. 999 at ¶

5

29) or the continuing-jurisdiction provision (*id.* at ¶ 45) of the Final Judgment that even remotely resembles an appeal waiver.

And, it is clear that no waiver of Al III's right to appeal can be implied. Under Fifth Circuit precedent, a clear and unambiguous waiver will be enforced, but only if it is indeed clear and unambiguous. *See, e.g.*, *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1025 (5th Cir. 2015). Where (as here) the right at issue is a fundamental one implicating due process, the courts indulge every reasonable presumption <u>against</u> waiver. *See, United States v. Thomas*, 724 F.3d 632, 643 (5th Cir. 2013); *Collier v. Estelle*, 488 F.2d 929, 932 (5th Cir. 1974) (describing the right to appeal as "fundamental right"). Simply put, Al III did not waive his right to appeal from the resolution of any dispute over whether he violated the no-contest provision of the Final Judgment, and the attempt by Washburne and Summers to prevent him from exercising his appellate rights should be denied.[4]

## **WASHBURNE AND SUMMERS ARE NOT ENTITLED TO FEES AND COSTS**

Since Al III should be allowed to prosecute his appeal in state court, it follows that any claim by Washburne and Summers for attorney's fees and costs is, at best, premature. Al III's appeal in state court could very well lead to the reversal of the Probate Court's Order, which in turn would eliminate the predicate for any claim by Washburne and Summers to fees and costs.

And, as important, the right to attorneys' fees and costs invoked by Washburne and Summers is essentially a prevailing-party provision that allows them to recover fees and costs if, and only if, they are "successful" in their efforts to obtain relief for breach. GSA, § 5.r, pp. 26-27. Even if one were to assess this issue now (prior to resolution of Al III's appeal), Washburne and

---

[4] To the extent the Court determines that resolution of Document 1900 requires an analysis of whether and how the specific positions taken by Al III in Probate Court are impacted by the no-contest provision of the Final Judgment, Al III incorporates herein by reference the brief he filed on October 4, 2018, which demonstrates that Al III is <u>not</u> precluded by the Final Judgment from litigating the issues he has attempted to raise in Probate Court. (Doc. 1889.)

6

Summers have been, at most, only partially successful. They may have succeeded in convincing the Probate Court to preclude Al III from taking certain positions, but their efforts to shut down Al III's rights to challenge the purported exercise of alleged powers of appointment and the early termination of trusts (rights that Al III had to himself expend fees and costs to vindicate) have failed. *See* Doc. 18833.[5] In these circumstances, an award of attorneys' fees and costs is <u>not</u> warranted. *See, e.g., Studiengesellschaft Kohle mbH v. Eastman Kodak Co.,* 713 F.2d 128, 131 (5th Cir. 1983) ("The case must be viewed as a whole to determine who is the prevailing party."); *Bumper Man, Inc. v. Smit*, No. 3:15-CV-02434-BF, 2017 WL 78508, at *4-5 (N.D. Tex. Jan. 5, 2017) (declining to award contractually authorized attorney's where both parties prevailed and because "it would very difficult (if not impossible) to segregate the fees [between] claims that are recoverable versus those that are unrecoverable").

## **CONCLUSION**

For the foregoing reasons, the relief sought by Washburne and Summers should be denied. Al III should be allowed to pursue his appeal in state court. Since the state-court process has been allowed to commence and to proceed to the point of a trial-court order, there is no basis on which to allow Washburne and Summers to interrupt that process before its final resolution. And, while that process is ongoing, Washburne and Summers have no basis on which to recover fees and costs, especially since they are not truly the prevailing party.

Dated: November 5, 2018

---

[5] At this point, there simply has been no determination by the Probate Court to support the claim that Washburne and Summers are truly the prevailing parties. As this Court has already determined, determination of the complaints raised by Al III of the premature termination of the trusts and the purported exercise of "powers of appointment" is "*inextricably interwoven*" with the probate of Hill, Jr.'s alleged will. July 3, 2018, Memorandum Opinion and Order (Doc. 1883). This means that the central purpose of Al III's actions in Probate Court remains pending and before that court.

7

          Respectfully submitted,

          */s/ Thomas M. Farrell*
          Thomas M. Farrell
          State Bar No. 06839250
          McGuireWoods LLP
          600 Travis St., Suite 7500
          Houston, TX 77002
          (713) 571-9191
          (713) 571-9652 (Fax)
          tfarrell@mcguirewoods.com

          Emil Lippe, Jr.
          State Bar No. 12398300
          Law Offices of
          LIPPE & ASSOCIATES
          Merit Tower
          12222 Merit Drive, Suite 1200
          Dallas, TX 75251
          (214) 855-1850
          (214) 720-6074 (Fax)
          emil@texaslaw.com

          ATTORNEYS FOR ALBERT G. HILL, III

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the forgoing document was served via ECF filing on counsel of record on November 5, 2018.

          */s/ Thomas M. Farrell*
          Thomas M. Farrell

109310341_1