IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT G. HILL, III, individually as a | § | |
| Beneficiary of the Margaret Hunt Trust | § | |
| Estate, derivatively on behalf of the Margaret | § | |
| Hunt Trust Estate, individually as a beneficiary | § | |
| of the Haroldson Lafayette Hunt, Jr. Trust Estate, | § | |
| and derivatively on behalf of the Haroldson | § | |
| Lafayette Hunt, Jr. Trust Estate, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | C.A. No. 3:07-CV-02020 |
| | § | |
| WILLIAM SCHILLING, et al., | § | |
| | § | |
| Defendants. | § | |

**EMERGENCY MOTION TO STAY MEMORANDUM AND ORDER AND
INCORPORATED BRIEF IN SUPPORT**

Albert G. Hill, III ("Al III")[1] files this Emergency Motion to Stay the Memorandum and

Order (the "Order") dated December 7, 2018, and docketed as Document 1919. Al III respectfully

shows as follows:

## INTRODUCTION

After having first deferred to Texas courts to resolve whether the Settlement Agreement

and Final Judgment preclude Al III's actions in those state courts, the Order enjoins him and others

from, among other things, appealing the state court's recent orders. As a result, Al III is faced with

an impossible situation: risk contempt and protect his rights in state court **or** lose his rights in the

state court while he appeals the Order, with which Al III respectfully disagrees. For instance,

absent a stay pending appeal, Al III will lose his chance to appeal the state court orders. This result

is especially unjust because the state court appeal, Al III contends, will likely reverse the status

---

[1] The undersigned does not represent Erin Hill or the children of Al III and Erin. This Motion is not filed on their
behalf and is not intended to bind or speak for them in any way.

quo in the state Court that the injunction seeks to prematurely make permanent (*i.e.*, a holding that Al III is challenging "Hill Jr.'s Will"). At a minimum, Al III should be allowed to obtain appellate review of the Order without irrevocably prejudicing his rights in the state court proceedings. Accordingly, Al III requests that this Court stay or modify the Order pending appeal.

## BACKGROUND

On September 14, 2018, Washburne and Summers filed their second request to enjoin Al III from asserting various positions in the probate case in Dallas County that was commenced following the death of their father, Al Jr. (Doc. 1886.) On September 26, 2018, this Court deferred ruling because of a pending objection "seeking relief in Probate Court that is identical to that requested in this court." (Doc. 1888.) The Court's action in this regard was consistent with this Court's earlier ruling, on the first request by Washburne and Summers for injunctive relief, that it "does not intend to engage in duplicative litigation, resulting in potentially conflicting rulings, or risk interfering with the Probate Court's jurisdiction." (Doc. 1883 at 19 of 20.)

On October 11, 2018, the Probate Court ruled on the pending objection. (Doc. 1896.) The Probate Court found that certain – but not all – of Al III's positions were construed as "contesting the Will" of Al Jr. and that Al III should be precluded from taking those positions.[2] On the same day, the Probate Court admitted to probate a version of the alleged Last Will and Testament of Albert G. Hill, Jr. dated December 20, 2014.

---

[2] Specifically, the Probate Court's Order dealt with any assertion by Al III that: the will should not be admitted to probate; Al Jr. lacked testamentary capacity when he signed the will; the signature on the will is not the Decedent's signature; the will was revoked; and Margaret Keliher is conflicted. The Probate Court's Order does not preclude Al III from contesting the purported exercise in the will of alleged powers of appointment or the purported termination of certain trusts during Al Jr.'s lifetime. Litigation over those matters is ongoing in the Probate Court pursuant to this Court's Order of July 3, 2018 (Doc. 1883) and the Probate Court's recognition that they do not constitute a "will contest."

In response to this Court's Order of October 16, 2018 (Doc. 1897), Washburne and Summers argued that the Probate Court's October 11 Orders did not moot the relief they sought in this Court and that this Court should enter a permanent injunction against Al III, his wife (Erin Hill), and their children. (*See* Doc. 1900.)

On October 25, 2018, Thomas Farrell appeared as counsel in the case for the first time for Al III. (Doc. No. 1902.) Al III subsequently responded to the latest filings by Washburne and Summers. (*See* Docs. 1909-10.)

On December 7, 2018 this Court entered the Order. (Doc. 1919.) Among other things, the Order: enjoined "Al III, Erin Hill, Albert G. Hill, IV, Nance Haroldson Hill, and CMH, and their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participating with them, directly or indirectly" (the "Enumerated Persons") from contesting Hill Jr.'s Will in any manner; enjoined the Enumerated Persons from appealing the October 11 probate orders; and ordered the Enumerated Persons to dismiss or withdraw the Will Contest in Probate Court in PR-17-04117-2.

Separately, the Order singled out Al III's counsel Thomas Farrell, Emil Lippe, Jr., and their respective law firms, ordering that they dismiss or withdraw the Will Contest in Probate Court in PR-17-04117-2 and provide proof of such dismissal or withdrawal. The Order also enjoined them from "filing, pursuing, or prosecuting any action in law or in equity, in state or federal court, for or on behalf of the Enumerated Persons, or any person or entity related to or in privity with them, relating to any claim that violates the terms of the Settlement Agreement or Final Judgment."

## **ARGUMENT**

"While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure

the opposing party's rights." FED. R. CIV. P. 62(d). In deciding whether a stay of an injunction is appropriate pending appeal, the Court should consider the following criteria: "(1) [w]hether the movant has made a showing of likelihood of success on the merits; (2) [w]hether the movant has made a showing of irreparable injury if the stay is not granted; (3) [w]hether the granting of the stay would substantially harm the other parties; and (4) [w]hether the granting of the stay would serve the public interest." *In re First S. Sav. Ass'n*, 820 F.2d 700, 704 (5th Cir.1987) (citing *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir.1982)). Because the factors are not applied "in a rigid mechanical fashion, . . . the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in the favor of granting the stay." *Reading & Bates Petroleum Co. v. Musslewhite*, 14 F.3d 271, 272 (5th Cir. 1994) (quotation omitted). In this case, each of these criteria are satisfied.

> **(a) Al III will be irreparably injured because his right to appeal the October probate court orders will expire.**

Al III addresses the irreparable injury inquiry first. A person suffers irreparable injury if he is improperly enjoined from asserting his legal rights. *Id*. In *Reading & Bates Petroleum Co. v. Musslewhite*, the Fifth Circuit stayed an order enjoining an attorney from prosecuting state court claims, which placed him "between a rock and a hard place." *Id.* The Fifth Circuit explained the necessity for the stay: The attorney could comply with the contempt order and dismiss the state proceeding, rendering moot his arguments that justified the state proceeding, or spend time in custody and face irreparable harm if it was ultimately determined the contempt order was improper. *Id.*; *see also United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 40 (5th Cir. 1983)

(finding a "rock and a hard place" justifying a stay where hospital risked losing Medicare and Medicaid funds if it refused to comply with an order that it was appealing).

*Musslewhite* is similar to the present case. Al III—and his counsel—are also "between a rock and a hard place," because Al III faces irreparable harm if the Order is not stayed pending its appeal. On the one hand, the Order requires him to dismiss certain state court claims and prevents him from appealing the state court orders. Even without the requirement to dismiss or withdraw his claims, during an appeal to reverse the Order, Al III would lose his right to appeal the state court orders. *See e.g.,* TEX. R. APP. P. 38.8 (appellate court may dismiss an appeal for want of prosecution if an appellant fails to timely file a brief). On the other hand, if Al III continues his appeal or other actions in state court, he may be in contempt of this Court's Order. But if his challenges have merit, and Al III is not contesting Hill, Jr.'s Will or violating the Final Judgment or Settlement Agreement, then he would have violated a federal order likely rendered moot. Because Al III would lose his rights in state court by complying with the Order pending its appeal, Al III would be irreparably injured if a stay is not granted pending an appeal of the Order.

**(b) Al III is likely to succeed on the merits because his actions in state court are not precluded or waived, and the Order contains reversible errors.**

Al III is likely to succeed on the appeal of this Court's Order because: (i) Al III's actions in the probate court do not violate the Settlement Agreement and Final Judgment; (ii) the Order and injunction lack specificity and affect Al III's right to due process; and (iii) the Order grants relief which was not requested by any party and of which Al III had inadequate notice.

***(i)  Al III's actions in the probate court do not violate the Settlement Agreement and Final Judgment.***

First, Al III believes that he will prevail with respect to his arguments in pleadings related to and preceding the Order, including that there is no basis for a drastic no-appeal injunction, and that a holding that Al III is "contesting" Al Jr.'s Will improperly presupposes that the will being

5

probated is, in fact, Al Jr.'s valid last will and testament.[3] Because this Court has already considered those arguments, Al III will not repeat them here. Al III notes, however, that for purposes of the "likelihood of success on the merits" requirement, the Fifth Circuit has explained "that on motions for stay pending appeal the movant need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981) (citations omitted). At a minimum, Al III has presented a "substantial case on the merits" with respect to the Order and a stay is therefore appropriate. *See id.*

### (ii) *The Order lacks necessary specificity.*

Second, every order granting an injunction must "state its terms specifically; and . . . describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." FED. R. CIV. P. 65(d)(1)(B-C). This requirement is strictly construed in the Fifth Circuit. *Fed. Trade Comm'n v. Southwest Sunsites, Inc.*, 665 F.2d 711, 723 (5th Cir. 1982) (noting that requirement "may seem overly technical, but it would allow the parties to interpret the injunction from the 'four corners of the order' as required by Rule 65(d)") (quotation omitted).

In this case, the Order enjoins Al III's counsel from "filing, pursuing, or prosecuting any action in law or in equity, in state or federal court, for or on behalf of the Enumerated Persons, or any person or entity related to or in privity with them, relating to any claim that violates the terms of the Settlement Agreement or Final Judgment." (Doc. 1919.) It similarly enjoins the Enumerated Persons from "violating the Final Judgment (Doc. 999) or breaching the Settlement Agreement

---

[3]     Al III incorporates by reference the arguments made in Doc. Nos. 1893-1895 and 1909-1910.

(Doc. 879) by: contesting Hill Jr.'s Will in any manner, including, without limitation [certain listed actions]." (Doc. 1919.)

The Order lacks the specificity required by FED. R. CIV. P. 65 because, in addition to certain specified actions, it enjoins conduct vaguely "relating to any claim that violates the terms of the Settlement Agreement or Final Judgment" or that is "contesting Hill Jr.'s Will." Furthermore, determining whether an action is enjoined requires the interpretation of the 44-page Final Order and a 27-page (excluding exhibits) Settlement Agreement. The Order's reliance on the Settlement Agreement and Final Judgment violates the Federal Rules' prohibition on referencing outside documents in an order granting injunctive relief. *See* FED. R. CIV. P. 65(d)(1)(C).

Furthermore, when, as here, the referenced terms are "hotly contested" and their meaning is subject to dispute, it is even more important not to predicate potential contempt proceedings on reference to outside documents. In another case, this Court reasoned:

> The Agreed Restraining Orders that form the basis for Plaintiffs' Motion violate Rule 65(d)(1)'s express prohibition against reference to other documents by referring to a number of documents, including prior restraining orders, the Designated Client List, and the noncompete and confidentiality employment agreements***, the scope and meaning of which are hotly contested in this case***. The reason for this prohibition is quite simple: Due process, at a minimum, mandates that a person be put on sufficient notice of the conduct or acts that are prohibited, restrained, or required, and the most effective and practical way to accomplish this objective is to require the operative language to be set forth in the document granting injunctive relief.

*Orchestrate Hr, Inc. v. Trombetta*, No. 3:13-CV-2110-L, 2016 WL 3179967, at *9, 2016 U.S. Dist. LEXIS 74489, at *29 (N.D. Tex. June 8, 2016) (J. Lindsay) (emphasis added). The Order's vague terms and reference to the Settlement Agreement and Final Judgment alone justify a stay of the Order pending its appeal.

     *(iii)*    *The Order grants relief which was not requested and of which Al III had inadequate notice, constitutes an advisory opinion, and is not necessary.*

Litigants must be given notice of the potential scope of an injunction. *See, e.g., Qureshi v. U.S.*, 600 F.3d 523, 526 (5th Cir. 2010) (citing *W. Water Mgmt., Inc. v. Brown*, 40 F.3d 105, 109 (5th Cir.1994) (the expansion of an injunction without "appropriate notice and an opportunity for hearing" was an abuse of discretion)). Such notice and a proper hearing "are mandatory and constitutionally derived," and should be rigorously enforced where an individual will be permanently enjoined. *Id.*

In this case, the Order grants relief that Al III did not have adequate notice of, meaning that he could not defend against it. In particular, the Order enjoins the "filing, pursuing, or prosecuting any action in law or in equity, in state or federal court, for or on behalf of the Enumerated Persons, or any person or entity related to or in privity with them, relating to any claim that violates the terms of the Settlement Agreement or Final Judgment." (ECF. 1919.) Al III had no notice that this broad injunction would be at stake, because it was never requested. And the Order singles out Al III's counsel, Thomas Farrell, even though he appeared in this case after the filing of the motion that precipitated the Order. (*Compare* ECF 1886 *with* ECF 1902.)

Relatedly, because the broad actions enjoined did not relate to issues briefed by the parties, or which were the subject of a live controversy, the injunction amounts to an advisory opinion. *See In re Stewart*, 647 F.3d 553, 557, n.25, 558 n.30 (5th Cir. 2011) (vacating injunction limiting filings in other cases because, among other things, party "did not request the injunction at issue" and "has not taken a position on . . . it in these proceedings") (citing *Baker v. Carr*, 369 U.S. 186, 204 (1962)).

Finally, to the extent that the Order enjoins taking judicial action "relating to any claim that violates the terms of the Settlement Agreement or Final Judgment" is meant to prevent violations

of the those documents, the Order is unnecessary because an existing order—the Final Judgment—already speaks to what is prohibited and contains its own enforcement mechanisms. Accordingly, Al III is likely to succeed on his appeal of this Court's Order.

**(c) A stay would not substantially harm the other parties because it would cause a relatively brief delay.**

A stay of the Order pending appeal would not substantially harm Washburne, Summers, or any related party. Courts consider the underlying relief and length of the dispute to determine whether a party would be substantially harmed by a stay. *See e.g., Musslewhite*, 14 F.3d at 272 ("[O]ur stay could not possibly have caused 'substantial harm' . . . , in light of the fact that the controversy . . . has been going on for more than ten years."); *United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 40 (5th Cir. 1983) ("Although HHS certainly has a right to proceed with its investigatory duties in a forthright manner, when its very authority is at issue, a delay of the investigation pending appeal will not substantially harm the investigatory process.").

First, any alleged financial harm caused by a stay, such as attorneys' fees arising from the state court action while the appeal of the Order is pending, would be readily calculable and could even be secured by a bond. Second, the risk that the Probate Court's October 11, 2018 orders are reversed (that is to stay, that errors of law or fact are corrected) is not a "harm" but rather proper judicial process. Third, as the Order recognized, the Court has been aware of the Hill family dispute since 2007. The relatively brief delay of a stay cannot cause substantial harm since the dispute "has been going on for more than ten years." *Musslewhite*, 14 F.3d at 272. Similarly, in comparison to the substantial assets at stake, a delay in effectuating the Order's injunctions will not cause substantial harm. *See Baylor Univ. Med. Ctr.*, 711 F.2d at 40.

9

**(d) A stay would serve the public interest.**

A stay's impact on the public interest is more closely analyzed "when the court's judgment involves public rights, or the private rights of many individuals" such as issues of federalism. *In re Texas Equip. Co., Inc.*, 283 B.R. 222, 228 (Bankr. N.D. Tex. 2002) ("It is difficult to envision any public interests involved in the present case as this case merely involves the private rights of two claimants to property."). However, the public interest may be involved when legal issues that impact "federal and/or state relations." *Nevada v. U.S. Dept. Labor*, No. 4:16-CV-00731, 2018 WL 2020674, at *4, 2018 U.S. Dist. LEXIS 73970, at *14-15 (E.D. Tex. May 1, 2018). To the extent the public interest is affected, a stay would serve the public interest because it preserves Al III's legal rights in federal and state courts. And, as noted previously, this Court previously indicated a deference to the state probate proceeding, allowing the state court to rule. It would be unjust to not allow Texas state appellate courts to review those very orders. Otherwise, Texas state courts may well be "stuck" with orders that, had they been appealed, would have been reversed. Lastly, courts have granted stays under similar circumstances, indicating that the mere fact that a litigation is long running does not justify denying a stay during an appeal. *See Musslewhite*, 14 F.3d at 272. Accordingly, a stay of the Court Order pending appeal would serve the public interest.

## <u>CONCLUSION</u>

For the foregoing reasons, the December 7, 2018 Order (ECF 1919) should be stayed while on appeal. Al III requests that the Court set an appropriate bond for the relief requested herein, and Al III also prays for all other relief to which he may be entitled at law or in equity.

Dated: December 10, 2018

110710844_2

Respectfully submitted,

*/s/ Thomas M. Farrell*
Thomas M. Farrell
State Bar No. 06839250
McGuireWoods LLP
600 Travis St., Suite 7500
Houston, TX 77002
(713) 571-9191
(713) 571-9652 (Fax)
tfarrell@mcguirewoods.com

Emil Lippe, Jr.
State Bar No. 12398300
Law Offices of
LIPPE & ASSOCIATES
Merit Tower
12222 Merit Drive, Suite 1200
Dallas, TX 75251
(214) 855-1850
(214) 720-6074 (Fax)
emil@texaslaw.com

ATTORNEYS FOR ALBERT G. HILL, III

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred telephonically with Tom M. Dees, counsel for Heather Hill Washburne and Elisa Hill Summers, and G. Michael Gruber, counsel for Margaret Keliher, as independent executor of the estate of Albert G. Hill, Jr., on December 10, 2018. Mr. Dees and Mr. Gruber indicated that their clients are opposed to the relief sought in this Motion.

*/s/ A. Wolfgang McGavran*
A. Wolfgang McGavran
State Bar No. 24074682
2001 K Street N.W., Suite 400
Washington, DC 20006-1040
(202) 857-2471
(202) 828-2971
wmcgavran@mcguirewoods.com

110710844_2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing document was served via ECF filing on counsel of record on December 10, 2018.

*/s/ Thomas M. Farrell*
Thomas M. Farrell

110710844_2