UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALBERT G. HILL, III, individually as a Beneficiary of the Margaret Hunt Trust Estate, derivatively on behalf of the Margaret Hunt Trust Estate, individually as a beneficiary of the Haroldson Lafayette Hunt, Jr. Trust Estate, and derivatively on behalf of the Haroldson Lafayette Hunt, Jr. Trust Estate, <br><br> *Plaintiff,* <br><br> v. <br><br> WILLIAM SCHILLING, et al., <br><br> *Defendants.* | § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 3:07-CV-02020 |

**THE HILL JR. DEFENDANTS' REPLY TO ECF 1960**

The **Hill Jr. Defendants**[1] file this Reply to ECF 1960 and request that the Court grant their motion for leave to file their Motion to Enjoin Vexatious Litigant Albert G. Hill, III from Vexatious Litigation so the Court can decide whether to exercise its power under the All Writs Act to enjoin Albert G. Hill, III ("*Hill III*"), who is a proven vexatious litigant who is abusing the court system to harass them.  The Hill Jr. Defendants seek to enjoin Hill III from pursuing the Houston Lawsuit—a blatant act of forum shopping—and from filing any state or federal court lawsuit against any of the Hill Jr. Defendants, the parties to the 2020 Action, and the parties to the 494 Action arising out of or relating to the 2020 Action, the 494 Action, or the Houston Lawsuit without first obtaining leave of this Court.

---

[1] Defendants Margaret Keliher, Heather Hill Washburne, Elisa Hill Summers, Ty Miller, David Pickett, Chester Donnally, Thomas Tatham, Ray Washburne, and Joy Waller.  Capitalized terms used herein are defined in the Hill Jr. Defendants' Motion for Leave and supporting Motion and Brief

Page 1

On July 12, 2019, the Hill Jr. Defendants removed the Houston Lawsuit to the Southern District of Texas, where it was assigned Civil Action No. 4:19-CV-2528.

### A.  Hill III is a Vexatious Litigant.

This Court has previously determined that Hill III is a vexatious litigant:

> ***Recognizing the significant impact of Hill III's vexatious filings on the court's already strained judicial resources***, the court has previously put Hill III and his counsel on notice of the possible imposition of sanctions for continued use of dilatory litigation tactics and ***submission of frivolous and vexatious filings***.[2]
>
> The court also concludes that an injunction is required ***to deter and prevent future litigation of previously decided issues by a vexatious litigant***.[3]

This Court has also found Hill III's unrelenting post-Final Judgment actions frivolous:

> Further, having considered the Hills's Motion for Recusal under the well-established parameters of 28 U.S.C. § 455(a) and (b)(1), *see supra*, ***the court finds that the motion is patently frivolous and totally without merit***. The Hills's renewed attempt to oust Magistrate Judge Toliver, based on her July 23, 2015 in-court statements, is not only without any basis in law or fact, but has also caused the court and the opposing parties to expend resources and time addressing a motion that does not even marginally assert a colorable claim for recusal. This case has consumed an inordinate amount of the court's scarce judicial resources. ***Notwithstanding the undersigned's prior directives, as well as the Fifth Circuit's admonitions, the Hills and their counsel continue to use motion practice to frustrate and thwart the court's implementation of the Settlement Agreement and Final Judgment and continue to unreasonably and vexatiously multiply these proceedings by filing frivolous motions***, as exemplified by the current recusal motion. For these reasons, the court will issue a separate show cause order today

---

[2] ECF 1920 at 16 (emphasis added); *see id.* at 12 ("During the eight-year period of post-judgment litigation, the court has repeatedly admonished Hill III, his wife Erin Hill, and their legal team that it will not hesitate to impose sanctions ***if these vexatious filings and dilatory tactics continue***.") (emphasis added).

[3] ECF 1919 at 12 (emphasis added); *see id.* at 18 ("Hill III's decision to contest Hill Jr.'s Will in Probate Court and his current appeal of [Probate Court] Judge Warren's Will Contest Order and Order Admitting Will to Probate are further explicit examples of his failure to abide by the terms of the Settlement Agreement and Final Judgment. ***Based on Hill III's documented history of vexatious litigation*** and the court's continuing jurisdiction over the Settlement Agreement and Final Judgment, the court concludes that an injunction is required to preserve and protect its jurisdiction over the Settlement Agreement and Final Judgment.") (emphasis added).

directing counsel for the Hills, namely, Mr. John Da Grosa Smith and Ms. Kristina M. Jones of Smith LLC, and local counsel Mr. Michael Mowla, to show cause why monetary sanctions, attorney's fees and costs, and any other sanctions the court deems appropriate, should not be imposed against them for unreasonably and vexatiously multiplying proceedings under 28 U.S.C. § 1927, and for violating Federal Rule of Civil Procedure 11(b)(1)-(b)(3) *by filing the patently frivolous Motion for Recusal*.[4]

This Court has already shut down one of Hill III's frivolous and vexatious cases in state court by entering ECF 1919 permanently enjoining Hill III and his counsel from pursing, and requiring them to dismiss, Hill III's unfounded will contest in Probate Court No. 2 of Dallas County in PR-17-04117-2, and his subsequent appeal of the Probate Court's order in state court:

> The court, therefore, **grants** Washburne and Summers' Application for Permanent Injunction, joined by Keliher, and **orders and decrees** that Hill III, Erin Hill, Albert G. Hill, IV, Nance Haroldson Hill, and CMH, and their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with them, directly or indirectly (the "Enumerated Persons"), are **hereby permanently enjoined and prohibited as of the date of this Permanent Injunction from violating the Final Judgment (Doc. 999) or breaching the Settlement Agreement (Doc. 879) by:**
>
> (1) contesting Hill Jr.'s Will in any manner, including, without limitation, contesting whether Hill Jr. lacked testamentary capacity to execute the Will, whether Hill Jr. signed the Will, whether Hill Jr. revoked, modified, and/or suspended the Will, and continuing to challenge Keliher's appointment as Independent Executor with his Will Contest in the Probate Court or in any other court;

---

[4] ECF 1658 at 12-13 (emphasis added); *see* ECF 1659 at 6 ("***Previously, the Court determined that Hill III was unreasonably and vexatiously multiplying the proceedings by filing frivolous motions***, ECF 1658 at 12-13, and issued a Show Cause Order describing the Court's prior warnings to Hill III, ECF 1659 at 4-6 (quoting ECF 1476, ECF 1477, and the Fifth Circuit), for Hill III's counsel to show cause why monetary sanctions, attorneys' fees and costs, and any other sanctions the court deems appropriate, ***should not be imposed against them for unreasonably and vexatiously multiplying proceedings under 28 U.S.C. § 1927***, and for violating FRCP 11(b)(1)-(b)(3) by filing the patently frivolous Motion for Recusal."); *Hill v. Schilling*, 593 F. App'x 330, 335 (5th Cir. 2014) (quoting *Hill v. Schilling*, No. 3:07-CV-2020-L, 2014 U.S. Dist. LEXIS 53155, 2014 WL 1516193, *6 (N.D. Tex. April 17, 2014)) ("However, we will take this opportunity to remind Hill III of the warning that the district court recently issued to the parties in this case — the district court 'will impose sanctions' for any motion that is '*baseless, frivolous, or without merit . . .*' Hill III is well-advised 'not to test the court's patience in this regard.'") (emphasis added).

 (2) appealing the October 11, 2018 Will Contest Order issued by Judge Ingrid M. Warren in Probate Court No. Two of Dallas County, Texas in *Estate of Albert Galatyn Hill, Jr., Deceased*, PR-17-04117-2; and

 (3) appealing the October 11, 2018 Order Admitting Will to Probate and Authorizing Letters Testamentary issued by Judge Ingrid M. Warren in Probate Court No. Two of Dallas County, Texas in *Estate of Albert Galatyn Hill, Jr., Deceased*, PR-17-04117-2.

Further, the Enumerated Persons are hereby **ordered** to take steps **forthwith** to **dismiss** or **withdraw** the Will Contest filed in the Probate Court in PR-17-04117-2 and any appeal taken therefrom, and are further **ordered** to provide to the court by **December 17, 2018**, written, satisfactory proof that said dismissals or withdrawals have been accomplished.

Further, counsel for the Enumerated Persons, Thomas M. Farrell, Esq. of the law firm McGuire Woods and Emil Lippe, Jr., Esq. of the law firm Lippe & Associates, or any other counsel acting on behalf of the Enumerated Persons, are hereby **ordered** to take steps **forthwith** to **dismiss** or **withdraw** the Will Contest filed in the Probate Court in PR-17-04117-2 and any appeal taken therefrom filed for or on behalf of the Enumerated Persons. Thomas M. Farrell, Esq. of the law firm McGuire Woods and Emil Lippe, Jr., Esq. of the law firm Lippe & Associates are further **ordered** to provide the court by **December 17, 2018**, written, satisfactory proof that said dismissals or withdrawals have been accomplished.

Thomas M. Farrell, Esq. of the law firm McGuire Woods and Emil Lippe, Jr., Esq. of the law firm Lippe & Associates, and any attorneys, agents, employees, or representatives associated with or in privity with them, or any other counsel acting on behalf of the Enumerated Persons, are further **enjoined** from filing, pursuing, or prosecuting any action in law or in equity, in state or federal court, for or on behalf of the Enumerated Persons, or any person or entity related to or in privity with them, relating to any claim that violates the terms of the Settlement Agreement or Final Judgment.

**The court expects total compliance with its decision and permanent injunction. If any enjoined person or entity fails to follow or violates the court's instructions or directives as herein set forth, such person or entity will be subject to further appropriate sanctions, including contempt of court.**[5]

As Hill III's endless litigation efforts in this case, the 494 Action, Probate Court No. 2, and now the Houston Lawsuit evidence, Hill III will not stop litigating. The GSA and Final Judgment

---

[5] ECF 1919 at 30-31 (emphasis in original).

were supposed to bring peace, but they have not.  As this Court recently opined in this very case, "it is widely accepted that federal courts possess power under the All Writs Act to issue narrowly tailored orders enjoining repeatedly vexatious litigants from filing future state court actions without permission from the court."[6]  This Court can and should stop Hill III's never-ending frivolous and vexatious litigation, which is taxing on this Court's judicial resources and the Hill Jr. Defendants.

 B.     **The Court Should Grant the Hill Jr. Defendants' Motion for Leave.**

In opposition to the Hill Jr. Defendants' motion for leave, Hill III contends he could not have filed the Houston Lawsuit "any earlier than October 2018" (ECF 1960 at 2), but he already filed essentially the same lawsuit as his Houston Lawsuit in 2017 when he filed in the 494 Action.

Also in his opposition, Hill III misleadingly contends that his Houston Lawsuit "addresses conduct occurring after the Final Judgment in this case" (ECF 1960 at 2).  In his original petition in the Houston Lawsuit, however, as the supposed basis for his "new" claims, Hill III asserts numerous wrongful actions that predate the Court's November 8, 2010 Final Judgment (ECF 999) in which he released most if not all of the Hill Jr. Defendants from the same recycled allegations he is now attempting to assert as "new" claims against them again in the Houston Lawsuit:

- "**on February 22, 2010**, [Michael] Lynn submitted a written complaint on behalf of Al Hill Jr. [Hill III's father] to Donna Strittmatter, head of the Specialized Crime Division of the Dallas County District Attorney's Office.  In that complaint, Al Hill Jr., and Mr. Lynn on his behalf, falsely alleged that [Hill III] and [his] wife had committed mortgage fraud in connection with a home equity loan that they had obtained from OmniAmerican Bank."[7]

- "**In April 2010**, David Pickett, counsel for Al Hill, Jr.'s trust, submitted a second complaint against [Hill III] that was substantially similar to the complaint submitted by

---

[6] 2020 Action, ECF 1919 at 16 (quoting *Newby v. Enron*, 302 F.3d. 295, 301 (5th Cir. 2002)).  As set forth in the Hill Jr. Defendants' Brief, numerous federal courts have repeatedly approved the use of filings restrictions against vexatious litigants.  *See, i.e.*, FN 49.

[7] ECF 1959-3 at APP 010 (PageID 50031), Plaintiff's Original Petition, at 7 ¶ 29 (emphasis added).

Mr. Lynn and contained substantially the same false allegations."[8]

- "**On September 8, 2010**, Mr. Pickett contacted Ms. Martin and urged her to pursue indictments against Mr. Hill and his wife. Mr. Pickett had been calling Ms. Martin 'all the time' about the case. Mr. Pickett requested in writing to meet with Ms. Martin's supervisor, if she would not pursue indictments against Mr. Hill and his wife. Ms. Martin told Mr. Pickett that she 'didn't see how she could prove his criminal case' and that, among other reasons, OmniAmerica Bank – the alleged 'victim – had suffered no loss and did not want to prosecute. However, after that September 8 discussion with Mr. Pickett, Ms. Martin was directed by Ms. Moore to move forward with the investigation."[9]

Hill III released Michael Lynn and David Pickett for these acts in the November 2010 Final Judgment. Michael Lynn was an attorney for Albert G. Hill, Jr. ("**Hill Jr.**") in the 2020 Action. David Pickett is the trustee of the Albert Hill Trust (the beneficiary of which was Hill Jr.), and he was an attorney for Hill Jr. In the Final Judgment, Hill III released Hill Jr.'s attorneys, and the trustees of trusts for Hill Jr.'s benefit as well as Margaret Keliher, Heather Washburne, Elisa Summers, Ray Washburne, Alinda Wikert, Lyda Hill, Ty Miller, Joy Waller, and others.[10] Hence, Hill III's claims against Michael Lynn and David Pickett in the Houston Lawsuit are frivolous and vexatious, as are his claims against the Hill Jr. Defendants in the Houston Lawsuit. As set forth in the Hill Jr. Defendants' motion for leave, Hill III is recycling the same facts and asserting them over and over again,[11] which is a violation of the GSA, and the Final Judgment, and more frivolous and vexatious litigation by a serial litigant.

None of the objections raised by Hill III in his opposition (ECF 1960) go to the fundamental issue of whether this Court should grant the Hill Jr. Defendants' motion for leave to file their Motion to Enforce. If leave is granted, Hill III will be able to brief these issues and try to justify

---

[8] ECF 1959-3 at APP 010 (PageID 50031), Plaintiff's Original Petition, at 7 ¶ 30 (emphasis added).
[9] ECF 1959-3 at APP 012 (PageID 50033), Plaintiff's Original Petition, at 9 ¶ 37 (emphasis added).
[10] ECF 999 at 38-39 ¶ 35.
[11] ECF 1959-2 at 10-12 (PageID 49999-50001).

his conduct. This Court will then be able to decide whether the Houston Lawsuit is just another chapter of Hill III's vexatious litigation relating to the GSA and the Final Judgment.

**C.     Conclusion and Prayer**

Therefore, for the reasons set forth above and in their motion for leave (ECF 1956), the Hill Jr. Defendants respectfully request and pray that the Court grant their motion for leave to file their Motion to Enjoin Vexatious Litigant Albert G. Hill, III from Vexatious Litigation, and for any and all such other and further relief, at law or in equity, to which the Court finds them justly entitled.

Dated: July 15, 2019                                          Respectfully submitted,

*/s/ G. Michael Gruber*                                       */s/ Tom M. Dees, III*
**G. MICHAEL GRUBER**                                         **TOM M. DEES, III**
State Bar No. 08555400                                        State Bar No. 24034412
gruber.mike@dorsey.com                                        tdees@hallettperrin.com
**BRIAN E. MASON**                                            **HALLETT & PERRIN, PC**
State Bar No. 24079906                                        1445 Ross Avenue, Suite 2400
mason.brian@dorsey.com                                        Dallas, Texas 75202
**DORSEY & WHITNEY LLP**                                      Telephone: 214.953.0053
300 Crescent Court, Suite 400                                 Facsimile: 214.953.4142
Dallas, Texas 75201
214.981.9900 (main)                                           ***Attorney for Heather Hill Washburne,***
214.981.9901 (fax)                                            ***Elisa Hill Summers, and Ray Washburne***

***Attorneys for Margaret Keliher and***
***Ty Miller***


*/s/ Michael J. Lang*
**MICHAEL J. LANG**
State Bar No. 24036944
mlang@cwl.law
**TREY H. CRAWFORD**
State Bar No. 24059623
tcrawford@cwl.law
**ALEXANDRA J. OHLINGER**

State Bar No. 24091423
aohlinger@cwl.law
**CRAWFORD, WISHNEW & LANG PLLC**
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
Facsimile: (214) 817-4509

*Attorneys for Defendants Chester J. "Don" Donnally, Jr., Thomas P. Tatham, Joyce Waller, and David Pickett*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record through ECF in accordance with the Federal Rules of Civil Procedure on this the 15th day of July, 2019.

*/s/ G. Michael Gruber*
**G. MICHAEL GRUBER**