IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT G. HILL, III, individually and as a Beneficiary of the Margaret Hunt Trust Estate, derivatively on behalf of the Margaret Hunt Trust Estate, individually as a beneficiary of the Haroldson Lafayette Hunt, Jr. Estate, and derivatively on behalf of the Haroldson Lafayette Hunt, Jr. Estate, | § § § § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:07-CV-2020-L** |
| | § § § | |
| **WILLIAM SCHILLING et al.,** | § § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is the Supplemental Brief in Support of Award of Attorneys' Fees and Costs Pursuant to ECF 1919 and Opinion of the United States Court of Appeals for the Fifth Circuit Dated February 4, 2020 ("Supplemental Brief") (Doc. 1993), filed on May 20, 2020, by Heather Hill Washburne ("Ms. Washburne"), Elisa Hill Summers ("Ms. Summers"), and Margaret Keliher ("Ms. Keliher"). In their Supplemental Brief, Ms. Washburne and Ms. Summers request an award of attorney's fees in the amount of $16,797 and costs in the amount $750.59, and Ms. Keliher requests an award of attorney's fees in the amount of $123,574.50 and costs in the amount $1620.02. For the reasons stated below, the court awards Ms. Washburne and Ms. Summers the fees and costs requested. With respect to Ms. Keliher, the court awards her fees and costs, but reduces her fee award by 13% of the amount sought for failing to demonstrate that counsel exercised billing judgment.

**Memorandum Opinion and Order – Page 1**

I. **Factual Background and Procedural History**

On December 7, 2018, the court issued a Memorandum Opinion and Order in which it concluded, among other things, that Albert G. Hill, III ("Mr. Hill III") breached the Global Settlement and Mutual Release Agreement (Doc. 879) (the "GSA") by contesting the Last Will and Testament of Albert G. Hill, Jr. ("Mr. Hill Jr.")—Mr. Hill III's deceased father—in Probate Court No. 2 in Dallas County, Texas. Mem. Op. & Order, Doc. 1919. In its decision, the court permanently enjoined Mr. Hill III from contesting Mr. Hill Jr.'s will and awarded Ms. Washburne and Ms. Summers—who are Mr. Hill III's sisters—and Ms. Keliher—the Independent Executor of Mr. Hill Jr.'s estate—the recovery from Hill III of all of their reasonable attorney's fees and costs of litigation incurred as a result of Hill III's will contest and subsequent appeal. *Id.* at 32.

Hill III appealed. *See* Doc. 1925. On March 13, 2020, the United States Court of Appeals for the Fifth Circuit issued an opinion, among other things, affirming those portions of the court's permanent injunction prohibiting Mr. Hill III from challenging his father's will in any court, dismissing as moot Mr. Hill III's appeal as to the terms of the court's permanent injunction related to certain probate proceedings, and remanding this matter for the limited purpose of addressing whether Ms. Washburne, Ms. Summers, and Ms. Keliher (sometimes collectively, the "Sisters"),[1] were entitled to attorney's fees and costs associated with Mr. Hill III's appeal of this action. *Hill v. Washburne*, 953 F.3d 296, 310 (5th Cir. 2020).[2] On March 24, 2020, the Fifth Circuit issued its judgment as the mandate. *See* Doc. 1992.

---

[1] As the court stated during a September 24, 2020 telephonic conference, it is aware the Ms. Washburne and Ms. Summers are sisters, but Ms. Keliher is not a sister. The Fifth Circuit, however, collectively referred to them as "the Sisters" and, thus, to avoid confusion, the court will adhere to that nomenclature.

[2] The March 13, 2020 opinion revised and superseded a prior opinion issued on February 4, 2020. *See Hill v. Washburne*, 949 F.3d 216 (5th Cir.), *revised and superseded by Hill v. Washburne*, 953 F.3d 296 (5th Cir. 2020).

On May 20, 2020, the Sisters filed their Supplemental Brief (Doc. 1993) in which they seek attorney's fees and costs they incurred for legal services related to Mr. Hill III's unsuccessful appeal in the Fifth Circuit for the time period of July 2019 through March 2020.[3] It total, they request approval of an award of $140,371.50 in attorney's fees and $2,370.61 in costs. Mr. Hill III did not file a response. The court held a telephonic conference on September 24, 2020, to discuss the status of the pending matter and concluded that Mr. Hill III had "waived any arguments in opposition to the Sisters' request for additional costs and fees, as requested in their Supplemental Brief (Doc. 1993)." Order, Doc. 2001 at 2-3.[4]

## II. Legal Standard

In adjudicating an attorney's fees award, the court first calculates a "lodestar" fee by multiplying the hours expended by reasonable hourly rates. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The party seeking the fees bears the burden of establishing the number of hours expended by presenting adequate time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The court should use this time as a benchmark and then exclude any time that is excessive,

---

[3] Previously, the Sisters filed briefing relating to their request for an award of attorney's fees and costs for the time period of December 22, 2017, through December 21, 2018 (*see* Doc. 1927), as supplemented with further briefing related to the time period of December 22, 2018, through January 4, 2019 (*see* Doc. 1935). Pursuant to the court's Amended Order of Reference (Doc. 1940), these matters have been referred to United States Magistrate Judge Renée Toliver for hearing, if necessary, and for the United States Magistrate Judge to submit to the court proposed findings and recommendations for disposition of these matters.

[4] In concluding that Mr. Hill III had waived any arguments in response to the Sisters' Supplemental Brief, the court noted that, at the time it held the telephonic conference on September 24, 2020, over four months had passed since the Sisters filed their Supplemental Brief, and no response or request for leave had been filed by Mr. Hill III. Order, Doc. 2001 at 2. The court stated: "[I]f Plaintiff had valid objections to the supplemental fee requests in the Sisters' Supplemental Brief, he should have raised these *before* the court called to inquire about the status four months later." *Id.* (original emphasis).

**Memorandum Opinion and Order – Page 3**

duplicative, unnecessary, or inadequately documented. *Id.* The hours remaining are those reasonably expended. The applicant bears the burden of establishing a reasonable number of hours expended and proving that billing judgment was exercised. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) (citation omitted). "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Id.* (citations omitted); *see also League of United Latin Am. Citizens v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997) ("The district court must eliminate excessive or duplicative time.") (citing *Watkins*, 7 F.3d at 457).

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *See Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). The relevant legal community is the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The burden is on the movant to "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates" are reasonable. *Blum*, 465 U.S. at 896 n.11. There is a strong presumption of the reasonableness of the lodestar. *See Saizan*, 448 F.3d at 800.

After calculating the lodestar, the court may either (1) accept it or (2) decrease or enhance it based on the circumstances of the case, taking into account the *Johnson* factors. *See Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996). The *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable;

(11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 718 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

Although the court can adjust the lodestar upward or downward after assessing the *Johnson* factors, the party seeking the adjustment bears the burden of establishing that an adjustment is warranted. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir. 1995) (per curiam) (citation omitted). Many of the *Johnson* factors are "presumably fully reflected in the lodestar amount," and such modifications are proper only in certain "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings[.]" *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (citing *Blum*, 465 U.S. at 898-901). District courts "need not specifically discuss the *Johnson* factors where [they have] applied the *Johnson* framework." *EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 473 (5th Cir. 2009).

### III. Analysis

In their Supplemental Brief, Ms. Washburne and Ms. Summers request an award of fees in the amount of $16,797 and costs in the amount $750.59, and Ms. Keliher requests an award of fees in the amount of $123,574.50 and costs in the amount $1620.02. The court first turns to the request for fees and costs filed by Ms. Washburne and Ms. Summers.

#### A. Ms. Washburne and Ms. Summers's Fee Request

Ms. Washburne and Ms. Summers assert that, for the time period of July 2019 through March 2020, counsel expended a total of 40.10 hours related to Mr. Hill III's unsuccessful appeal. These hours were billed through the work of two individuals employed by Hallett & Perrin, P.C. ("Hallett & Perrin"): Tom M. Dees, III ("Mr. Dees"), an attorney and shareholder, and Debra A.

**Memorandum Opinion and Order – Page 5**

Jones ("Ms. Jones"), a paralegal. *See* Doc. 1993-1 ¶ 12. Mr. Dees, in his Affidavit, summarizes the services, hours, and fees sought, including for "preparation for oral argument, oral argument, and evaluation [Mr. Hill III's] motion for rehearing and rehearing *en banc* and other legal services." *Id.* ¶ 15. Mr. Dees asserts that he "exercised billing judgment in good faith to exclude hours that are redundant, excessive, or otherwise unnecessary as reflected in the many invoices containing uncharged time entries marked as 'NO CHARGE' or as reduced time entries." *Id.* ¶ 9. The hours incurred—for which Ms. Washburne and Ms. Summers seek compensation—are 34.9 for Mr. Dees and 5.2 for Ms. Jones, at an hourly rate of $450 and $210, respectively, for a total of $16,797. *Id.* ¶ 12.

The court begins with determining what the reasonable hourly rates are for the attorney and paralegal who provided the services included in Ms. Washburne and Ms. Summers's request. As the fee applicants, Ms. Washburne and Ms. Summers bear the burden of demonstrating "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11. "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett*, 285 F.3d at 368 (citation omitted). "[T]rial courts are considered experts as to the reasonableness of attorney's fees[.]" *Primrose Operating Co. v. National Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (applying federal law); *Merge Off. Interiors, Inc. v. Alfa Adhesives, Inc.*, No. 3:19-CV-00336-M, 2020 WL 2115645, at *2 (N.D. Tex. May 3, 2020) (Lynn, C.J.) ("It is well-established that the Court may use its own expertise and judgment to independently assess the hourly rates charged for attorney's fees.") (citations omitted); *Hoffman v. L & M Arts*, No. 3:10-CV-0953-D, 2015 WL 3999171, at *2 (N.D. Tex. July 1, 2015) (Fitzwater, J.) (same).

**Memorandum Opinion and Order – Page 6**

Ms. Washburne and Ms. Summers assert that hourly rates of $450 for Mr. Dees and $210 for Ms. Jones are reasonable, and they provide support through Mr. Dees's Affidavit and exhibits to his Affidavit, which attest to the qualifications and experience of the two individuals. *See* Doc. 1993-1 ¶¶ 9, 20, 23; *id.* at Ex. A-12 (Biographical Statement of Mr. Dees) and at Ex. A-13 (Biographical Statement of Ms. Jones). Mr. Dees certifies that the requested rates are commensurate with similar services by lawyers and paralegals of reasonably comparable skill, experience, and reputation in the Dallas area. *Id.* ¶¶ 20, 23.

The court concludes that the hourly rate of $450 that Ms. Washburne and Ms. Summers request for Mr. Dees's services is reasonable and that the hourly rate of $210 they request for Ms. Jones's paralegal services is reasonable. As previously explained, Mr. Hill III has waived his right to contest the reasonableness of those rates. *See supra* note 4.

Mr. Dees is an attorney and shareholder at Hallet & Perrin with more than 19 years' experience as of 2020. *See* Doc. 1993-1 at Ex. A-12. Ms. Jones is a paralegal at Hallet & Perrin with more than 30 years' experience as of 2020. *Id.* at Ex. A-13. The court is familiar with the prevailing market rates in the Dallas legal market for attorneys and paralegals with the skill, experience, and reputation of Ms. Washburne's and Ms. Summers's counsel and paralegal. Based on the court's knowledge of rates charged for legal services by attorneys with the level of skill, experience, and reputation as Ms. Washburne's and Ms. Summers's counsel and paralegal in the Dallas legal community, and its experience in setting attorney's fees in numerous other cases, and based on the certifications in Mr. Dees's Affidavit, the court determines that the hourly rates asserted are reasonable. Further, because Mr. Hill III waived his right to object to the hourly rate, the court may accept counsel's affidavit on the reasonable hourly rates. *See Tollett*, 285 F.3d at

**Memorandum Opinion and Order – Page 7**

369 (accepting counsel's affidavit on the reasonable hourly rate because the rate was "not contested").

Having determined that the hourly rates for Ms. Washburne's and Ms. Summers's attorney and paralegal are reasonable, the court next considers the time expended. Mr. Dees has provided the court with detailed time records as evidence. *See* Doc. 1993-1 ¶ 12 and Exs. A-2 through A-10 (invoices). He certifies that the hours expended on the case were reasonable and necessary. *Id.* ¶ 18. Mr. Dees asserts that he "exercised billing judgment in good faith to exclude hours that are redundant, excessive, or otherwise unnecessary as reflected in the many invoices containing uncharged time entries marked as 'NO CHARGE' or as reduced time entries." *Id.* ¶ 9. Based on its review of the invoices and Mr. Dees's Affidavit, the court concludes that the hours expended on the case were not excessive, duplicative, unnecessary, or inadequately documented.

The court finds that the number of hours spent multiplied by the reasonable hourly rate yields a lodestar of $16,797. The court concludes that each *Johnson* factor permissibly considered is either subsumed within the lodestar calculation or is not sufficiently pertinent to the facts of the case to warrant discussion.

In addition, the court finds that Ms. Washburne and Ms. Summers have introduced sufficient evidence of costs in the amount of $750.59 and that this amount is reasonable. *See* Doc. 1993-1 ¶ 13 and Exs. A-2 through A-10 (invoices).

For these reasons, based on the lodestar amount and the relevant *Johnson* factors, the court will award Ms. Washburne and Ms. Summers attorney's fees in the amount of $16,797 and costs in the amount $750.59.

### B. Ms. Keliher's Fee Request

Ms. Keliher asserts that, for the time period of April 2019 through March 2020, counsel expended a total of 159.05 hours related to Mr. Hill III's unsuccessful appeal. These hours were billed through the work of three individuals employed by Locke Lord, LLP ("Locke Lord"): W. Scott Hastings ("Mr. Hastings"), an attorney and shareholder; Thomas G. Yoxall ("Mr. Yoxall"), an attorney and shareholder; and Elizabeth Duffy ("Ms. Duffy"), senior counsel. *See* Doc. 1993-2 ¶ 12. Mr. Yoxall summarizes the services, hours, and fees sought related to litigation in the Fifth Circuit, including "preparation for oral argument, oral argument, and evaluation [Mr. Hill III's] motion for rehearing and rehearing *en banc*." *Id.* ¶ 5. The hours incurred—for which Ms. Keliher seeks compensation—are 111.05 for Mr. Hastings, 10 for Mr. Yoxall, and 38 for Ms. Duffy, at an hourly rate of $790 - $820, $800 - $830, and $730, respectively, for a total of $123,574.50. *Id.* ¶ 10.

Ms. Keliher asserts that hourly rates of 790 - $820 for Mr. Hastings, $800 - $830 for Mr. Yoxall, and $730 for Ms. Duffy, are reasonable, and provides support through Mr. Yoxall's Declaration and exhibits to his Declaration, which attest to the qualifications and experience of the three individuals. *See* Doc. 1993-2 ¶ 18; *id.* at Ex. B-9 (Biographical Statement of Mr. Yoxall), Ex. B-10 (Biographical Statement of Mr. Hastings), and B-11 (Biographical Statement of Ms. Duffy). Mr. Yoxall certifies that the requested rates are commensurate with similar services by lawyers of reasonably comparable skill, experience, and reputation in the Dallas community. *Id.* ¶¶ 16, 18.

On April 14, 2022, the court issued an order requiring Ms. Keliher and her counsel "to submit additional evidence of the reasonableness of the hourly rates sought" related to Mr. Hill III's unsuccessful appeal. *See* Order 2, Doc. 2011. On April 20, 2022, in response to the court's

Order, Ms. Keliher filed her Supplemental Brief in Support of Request for Attorney's Fees ("Second Supplemental Brief"). *See* Doc. 2012. In her Second Supplemental Brief, Ms. Keliher submits evidence that attorneys in the Dallas legal community at Foley & Lardner, L.L.P.—with reasonably comparable skill, experience, and reputation as her attorneys at Locke Lord—charge hourly rates that are comparable to those sought by her attorneys in this matter. *See* Second Supplemental Brief and Exs. 4-5, Docs. 2012-4 and 2012-5.[5] In addition, Ms. Keliher and her attorneys request that the court take judicial notice of the attorney's fees request in Civil Action No. 3:20-CV-3634-L, *Albert G. Hill, III v. The Estate of Albert G. Hill, Jr. et al.* (the "3634 Action"), pending before this court. Lyda Hill's submission in the 3634 Action, of which the court takes judicial notice, includes declarations from attorneys at Haynes & Boone, LLP ("Haynes & Boone") and Winston & Strawn, LLP ("Winston & Strawn") in Dallas. The rates charged at Haynes & Boone and Winston & Strawn are rates charged at comparable firms to Locke Lord, and include the following information:

> a. Carrie Huff explained she has been licensed to practice law since 1988. Her standard rate at Haynes & Boone is $900 per hour. Her colleague, Ryan Paulsen, who has been licensed since 2007, has a standard rate of $720 per hour. *See* Doc. 42 at 27 in the 3634 Action.
>
> b. Grant Schmidt at Winston & Strawn explained that his standard rate in 2021 was $860 per hour, which has since been raised to $935 per hour. His biography explains that he is a 2013 law school graduate from the University of Texas. *See* Doc. 42 at 6, 12 in the 3634 Action.

In determining a reasonable hourly rate, a court looks at several factors: affidavits from counsel of record; "affidavits from other attorneys in the community showing the prevailing

---

[5] The remaining exhibits attached to Keliher's Second Supplemental Brief are unhelpful to the court, as the exhibits relate to attorney's fees requested by counsel in the United States District Court for the Western District of Texas (Waco Division). As previously stated, the "relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Tollett*, 285 F.3d at 368 (citation omitted).

**Memorandum Opinion and Order – Page 10**

market rates in the community," *see Tollett*, 285 F.3d at 368 (citation omitted); and amounts awarded by other courts. *See Johnson*, 488 F.2d at 718. While Ms. Keliher has provided affidavits by counsel of record and affidavits by other counsel with reasonably comparable skill, experience, and reputation as her attorneys, she has not provided any evidence of amounts awarded by other courts in similarly complex cases with attorneys of reasonably comparable skill, experience, and reputation as her attorneys. *That a particular hourly rate has been requested does not necessarily enlighten the court as to what the prevailing market rate is for attorneys with reasonably comparable skill, experience, and reputation as Ms. Keliher's attorneys.*

In any event, based on the evidence before the court, and given the passage of time of approximately two years since Ms. Keliher filed her Supplemental Brief requesting fees and costs, to account for delay and in lieu of interest that will have accrued, it concludes that the hourly rates that Ms. Keliher requests of 790 - $820 for Mr. Hastings, $800 - $830 for Mr. Yoxall, and $730 for Ms. Duffy, are reasonable hourly rates. Mr. Yoxall is an attorney and shareholder at Locke Lord with more than 28 years' experience as of 2020. *See* Doc. 1993-2 at Ex. B-9. Mr. Hastings is an attorney and shareholder at Locke Lord with more than 23 years' experience as of 2020. *Id.* at Ex. B-10.  Ms. Duffy is senior counsel with Locke Lord with more than 15 years' experience as of 2020. *Id.* at Ex. B-10. The submissions in the 3634 Action, of which the court takes judicial notice, aids the court in assessing the reasonableness of the fees that Locke Lord has charged to Keliher for their work in this case. Mr. Yoxall is comparable in age and experience to Ms. Huff. Mr. Hastings is senior to Mr. Paulsen in both age and experience. All three Locke Lord attorneys who were included in Ms. Keliher's fee request are senior to Mr. Schmidt. The court agrees with Keliher that these declarations are some evidence that Locke Lord's rates are comparable to what other similar firms are charging for legal work in the Northern District of Texas. *See* Second Supp.

**Memorandum Opinion and Order – Page 11**

Brief ¶ 1, Doc. 2012. In addition, Ms. Keliher has provided the court with evidence that Paul Storm, a partner at Foley & Larder LLP, who has twenty-five years of experience, charged a rate of $810, and sought recovery of fees based on this hourly rate in the United States Bankruptcy Court for the Northern District of Texas (Fort Worth Division). *See* Second Supp. Brief ¶ 5 and Ex. 5, Docs. 2012 and 2012-5. The court notes that prevailing market rates in the Fort Worth legal market are generally lower than in the Dallas legal market.

In addition, the court is familiar with the prevailing market rates in the Dallas legal market for attorneys with the skill, experience, and reputation of Ms. Keliher's counsel. Based on the court's knowledge of rates charged for legal services by attorneys with the level of skill, experience, and reputation of Ms. Keliher's counsel in the Dallas legal community, and its experience in setting attorney's fees in numerous other cases, and taking into account the passage of almost two years since Ms. Keliher filed her Supplemental Brief requesting fees and costs incurred as a result of Hill III's unsuccessful appeal, the court determines that the hourly rates asserted are reasonable. Further, because Mr. Hill III waived his right to object to the hourly rate, the court may accept counsel's affidavit on the reasonable hourly rates. *See Tollett*, 285 F.3d at 369.

Having determined that the hourly rates for Ms. Keliher's attorneys are reasonable, in part because of the passage of time since she filed her Supplemental Brief, the court next considers the time expended. To calculate the reasonable number of hours expended, the court must determine whether the total hours claimed are reasonable and whether the particular hours claimed were reasonably expended. *League of United Latin Am. Citizens*, 119 F.3d at 1232 (citations omitted). As previously noted, the applicant bears the burden of establishing a reasonable number of hours expended and proving that billing judgment was exercised. *Saizan*, 448 F.3d at 799. "Billing

**Memorandum Opinion and Order – Page 12**

judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Id.*

Mr. Yoxall certifies that the hours expended on the case were reasonable and necessary. *See* Doc. 1993-2 ¶¶ 11-19. Mr. Yoxall has provided the court with detailed time records as evidence. *See id.* ¶ 8 and Exs. B-1 through B-8 (invoices). Mr. Yoxall fails to provide any evidence, however, that billing judgment was exercised by counsel at Locke Lord. There is no evidence presented from which the court is able to conclude that the amount of fees requested takes into account hours written off as "unproductive, excessive, or redundant." *See Saizan*, 448 F.3d at 799; *see also Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996) (noting burden is on plaintiff to show he exercised billing judgment and reducing fees by 15% for failure to show exercise of billing judgment).

Locke Lord's billing records show that the legal team expended 159.04 hours of billable work, but do not record any non-billable hours or write off any hours during the litigation. *See* Doc. 1993-2 ¶ 9 and Exs. B1 through B-8 (invoices). The Fifth Circuit has ruled that a district court may reduce an award based on the moving party's failure to "indicat[e] time written off as excessive or unproductive" in their records. *See Saizan*, 448 F.3d at 800; *see also Walker*, 99 F.3d at 769 n.9 ("Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but also hours written off.") (citation and internal quotation marks omitted). If there is no evidence of billing judgment, the court may reduce "the hours awarded by a percentage intended to substitute for the exercise of billing judgment." *Walker v. City of Mesquite, Texas*, 313 F.3d 246, 251 (5th Cir. 2002) (citation omitted). The court finds that the absence of reductions or documentation of hours written off as excessive or unproductive during the litigation indicates a lack of billing judgment. Under these circumstances, the court imposes a 13% reduction based on

**Memorandum Opinion and Order – Page 13**

this deficiency. The court believes this amount is reasonable and will not entertain motions for reconsideration. *See, e.g., Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 258, 262 (5th Cir. 2018) (affirming reduction in fee award by 20% for failure to show exercise of billing judgment); *Walker*, 99 F.3d at 770 (affirming reduction in fee award by 15% for failure to show exercise of billing judgment); *Leroy v. City of Houston*, 831 F.2d 576, 586 and n.16 (5th Cir. 1987) (affirming reduction in fee award by 13% for failure to show exercise of billing judgment); *Wright v. Blythe-Nelson*, No. CIV. A. 3:99-CV-2522-D, 2004 WL 2870082, at *6 (N.D. Tex. Dec. 13, 2004) (reducing fee award by 20% for failure to show exercise of billing judgment) (Fitzwater, J.).

In summary, the court finds that the number of hours spent multiplied by the reasonable hourly rate yields a lodestar of $123,574.50. The court concludes that each *Johnson* factor permissibly considered is either subsumed within the lodestar calculation or is not sufficiently pertinent to the facts of the case to warrant discussion. The court reduces the fee award by 13% for failure to show that billing judgment was exercised.

In addition, the court finds that Ms. Keliher has introduced sufficient evidence of costs in the amount of $1620.02. *See* Doc. 1993-2 ¶ 9 and Exs. B-1 through B-8 (invoices).

For these reasons, based on the lodestar amount and the relevant *Johnson* factors, the court will award Ms. Keliher attorney's fees in the amount of $107,509.82 (which is $123,574.50 minus 13%) and costs in the amount $1620.02.

## IV. Conclusion

Based on the foregoing, the court **grants** the Sisters' request for attorney's fees and costs for the time period from July 2019 through March 2020 related to Mr. Hill III's unsuccessful appeal in the Fifth Circuit, as requested in their Supplemental Brief (Doc. 1993). The court **awards** Ms. Washburne and Ms. Summers attorney's fees in the amount of $16,797 and costs in the amount

$750.59. The court awards Ms. Keliher attorney's fees in the amount of $107,509.82 (which is $123,574.50 minus 13% for failure to demonstrate the exercise of billing judgment) and costs in the amount $1620.02. The court **directs** Mr. Hill III to pay Ms. Washburne and Ms. Summers, on the one hand, and Ms. Keliher, on the other hand, these amounts within thirty days of the date this memorandum opinion and order is filed.

**It is so ordered** this 3rd day of May, 2022.

Sam A. Lindsay
United States District Judge