IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT G. HILL III, | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-02020-L |
| | § | |
| WILLIAM SCHILLING, *et al.,* | § | |
|    *Defendants.* | § | |

**CAROLINE M. HILL'S RESPONSE IN OPPOSITION
TO MOVANTS' MOTION FOR LEAVE TO FILE MOTION TO ENFORCE FINAL
JUDGMENT AND SETTLEMENT AGREEMENT AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND
PERMANENT INJUNCTION, AND SUPPORTING BRIEF**

Caroline M. Hill ("**Ms. Hill**") files this response in opposition to Movants' Motion for

Leave To File Motion to Enforce Final Judgment and Settlement Agreement and Application for

Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction, as follows:

**I.    PRELIMINARY STATEMENT**

Movants ask this Court to expand its jurisdiction to reach a trust that was never before it.[1]

The Lyda Hunt–Margaret Trust ("**Lyda Trust**")—the sole subject of Ms. Hill's pending claims in

the *Probate Court No. 2 of Dallas County, Texas* (the "**State Probate Case**")—was never part of

this case, the 2010 Settlement Agreement ("**Settlement Agreement**"), or the Final Judgment

("**Final Judgment**").

By their Motion for Leave, Movants seek permission to file a motion to enforce that

Settlement Agreement and Final Judgment and to enjoin Ms. Hill from pursuing her claims in the

---

[1] Citations to "App." refer to Movants' Appendix; citations to "Hill App." refer to Ms. Hill's Appendix.

CAROLINE M. HILL'S RESPONSE OPPOSITION TO MOVANTS' MOTION FOR LEAVE TO FILE MOTION
TO ENFORCE FINAL JUDGMENT AND SETTLEMENT AGREEMENT AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION
AND SUPPORTING BRIEF

State Probate Case. Because the Lyda Trust was never within this Court's jurisdiction—and is governed solely by the Will and Texas law—the Motion For Leave should be ***denied***.

Indeed, the Court has squarely stated: "[a]s a threshold matter, the court notes that the Settlement Agreement and Final Judgment only modified the Margaret Hunt Trust Estate ("**MHTE**") and the Haroldson L. Hunt, Jr. Trust Estate ("**HHTE**"). With respect to any Hunt/Hill family trusts other than the MHTE and HHTE, therefore, this court does not have continuing jurisdiction, and issues pertaining to those family trusts are not properly before this court."[2]

If the Court does grant leave, Ms. Hill will respond to the proposed Motion to Enforce under the local rules and demonstrate that: (1) the Court lacks jurisdiction to hear it; (2) no retained jurisdiction exists to apply the Settlement Agreement or Final Judgment to the Lyda Trust; (3) abstention is warranted; and (4) Movants have not shown entitlement to injunctive relief.

## II.    STATEMENT OF FACTS

*Albert G. Hill III* commenced this action solely under federal question jurisdiction, based on alleged violations of the Racketeering and Corrupt Organizations Act ("**RICO**"), 28 U.S.C. § 1331. The Settlement Agreement and Final Judgment concerned only two trusts—MHTE and HHTE—and arose from Hill III's challenges to their partition and administration.[3]

The Settlement Agreement and the Final Judgment included Waiver of Standing clauses and retention of jurisdiction clauses;[4] however, the parties only agreed to "waive standing to assert a claim or cause of action ***relating to the trusts at issue in this case.***"[5] Ms. Hill was three years

---

[2] *See* Hill App. at 0111.
[3] *See* Hill App. at 0005 and 0041.
[4] *See* Hill App. at 0021 and 0075-76.
[5] *See* Hill App. at 0124.

CAROLINE M. HILL'S RESPONSE OPPOSITION TO MOVANTS' MOTION FOR LEAVE TO FILE MOTION TO ENFORCE FINAL JUDGMENT AND SETTLEMENT AGREEMENT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION AND SUPPORTING BRIEF

Page **2** of 8

old at the time this action was commenced, and five years old when the Settlement Agreement and Final Judgment were entered on the docket in 2010.

The Lyda Trust—which is the focus of Ms. Hill's State Probate Case—was never part of this federal litigation.[6] It was created decades earlier under the 1954 Last Will and Testament of Lyda Bunker Hunt, probated in Dallas County in 1955. Under that Will,[7] a separate trust was established for each of Ms. Hunt's children, including Margaret Hunt Hill and her descendants, such as Ms. Hill.

On December 2, 2017, Ms. Hill's grandfather, Al Hill, Jr. died.[8] Ms. Hill then became a present beneficiary of the Lyda Trust. On December 28, 2016, however, the trustees of the Lyda Trust executed a "Record of Trust Termination," dissolving the Lyda Trust one year before Hill Jr. died.[9] Ms. Hill, his granddaughter, was at all times a contingent beneficiary of the Lyda Trust; she never became a current beneficiary before termination of the Lyda Trust.[10]

On September 5, 2025, Ms. Hill commenced the State Probate Case seeking an accounting and alleging breaches of fiduciary duties that occurred between 2014 and 2016 in connection with the Lyda Trust.[11] Her claims arise solely under the Will and the Lyda Trust.

### III.  ARGUMENT AND AUTHORITIES

The Motion For Leave should be denied as futile. Federal courts routinely deny leave where the proposed motion fails as a matter of law. That principle applies with special force here, where

---

[6] *See* Hill App. at 0005 and 0041.
[7] *See* Hill App. at 0085 - 0097.
[8] *See* App. at 019.
[9] *See* App. at 026.
[10] *See* App. at 024.
[11] *See* App. At 019.

CAROLINE M. HILL'S RESPONSE OPPOSITION TO MOVANTS' MOTION FOR LEAVE TO FILE MOTION TO ENFORCE FINAL JUDGMENT AND SETTLEMENT AGREEMENT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION AND SUPPORTING BRIEF

this Court has already refused attempts to treat the Settlement Agreement and Final Judgment as covering all "Hunt/Hill trusts," determining that its jurisdiction is limited to enforcing the settlement as to the MHTE and HHTE.[12] As previously stated, the Court "notes that the Settlement Agreement and Final Judgment only modified the MHTE and HHTE. With respect to any Hunt/Hill family trusts other than the MHTE and HHTE, therefore, this court does not have continuing jurisdiction, and issues pertaining to those family trusts are not properly before this court."[13] Granting the Motion For Leave would waste judicial resources, burden the Court with unnecessary proceedings, and invite duplicative litigation, which is precisely the kind of futile exercise that courts seek to prevent at the threshold. Thus, Movants' Motion For Leave should be *denied*.

If the Motion For Leave is granted, Ms. Hill will file a response to Movants' Motion To Enforce pursuant to the local rules demonstrating that the Motion To Enforce has no merit. Movants' entire theory rests on the Waiver of Standing clause in the Settlement Agreement and the Final Judgment,[14] but that waiver provision was never a sweeping surrender of rights to challenge fiduciary misconduct in connection with trusts unrelated to the MHTE and HHTE. The Final Judgment implemented the partition of the MHTE and HHTE and incorporated the MHTE and HHTE terms of the Settlement Agreement, but nothing in that judgment extended to testamentary trusts created decades earlier under Lyda Bunker Hunt's Will, such as the Lyda Trust.

---

[12] *See* Hill App. at 0111.
[13] *See* Hill App. at 0111.
[14] *See* Hill App. at 0021 and 0075-76.

CAROLINE M. HILL'S RESPONSE OPPOSITION TO MOVANTS' MOTION FOR LEAVE TO FILE MOTION TO ENFORCE FINAL JUDGMENT AND SETTLEMENT AGREEMENT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION AND SUPPORTING BRIEF

Movants contend that because the Lyda Trust was for the primary benefit of a descendant of Margaret Hunt Hill, it is subject to the waiver based on the language of section 5(b) of the Settlement and section 28 of the Final Judgment. However, that is not how the waiver provision has ever been interpreted.  In addition, the Court expressly declined to expand its jurisdiction beyond the MHTE and HHTE, foreclosing Movants' broad-enforcement theory.[15]   The waiver cannot be divorced from its defined scope.

Caroline Hill's State Probate Case seeks an accounting and alleges breaches of fiduciary duties between 2014 and 2016.[16] Texas law imposes fiduciary obligations on trustees to all beneficiaries, including contingent beneficiaries, and provides remedies for breaches of those duties. Movants cannot transform a decade-old federal settlement into a license to disregard those obligations.  Furthermore, the waiver provision cannot be read so broadly as to immunize Hill Jr. (and his executor) and the trustees of the Lyda Trust from reasonable inquiry into the legitimacy of their conduct.[17]

The relief Movants seek would not be enforcement of a settlement at all; instead, it would be expansion of that settlement to cover trusts and claims that the parties never intended to include. That is an impermissible use of this Court's powers. Enforcement means holding parties to the terms they agreed to, not enlarging those terms to include issues not addressed in this action.

---

[15] *See* Hill App. at 0111.
[16] *See* App. at 019.
[17] *See* Hill App. at 0115.

CAROLINE M. HILL'S RESPONSE OPPOSITION TO MOVANTS' MOTION FOR LEAVE TO FILE MOTION TO ENFORCE FINAL JUDGMENT AND SETTLEMENT AGREEMENT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION AND SUPPORTING BRIEF

## IV.    CONCLUSION AND REQUEST FOR RELIEF

For all the foregoing reasons, Caroline M. Hill respectfully requests that the Court deny Movants' Motion For Leave.  In the alternative, if the Court decides to grant the Motion For Leave, the Court should deny the Motion To Enforce once Ms. Hill has the opportunity to respond to it. In addition, the Court should grant Ms. Hill all other appropriate relief.

CAROLINE M. HILL'S RESPONSE OPPOSITION TO MOVANTS' MOTION FOR LEAVE TO FILE MOTION TO ENFORCE FINAL JUDGMENT AND SETTLEMENT AGREEMENT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION AND SUPPORTING BRIEF

Page **6** of **8**

Dated: October 20, 2025                    Respectfully submitted,

                                           **BREWER, ATTORNEYS & COUNSELORS**

                                           By: */s/ Joshua H. Harris*
                                           Joshua H. Harris
                                           State Bar No. 24127306
                                           jkh@brewerattorneys.com
                                           William A. Brewer III
                                           State Bar No. 02967035
                                           wab@brewerattorneys.com
                                           Polina M. DeClue
                                           State Bar No. 24142831
                                           pmd@brewerattorneys.com

                                           1717 Main Street, Suite 5900
                                           Dallas, Texas 75201
                                           Telephone: (214) 653-4000
                                           Facsimile: (214) 653-1015

                                           **ATTORNEYS FOR CAROLINE M. HILL**

CAROLINE M. HILL'S RESPONSE OPPOSITION TO MOVANTS' MOTION FOR LEAVE TO FILE MOTION TO ENFORCE FINAL JUDGMENT AND SETTLEMENT AGREEMENT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION AND SUPPORTING BRIEF

Page **7** of **8**

## CERTIFICATE OF SERVICE

This is to certify that on October 20, 2025, a true and correct copy of the foregoing was served upon all counsel of record in the above-captioned cause.

G. MICHAEL GRUBER
Texas State Bar No. 08555400
Mike.gruber@gtlaw.com
BRIAN E. MASON
State Bar No. 24079906
Brian.mason@gtlaw.com
**GREENBERG TRAURIG, LLP**
2200 Ross Ave
Suite 5200
Dallas, Texas 75201
Telephone:  214.665.3600
Facsimile:   214.665.3601
**ATTORNEY FOR MOVANT MARGARET KELIHER (AS INDEPENDENT EXECUTOR OF THE ESTATE OF ALBERT G. HILL, JR., DECEASED, FORMER SOLE BENEFICIARY)**

MICHAEL J. LANG
State Bar No. 24036944
mlang@cwl.law
**CRAWFORD, WISHNEW & LANG PLLC**
1700 Pacific Avenue,
Suite 2390
Dallas, Texas
Telephone: 214.817.4500
Facsimile:  214.817-4509
**ATTORNEY FOR MOVANT CAROL IRWIN (AS INDEPENDENT EXECUTOR OF THE ESTATE OF IVAN IRWIN, JR., DECEASED)(AS FORMER CO-TRUSTEES OF THE LYDA HUNT-MARGARET TRUSTS F/B/O ALBERT G. HILL, JR. )**

By: */s/ Joshua H. Harris*
Joshua H. Harris

CAROLINE M. HILL'S RESPONSE OPPOSITION TO MOVANTS' MOTION FOR LEAVE TO FILE MOTION TO ENFORCE FINAL JUDGMENT AND SETTLEMENT AGREEMENT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION AND SUPPORTING BRIEF